1  **Paul E. Rice/Bar No. 062509**
   **RICE & BRONITSKY**
2  350 Cambridge Avenue, Suite 225
   Palo Alto, CA 94306
3  Telephone:    650/289-9088
   Facsimile:    650/289-9093
4  price@civlit.com

5  Attorneys for Plaintiff
   B&O Manufacturing, Inc.
6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **NORTHERN DISTRICT OF CALIFORNIA**

10                   **SAN FRANCISCO/OAKLAND DIVISION**

11

12 | **B&O MANUFACTURING, INC.,** | Case No.: C 07-02864 JSW |
13 |     Plaintiff, | **FIRST AMENDED COMPLAINT FOR BREACH OF CONTRACT, RESCISSION, AND RESTITUTION** |
14 | v. | |
   | **HOME DEPOT U.S.A., INC.,** | |
15 | | |
16 |     Defendant. | **DEMAND FOR TRIAL BY JURY** |

17 **COMES NOW** Plaintiff, and demanding trial by jury, alleges as follows:

18                            **GENERAL ALLEGATIONS**

19   1.   Plaintiff, B&O Manufacturing, Inc. ("B&O"), is a California corporation, whose principal

20 place of business is South San Francisco, California.

21   2.   Defendant, Home Depot, U.S.A., Inc. ("HD"), is a Delaware corporation, whose principal

22 place of business is Atlanta, Georgia.

23                                  **JURISDICTION**

24   3.   The Court has jurisdiction of this Complaint, pursuant to 28 USC 1332, as the parties are

25 citizens of different states and the amount in controversy exceeds $75,000.

26   4.   Further, pursuant to a contract entered into by B&O and HD on or about April 5, 2005, the

27 parties agreed that any litigation arising out of said contract, which this lawsuit does, shall be brought

28 only in the United Stated District Court for the Northern District of California.  A true and correct

1  copy of said contract, sans attachments, is attached hereto as Exhibit 1.  Plaintiff has not attached said
2  attachments as, inter alia, they contain pricing information that B&O believes HD may consider to be
3  confidential.

**VENUE**

5.  Venue is proper in the Northern District of California under 28 USC 1391(a), in that a substantial part of the events or omissions giving rise to the claim occurred in said District.

**FIRST CLAIM FOR RELIEF (BREACH OF CONTRACT)**

6.  Pursuant to Exhibit 1, Section 1.a., HD agreed to purchase from B&O, not later than May 15, 2005, 72,000 split curtain safety netting systems.

7.  HD has breached said contract by purchasing substantially less than 72,000 split curtain safety netting systems by May 15, 2005, all to Plaintiff's damage, according to proof.

8.  Pursuant to Exhibit 1, Section 1.e., HD agreed to purchase all orange netting then owned by B&O at specified prices.

9.  HD has further breached said contract by failing to purchase all orange netting then owned by B&O at specified prices, all to Plaintiff's damage, according to proof.

10. Pursuant to Exhibit 1, Section 1.c., HD was obligated to advise B&O of the identity of suppliers of safety netting products similar to Plaintiff's safety netting products, located in the State of California, and of the location of the stores in which said similar products were located.

11. HD has further breached said contract by failing to so advise B&O, all to Plaintiff's damage, according to proof.

12. Plaintiff has at all times been in compliance with its obligations under said contract.

**WHEREFORE,** Plaintiff prays judgment as follows:

**SECOND CLAIM FOR RELIEF (BREACH OF CONTRACT)**

13. Plaintiff incorporates by reference, as though set forth in full, paragraphs 6 through 12 above.

14. For approximately the past thirteen years, Defendant has been, cumulatively, by far, Plaintiff's biggest customer.

15. On or about January 31, 2006, while B&O's president was at HD's facilities, HD required B&O, without allowing B&O the opportunity to consult with legal counsel, to immediately prepare

and sign, on Plaintiff's letterhead, a letter agreement regarding a commitment to pay to HD sums not actually owing to it, a true and correct copy of which is attached hereto as Exhibit 2, and which letter agreement served to modify Exhibit 1.

16. HD promised that if B&O executed said document, B&O would continue to receive purchase orders for substantial quantities of product from Defendant, and that if it did not, B&O would no longer receive purchase orders for substantial quantities of product.

17. Exhibit 2, by virtue of a margin notation, indicates that Exhibit 2 was approved by HD's legal department.

18. On information and belief, HD's legal department participated in the process of coercing Plaintiff into executing said Exhibit 2, based upon the threat that if Plaintiff did not execute said document, Defendant would abruptly cease all future business dealing with Plaintiff.

19. Although B&O had no direct discussions with HD's legal department, on information and belief, the persons acting on behalf of HD concerning the execution of Exhibit 2 acted as agents of HD's legal department in communicating with B&O. HD and its legal department were well aware that B&O was represented by counsel with respect to the negotiation and execution of Exhibit 1 and all payments related thereto based, inter alia, on the participation by Plaintiff's counsel in drafting Exhibit 1, and further, by the fact that Plaintiff's counsel traveled to Defendant's headquarters in Atlanta, Georgia, for a meeting that ultimately resulted in the execution of Exhibit 1.

20. This indirect contact with B&O by HD's legal department under the facts and circumstances surrounding the execution of Exhibit 2 was a violation of well established rules of professional conduct prohibiting direct or indirect communication with a party known to be represented by another lawyer, absent the consent of the other lawyer. Such conduct is prohibited, for example, by California Rules of Professional Conduct, Rule 2-100; State Bar of Georgia Rules of Professional Conduct, Rule 4-2; and the American Bar Association Model Rules of Professional Conduct, Rule 4.2.

21. Despite its representation to Plaintiff that if it were to execute Exhibit 2, Defendant would continue to order substantial quantities of product from Plaintiff, which B&O justifiably relied upon,

RICE & BRONITSKY
350 Cambridge Avenue, Suite 225
Palo Alto, CA 94306
650/289-9088

3

FIRST AMENDED COMPLAINT

1  Defendant has failed to provide substantial purchase orders to Plaintiff, all to Plaintiff's damage, in an
2  amount to be determined according to proof.
3  **WHEREFORE,** Plaintiff prays judgment as follows:
4  **THIRD CLAIM FOR RELIEF (RESCISSION AND RESTITUTION)**
5     22.  Plaintiff incorporates by reference, as though set forth in full, paragraphs 6 through 12 and
6  14 through 21, above.
7     23.  By virtue of the duress, and/or fraud, and/or undue influence and/or the violation of rules of
8  professional conduct referenced above, Plaintiff is entitled to a rescission of any contractual
9  obligations that might otherwise exist pursuant to Exhibit 2, and to restitution of all amounts paid by
10 it to HD thereunder.
11 **WHEREFORE,** Plaintiff prays judgment as follows:
12    1.  For damages according to proof;
13    2.  For interest;
14    3.  For Rescission of Exhibit 2, and Restitution by Defendant to Plaintiff of all sums paid
15 thereunder;
16    4.  For attorneys' fees;
17    5.  For costs of suit; and
18    6.  For such other and further relief as the Court may deem proper.
19
20 **Demand for Jury Trial**
21
22 Dated: July 11, 2007
23                                          **RICE & BRONITSKY**
24
25                               By:  __/s/_____
26                                    Paul E. Rice
27                                 Attorneys for Plaintiff
28                                B&O Manufacturing, Inc.

*RICE & BRONITSKY*
350 Cambridge Avenue, Suite 225
Palo Alto, CA 94306
650/289-9088

FIRST AMENDED COMPLAINT