1 │ SEDGWICK, DETERT, MORAN & ARNOLD LLP
    STEVEN ROLAND (Bar No. 108097)
2 │ AMBER RYE BRUMFIEL (Bar No. 215181)
    One Market Plaza
3 │ Steuart Tower, 8th Floor
    San Francisco, California 94105
4 │ Telephone: (415) 781-7900
    Facsimile: (415) 781-2635
5 │
    BONDURANT, MIXSON & ELMORE, LLP
6 │ RONAN P. DOHERTY (*Pro Hac Vice*)
    CHRISTOPHER T. GIOVINAZZO (*Pro Hac Vice*)
7 │ 3900 One Atlantic Center
    1201 West Peachtree Street NW, Suite 3900
8 │ Atlanta, Georgia 30309
    Telephone: (404) 881-4100
9 │ Facsimile: (404) 881-4111

10 │
    Attorneys for Defendant
11 │ HOME DEPOT U.S.A., INC.

12 │

13 │                 UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF CALIFORNIA
14 │                 SAN FRANCISCO DIVISION

15 │

16 │

17 │ B&O MANUFACTURING, INC.,          │ CASE NO. C07 02864 JSW

18 │         Plaintiff,                │ **DEFENDANT'S NOTICE OF MOTION
                                       │ AND MOTION TO DISMISS COUNTS
19 │      v.                           │ TWO AND THREE OF PLAINTIFF'S
                                       │ FIRST AMENDED COMPLAINT;
20 │ HOME DEPOT U.S.A., INC.,          │ MEMORANDUM OF POINTS AND
                                       │ AUTHORITIES IN SUPPORT OF
21 │         Defendant.               │ THEREOF**

22 │

23 │

24 │

25 │

26 │

27 │

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP
28 │

1

# TABLE OF CONTENTS

2

**PAGE**

3    NOTICE OF MOTION AND MOTION TO DISMISS ....................................................................1

4    SUMMARY OF ARGUMENT.............................................................................................................1

5    I.    INTRODUCTION ....................................................................................................................2

6    II.   COUNT TWO SHOULD BE DISMISSED BECAUSE B&O FAILS TO
7          ALLEGE THE EXISTENCE OF AN ENFORCEABLE PROMISE TO
          PURCHASE GOODS...............................................................................................................3

8          A.   An Oral Promise to Purchase Goods Is Unenforceable ............................................4

9          B.   Home Depot's Alleged Promise Is Unenforceably Vague .......................................5

10   III.  COUNT THREE FAILS TO STATE A CLAIM FOR RESCISSION OR
          RESTITUTION AND B&O HAS WAIVED ANY RIGHT TO RESCISSION ................6
11
          A.   Count Three Fails to Allege Facts Warranting Relief Under Any of the
12             Legal Theories Identified in the Complaint.............................................................6

13              1.   The Complaint Fails to Allege Duress or Undue Influence.........................7

14              2.   The Alleged Professional Misconduct by Home Depot's
                    Lawyers Is Facially Implausible and Does Not Give Rise to a
15                  Legal Claim by B&O .................................................................................8

16              3.   The Complaint Fails to Plead Fraud With Particularity ............................10

17         B.   B&O Has Waived Any Right to Rescission .............................................................11

18              1.   B&O Has Waived Any Claims of Duress of Undue Influence..................12

19              2.   B&O Has Waived Any Claims of Fraud ...................................................12

20   IV.   CONCLUSION.......................................................................................................................14

21

22

23

24

25

26

27

SEDGWICK
DETERT, MORAN & ARNOLD LLP 28

SF/1429336v1

SF/1429336v1

1

## TABLE OF AUTHORITIES

2

**PAGE**

3

### FEDERAL CASES

4

*Bell Atlantic Corp. v. Twombly,*
    __ U.S. __ 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007).............................................................. 9

5

*Bly-Magee v. California,*
    236 F.3d 1014 (9th Cir. 2001) .................................................................................................. 10

6

*Costco Wholesale Corp. v. Liberty Mutual Insurance Co.,*
    472 F. Supp. 2d 1183 (S.D. Cal. 2007) ...................................................................................... 4

7

8

*Hal Roach Studios, Inc. v. Richard Feiner & Co.,*
    896 F.2d 1542 (9th Cir. 1989) .................................................................................................... 4

9

10

*Steckman v. Hart Brewing, Inc.,*
    143 F.3d 1293 (9th Cir. 1998) .................................................................................................... 4

11

*Vess v. Ciba-Geigy Corp. USA,*
    317 F.3d 1097 (9th Cir. 2003) .................................................................................................. 10

12

13

*Warren v. Fox Family Worldwide, Inc.,*
    328 F.3d 1136 (9th Cir. 2003) .................................................................................................... 6

14

### STATE CASES

15

*Ackerman v. First National Bank,*
    239 Ga. App. 304 (1999) ............................................................................................................ 7

16

17

*B. C. Richter Contracting Co. v. Continental Casualty Co.,*
    230 Cal. App. 2d 491 (1964) .................................................................................................... 12

18

*Black Hills Investments, Inc. v. Albertson's, Inc.,*
    146 Cal. App. 4th 883 (2007) ................................................................................................... 13

19

20

*Bustamante v. Intuit, Inc.,*
    141 Cal. App. 4th 199 (2006) ..................................................................................................... 5

21

*Capital Partners, L.P. v. Westinghouse Electric Corp.,*
    223 Ga. App. 539 (1996) .......................................................................................................... 13

22

23

*Cooperative Resource Center, Inc. v. Southeast Rural Community Assistance Project, Inc.,*
    256 Ga. App. 719 (2002) ............................................................................................................ 8

24

25

*CrossTalk Productions, Inc. v. Jacobson,*
    65 Cal. App. 4th 631 (1998) ....................................................................................................... 7

26

*Davis v. Findley,*
    262 Ga. 612 (1992) ................................................................................................................... 10

27

28

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

ii

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS COUNTS TWO AND THREE OF
PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF THEREOF

**Table of Authorities**
**(Continued)**

**PAGE**

*First National Bank & Trust Co. v. Thompson,*
    240 Ga. 494 (1978) ........................................................................................................... 11

*Flair Fashions, Inc. v. SW CR Eisenhower Drive, Inc.,*
    207 Ga. App. 78 (1993) ..................................................................................................... 13

*International Service Insurance Co. v. Gonzales,*
    194 Cal. App. 3d 110 (1987) ............................................................................................... 4

*Jernigan Automobile Parts, Inc. v. Commercial State Bank,*
    186 Ga. App. 267 (1988) .............................................................................................. 11, 13

*Kreimer v. Kreimer,*
    274 Ga. 359 (2001) ............................................................................................................. 5

*In re Marriage of Burkle,*
    139 Cal. App. 4th 712 (2006) ........................................................................................... 12

*McHale v. HJGM, Inc.,*
    252 Ga. App. 641 (2001) ................................................................................................... 12

*Mobley v. Coast House, Ltd.,*
    182 Ga. App. 305 (1987) ..................................................................................................... 7

*Russ Lumber & Mill Co. v. Muscupiabe Land & Water Co.,*
    120 Cal. 521 (1898) ........................................................................................................... 11

*Sabella v. Litchfield,*
    274 Cal. App. 2d 195 (1969) ............................................................................................... 7

*Smith v. Gordon,*
    266 Ga. App. 814 (2004) ..................................................................................................... 7

*Tidwell v. Critz,*
    248 Ga. 201 (1981) ........................................................................................................ 7, 12

*Woods v. Wright,*
    163 Ga. App. 124 (1982) ................................................................................................. 8, 12

**FEDERAL STATUTES**

Fed. R. Civ. P. 9(b) ................................................................................................................ 10

Fed. R. Civ. P. 10(c) ............................................................................................................... 4

Fed. R. Civ. P. 12(b)(6) ........................................................................................................... 3

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS COUNTS TWO AND THREE OF
PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF THEREOF

1

**Table of Authorities**
(Continued)

2                                                                                  **PAGE**

3                           **STATE STATUTES**

4    Cal. Civ. Code § 1588 ................................................................................................. 12

5    Cal. Comm. Code § 2201(1).......................................................................................... 4

6    Cal. Comm. Code § 2204(3).......................................................................................... 5

7    Cal. R. of Prof. Conduct § 2-100 ................................................................................. 9

8    Cal. R. Prof. Conduct § 1-100 ................................................................................... 10

9    Model Rules of Prof. Conduct, Preamble, ¶ 20 at 4 (5th ed. 2003)................................ 10

10   O.C.G.A. § 11-2-201(1)................................................................................................ 4

11   O.C.G.A. § 11-2-201(1)); U.C.C. § 2-201(1) ............................................................... 4

12   O.C.G.A. § 11-2-204(3)................................................................................................ 5

13   O.C.G.A. § 13-5-6 ....................................................................................................... 7

14   O.C.G.A. § 13-4-60 ................................................................................................... 13

15   Restatement of Contracts, Vol. II, § 497 ...................................................................... 7

16   Uniform Commercial Code Article 2 ............................................................................ 4

17   U.C.C.'s Article 2........................................................................................................ 5

18   U.C.C. § 2-204 (3) ...................................................................................................... 5

19

20

21

22

23

24

25

26

27

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

28

iv

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS COUNTS TWO AND THREE OF
PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF THEREOF

SF/1429336v1

1    **NOTICE OF MOTION AND MOTION TO DISMISS**

2    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3    PLEASE TAKE NOTICE that, on September 7, 2007, at 9:00 a.m., or as soon thereafter

4    as the matter may be heard, in Courtroom 3 of the above-entitled court, located at 450 Golden

5    Gate Avenue, San Francisco, California, Defendant Home Depot U.S.A., Inc. ("Home Depot")

6    will, and hereby does, move the Court to dismiss Counts Two and Three of the First Amended

7    Complaint ("Complaint") by Plaintiff B&O Manufacturing, Inc. ("B&O") under Rules 9(b) and

8    12(b)(6) of the Federal Rules of Civil Procedure.

9    **SUMMARY OF ARGUMENT**

10    In a three-count complaint, B&O, a safety netting vendor, has sued Home Depot over two

11    contracts between the parties: an April, 2005 "Memorandum of Understanding" ("MOU,"

12    attached to Compl. as Exh. 1), and a January 31, 2006 "Open Balance Refund Agreement"

13    ("Refund Agreement," attached to Compl. as Exh. 2). Counts One and Two allege breach of the

14    MOU and Refund Agreement, respectively. Count Three asserts that the Refund Agreement

15    should be rescinded and all amounts paid by B&O under the Refund Agreement refunded

16    because Home Depot wrongfully induced B&O into signing it.

17    Count One's allegation that Home Depot failed to buy B&O's products as promised in

18    the MOU is false. In fact, Home Depot pre-paid B&O for Home Depot's entire MOU order.

19    The parties only signed the Refund Agreement because B&O failed to deliver all of the products

20    Home Depot ordered and for which Home Depot pre-paid. Indeed, the parties entered the

21    Refund Agreement only because B&O's failures necessitated scheduling an arrangement for

22    B&O to refund Home Depot's extra payments.

23    Home Depot does not move to dismiss Count One only because, for purposes of this

24    motion, the Court must assume the truth of B&O's factual allegations. Even assuming the truth

25    of these facts, however, Counts Two and Three should be dismissed as a matter of law. Count

26    Two should be dismissed because, on its face, the Refund Agreement does not include any

27    promise that Home Depot will purchase additional products from B&O, the only promise Count

28

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

SF/1429336v1

1

1    Two alleges to have been breached. (*See* Refund Agreement, attached to Compl. as Exh. 2).

2    Count Three should be dismissed because none of the legal theories cited by B&O give rise to a

3    right to rescind the Refund Agreement or to restitution thereunder. In addition, Count Three fails

4    because B&O has waived any right to relief by ratifying the Refund Agreement long after any

5    arguable misconduct by Home Depot had ended.

6    **MEMORANDUM OF POINTS AND AUTHORITIES**

7    **I.    INTRODUCTION**

8          This litigation concerns the business relationship between B&O, a safety netting vendor,

9    and Defendant Home Depot U.S.A., Inc. B&O's First Amended Complaint (the "Complaint")

10    alleges that Home Depot has breached two contracts between the parties. In Count One, B&O

11    alleges that Home Depot failed to purchase B&O's products as promised in an April, 2005

12    "Memorandum of Understanding" ("MOU," attached to Compl. as Exh. 1). *See* Compl., ¶¶ 7, 9.

13    In Count Two, B&O alleges that Home Depot also failed to purchase products in violation of the

14    January 31, 2006 Refund Agreement. Compl., ¶ 21. Finally, Count Three alleges that Home

15    Depot wrongfully induced B&O to draft and then enter the Refund Agreement and asks the Court

16    to rescind the Agreement and refund any amounts B&O paid Home Depot pursuant to it.

17    Compl., ¶ 23.

18          B&O's decision to sue Home Depot for breach of these two contracts demonstrates

19    considerable bravado. The truth is that Home Depot did issue all the purchase orders promised

20    in the 2005 MOU and even ***pre-paid B&O the entire amount owed***. After insisting on this pre-

21    payment, B&O failed to deliver all of the products ordered in the MOU. As a result of B&O's

22    failure to deliver nearly $1.8 million in promised product and B&O's inability to promptly refund

23    Home Depot's pre-payment for this undelivered product, the parties entered into the January 31,

24    2006 Refund Agreement that allowed B&O to repay Home Depot over time. As the Complaint

25    concedes, B&O drafted the Agreement on its own letterhead, signed the Agreement and then

26    presented it to Home Depot. And although B&O made two payments pursuant to that Refund

27    Agreement, B&O remains substantially indebted to Home Depot on these transactions.

28

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP
SF/1429336v1

2

1        Despite this history, Home Depot has continued to order – and pay for – B&O's products

2  pursuant to a June 2006 Expense Buying Agreement.  B&O's Complaint makes no mention of

3  this subsequent purchase agreement.  Instead, B&O here alleges that Home Depot has breached

4  an alleged oral commitment to purchase "substantial quantities of product" in connection with

5  the Refund Agreement.  Compl., ¶ 16.  Even more absurdly, B&O alleges that Home Depot

6  coerced and defrauded B&O into signing that Refund Agreement.  Given the true circumstances

7  surrounding the MOU and the Refund Agreement, B&O's decision to sue Home Depot is a

8  curious one.

9        Regardless of any dispute about the facts, however, B&O's claims concerning the Refund

10  Agreement in Counts 2 and 3 should be dismissed for failure to state a claim.  *See* Fed. R. Civ. P.

11  12(b)(6).  Count Two cannot state a claim because the obligation that B&O seeks to enforce

12  appears nowhere in the Refund Agreement that B&O claims Home Depot has breached.  Count

13  Three fails as a matter of law because the Complaint does not plead facts that would give rise to a

14  right to rescission or restitution, and because B&O has waived any right to relief by ratifying the

15  Refund Agreement long after any arguable misconduct by Home Depot had ended.

16        These defects are not mere technical pleading mistakes; they demonstrate why B&O has

17  no claim for relief in connection with the Refund Agreement.  As a result, the Court should

18  dismiss these claims now to narrow the issues on which the parties must conduct discovery.

19  **II.    COUNT TWO SHOULD BE DISMISSED BECAUSE B&O FAILS TO ALLEGE**

20         **THE EXISTENCE OF AN ENFORCEABLE PROMISE TO PURCHASE GOODS**

21        Count Two of B&O's Complaint seeks to enforce an alleged promise, made in connection

22  with the January 31, 2006 Refund Agreement, that Home Depot would buy (or would continue to

23  buy) products from B&O.  Specifically, the Complaint asserts that Home Depot breached the

24  Refund Agreement because Home Depot "failed to provide substantial purchase orders to

25  Plaintiff."  Compl., ¶ 21.  This purported obligation is unenforceable as a matter of law because it

26  does not satisfy the statute of frauds.  Moreover, even if B&O could overcome that hurdle, the

27  promise B&O alleges represents at most an unenforceable "agreement to agree."

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP 28

SF/1429336v1

3

1

## A.    An Oral Promise to Purchase Goods Is Unenforceable

2       The Refund Agreement between B&O and Home Depot, which B&O has attached as

3   Exhibit 2 to its Complaint, unambiguously imposes no obligation on Home Depot "to provide

4   substantial purchase orders" or to make any purchase orders whatsoever. *See* Compl., Exh. 2.[1]

5   The Refund Agreement is simply that – an agreement outlining how B&O will refund

6   $1,780,838.76 Home Depot paid B&O for products B&O never delivered. *See id.* Despite this

7   omission, B&O alleges that Home Depot orally "promised that if B&O executed [the Refund

8   Agreement], B&O would continue to receive purchase orders for substantial quantities of product

9   from [Home Depot]." Compl., ¶ 16.

10      Even assuming the truth of B&O's allegation, an unwritten promise to purchase B&O's

11   products is legally unenforceable pursuant to the Uniform Commercial Code's Article 2 statute

12   of frauds. "[A] contract for the sale of goods for the price of $500.00 or more is not enforceable

13   by way of action or defense unless there is some writing sufficient to indicate that a contract for

14   sale has been made between the parties and signed by the party against whom enforcement is

15   sought or by his authorized agent or broker." O.C.G.A. § 11-2-201(1).[2] Because B&O does not

16   allege a written agreement for Home Depot to purchase any substantial volume of product,

17   Count II should be dismissed.

18

---

19   [1]    Because B&O attached the Refund Agreement to the Complaint and explicitly references
the Refund Agreement therein, the Court may consider the Refund Agreement in addition to the
20   facts pled in the Complaint. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d
1542, 1555 n.19 (9th Cir. 1989); Fed. R. Civ. P. 10(c). Moreover, the Court is "not required to
21   accept as true conclusory allegations which are contradicted by documents referred to in the
22   complaint." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir. 1998).

23   [2]    Because the Refund Agreement was signed in Atlanta and does not specify a place of
performance, the agreement is controlled by Georgia law. *See* Compl., ¶ 15; *International*
24   *Service Ins. Co. v. Gonzales*, 194 Cal. App. 3d 110, 121 (1987) (stating that "a court will follow
the statutory directives of its own state with respect to the choice of law"); *Costco Wholesale*
25   *Corp. v. Liberty Mut. Ins. Co.*, 472 F. Supp. 2d 1183, 1197 (S.D. Cal. 2007) ("According to
California Civil Code § 1646, a contract is to be interpreted according to the law and usage of the
26   place where it is to be performed; or, if it does not indicate a place of performance, according to
the law and usage of the place where it is made."). However, the contractual provisions alleged
27   in Count Two would be unenforceable regardless of which state's law applied. *See* Cal. Comm.
Code § 2201(1) (same as O.C.G.A. § 11-2-201(1)); U.C.C. § 2-201(1) (same).

**SEDGWICK**
DETERT, MORAN & ARNOLDᴸᴸᴾ   28

SF/1429336v1

4

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS COUNTS TWO AND THREE OF
PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF THEREOF

1

### B.    Home Depot's Alleged Promise Is Unenforceably Vague

2    Even if B&O could evade the Statute of Frauds, the agreement alleged in Count Two

3  cannot be enforced because it lacks multiple essential terms and represents at most an

4  "agreement to agree." Count Two asserts only that Home Depot orally promised "to provide

5  substantial purchase orders" to B&O. This supposed promise to purchase contains no specifics

6  about (1) which products Home Depot promised to purchase; (2) when Home Depot promised to

7  make these purchases; (3) what price Home Depot promised to pay; or (4) what quantity

8  constitutes a "substantial" purchase order.

9    In general, an alleged promise cannot be the basis of a legal claim until express agreement

10  has been reached on all essential terms. "It is well established that no contract exists until all

11  essential terms have been agreed to, and the failure to agree to even one essential term means that

12  there is no agreement to be enforced. If a contract fails to establish an essential term, and leaves

13  the settling of that term to be agreed upon later by the parties to the contract, the contract is

14  deemed an unenforceable agreement to agree." *Kreimer v. Kreimer*, 274 Ga. 359, 363 (2001).[3]

15    While the U.C.C.'s Article 2 allows that a contract for the sale of goods may be formed

16  despite one or more terms being left open, an Article 2 contract has not been formed unless "the

17  parties have intended to make a contract and there is a reasonably certain basis for giving an

18  appropriate remedy." U.C.C. § 2-204 (3); O.C.G.A. § 11-2-204(3); Cal. Comm. Code § 2204(3).

19  The Complaint does not allege that the parties ever agreed on the multiple terms missing from

20  the Refund Agreement's alleged purchase clause.[4] Thus, even assuming the truth of B&O's

21  allegations, the Court has no way to identify what products Home Depot promised to buy, at

22  what price, in what quantities, and over what time frame. As such, no "reasonable basis for

23  giving an appropriate remedy" exists, and Count Two should be dismissed.

24

25

26  [3]  *See also Bustamante v. Intuit, Inc.*, 141 Cal. App. 4th 199, 213 (2006) ("Because essential terms were only sketched out, with their final form to be agreed upon in the future . . . , the parties had at best an 'agreement to agree,' which is unenforceable under California law.").

27  [4]  As noted above, there is a written purchase agreement between the parties that post-dates the Refund Agreement. However, the Complaint includes no allegations about that agreement.

**SEDGWICK**
DETERT, MORAN & ARNOLD™  28

5

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS COUNTS TWO AND THREE OF
PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF THEREOF

1  **III.    COUNT THREE FAILS TO STATE A CLAIM FOR RESCISSION OR**
2  **RESTITUTION AND B&O HAS WAIVED ANY RIGHT TO RESCISSION**

3          In Count Three, B&O prays for rescission and restitution because B&O entered the
4  Refund Agreement under "duress, and/or fraud, and/or undue influence and/or the violation of
5  rules of professional conduct referenced above." Compl., ¶ 23. This terse and conclusory
6  allegation cannot serve as the basis for relief. For example, in *Warren v. Fox Family Worldwide,*
7  *Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003), the Ninth Circuit held that even on a motion to
8  dismiss, a court need not assume the truth of legal conclusions cast in the form of factual
9  allegations.

10         Regardless, even assuming the truth of the factual allegations elsewhere in the Complaint,
11 none of those facts would give rise to a right to relief under any of the four legal theories B&O
12 has identified. In addition, because B&O has made payments under the Refund Agreement and
13 has brought suit to enforce it, B&O has waived any claim it might have had for rescission.

14         **A.    Count Three Fails to Allege Facts Warranting Relief Under Any of the Legal**
15         **Theories Identified in the Complaint**

16         According to the Complaint, B&O's president visited Home Depot's headquarters on
17 January 31, 2006. Compl., ¶ 15. B&O alleges that during this visit, Home Depot demanded that
18 B&O prepare and sign the Refund Agreement. *Id.* B&O claims that Home Depot threatened that
19 it would cease purchasing B&O's products unless B&O entered the Refund Agreement and
20 declared that Home Depot's purchase orders would continue only if B&O agreed. Compl., ¶ 16.
21 Even though B&O concedes that it drafted the Refund Agreement, the Complaint further asserts
22 that Home Depot somehow prevented B&O from consulting with its lawyers while considering
23 whether to sign the Agreement. Compl., ¶ 15. And even though the Complaint concedes "B&O
24 had no direct discussions with [Home Depot's] legal department" and that B&O presented the
25 signed Agreement to Home Depot's business representative, the Complaint alleges that Home
26 Depot's lawyers somehow "participated in the process of coercing [B&O]" to enter the
27 Agreement. *See* Compl., ¶¶ 18-19.

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP  28

SF/1429336v1

6

1    These allegations are ridiculous.  Even if they were true, none of the Complaint's factual

2  allegations give rise to a claim for rescission or restitution under any of the four theories B&O

3  lists in Count 3.

### 1.    The Complaint Fails to Allege Duress or Undue Influence

5    As a matter of law, the facts alleged in the Complaint show neither duress nor undue

6  influence.  "One may not void a contract on grounds of duress merely because he entered into it

7  with reluctance, the contract is very disadvantageous to him, the bargaining power of the parties

8  was unequal or there was some unfairness in the negotiations preceding the agreement."  *Smith v.*

9  *Gordon*, 266 Ga. App. 814, 815-16 (2004); *see also Ackerman v. First Nat'l Bank*, 239 Ga. App.

10  304, 305 (1999) ("Economic distress does not constitute legal duress").  Similarly, undue

11  influence arises only where a confidential relationship or a "relationship of dominance" is

12  wrongfully abused; "a person is not prohibited from exercising proper influence to obtain a

13  benefit to himself."  *Tidwell v. Critz*, 248 Ga. 201, 206 (1981).  Accordingly, to make out a

14  claim, the threatened action "must be wrongful to constitute duress and it is not duress to threaten

15  to do what one has a legal right to do."  *Mobley v. Coast House, Ltd.*, 182 Ga. App. 305, 307

16  (1987); *see also id.* (applying same analysis to undue influence claims).[5]

17    Furthermore, a contract may be rescinded based on duress only if a party's consent was

18  induced by "imprisonment, threats, or other acts by which the free will of the party is restrained."

19  O.C.G.A. § 13-5-6; *Smith*, 266 Ga. App. at 815-16.  Similarly, a contract is voidable due to

20  undue influence only if "one party is under the domination of another, or by virtue of the relation

21  between them is justified in assuming that the other party will not act in a manner inconsistent

22  with his welfare, [and the] transaction induced by unfair persuasion of the latter."  *Tidwell*, 248

23  Ga. at 205 (*citing* Restatement of Contracts, Vol. II, § 497).  Of course, the Complaint makes no

---

[5]    *See also Sabella v. Litchfield*, 274 Cal. App. 2d 195, 197 (1969) (stating that "the use of economic pressure . . . does not constitute duress, provided illegal means are not used," and holding further that a threat to cause economic harm through legal means "[is] not an act of duress or undue influence"); *CrossTalk Productions, Inc. v. Jacobson*, 65 Cal. App. 4th 631, 645 (1998) (holding that a claim of economic duress arises only from wrongful, coercive acts such as "the assertion of a claim known to be false [or] a bad faith threat to breach a contract").

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP  28

SF/1429336v1

7

1 │ allegation that Home Depot imprisoned, controlled, or otherwise restrained the free will of
2 │ B&O's president.

3 │    At most, the Complaint alleges that Home Depot threatened to discontinue its business
4 │ relationship with B&O, a multi-million dollar manufacturing company, unless B&O signed the
5 │ Refund Agreement. Compl., ¶¶ 16, 18. B&O does not allege that Home Depot was subject to
6 │ any other contract or other legal obligation to purchase products from B&O in January 2006.[6]
7 │ Thus, even if Home Depot indicated that the Refund Agreement was a precondition to any
8 │ continued business relationship, those facts would not give rise to a claim of duress or undue
9 │ influence.

10 │    Finally, although Georgia theoretically recognizes "business compulsion" or "economic
11 │ duress" as grounds for rescission, "*no Georgia decision [has voided] a contract on the theory of*
12 │ *economic duress*." *Cooperative Resource Center, Inc. v. Southeast Rural Community Assistance*
13 │ *Project, Inc.*, 256 Ga. App. 719, 720-721 (2002) (emphasis added). And the Georgia courts have
14 │ declined to find duress on threats far more sinister than those alleged here. For instance, in
15 │ *Woods v. Wright*, 163 Ga. App. 124, 125-126 (1982), the court found no duress where a property
16 │ seller vastly increased his purchase price and demanded full payment in cash upon learning that
17 │ the prospective buyer had committed to a $100,000 investment that would be useless without
18 │ buying the property. As a matter of law, therefore, the facts alleged in B&O's Complaint simply
19 │ do not show the type of coercion, duress or undue influence required to void a contract.

20 │    **2.    The Alleged Professional Misconduct by Home Depot's Lawyers Is**
21 │         **Facially Implausible and Does Not Give Rise to a Legal Claim by**
22 │         **B&O**

23 │    B&O's Complaint next asserts that the Refund Agreement should be rescinded because
24 │ Home Depot's lawyers somehow "participated in the process of coercing [B&O]" and prevented

25 │
26 │ [6]  Although the parties subsequently entered into an Expense Buying Agreement in June
   │ 2006, B&O makes no claim for breach of that agreement and the Complaint does not even
27 │ mention it.

**SEDGWICK**
DETERT, MORAN & ARNOLD 28

SF/1429336v1

8

1   B&O from consulting its legal counsel. Compl. ¶ 15, 18. Presumably, B&O is contending that

2   Home Depot's in-house lawyers violated Georgia Rule of Professional Conduct 4.2(a), which

3   states that "[a] lawyer who is representing a client in a matter shall not communicate about the

4   subject of the representation with a person the lawyer knows to be represented by another lawyer

5   in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by

6   constitutional law or statute."[7]

7   First and foremost, B&O's allegation of professional misconduct is outlandish on its face.

8   While B&O asserts that Home Depot's lawyers improperly coerced B&O into signing the Refund

9   Agreement, the Complaint concedes that "B&O had no direct discussions with [Home Depot's]

10  legal department." Compl., ¶¶ 18-19. B&O therefore alleges that Home Depot's *business*

11  *employees* negotiated the Refund Agreement "*as agents of [Home Depot's] legal department*,"

12  and that this somehow demonstrates wrongful conduct on the part of Home Depot's lawyers.

13  Compl., ¶ 19 (emphasis added). Moreover, the Complaint infers all of these "facts" from the

14  approval stamp Home Depot's legal department apparently placed on the Refund Agreement

15  *after* B&O presented a signed copy to Home Depot's business representative. Compl., ¶ 17.

16  These nonsensical allegations turn the attorney-client relationship on its head: it should

17  go without saying that a corporation's business employees do not negotiate a contract as the

18  agents of their legal counsel. Moreover, if B&O were correct that lawyers who communicate

19  only with their own clients are nevertheless "in indirect communication" with an adverse

20  represented party, thereby violating Rule 4.2(a), no lawyer could ever advise his or her client on

21  any contested matter. In *Bell Atlantic Corp. v. Twombly,* __ U.S. __ , 127 S.Ct. 1955, 1974;

22  167 L.Ed.2d 929 (2007), the Supreme Court recently held that a Complaint should be dismissed

23  unless it pleads "enough facts to state a claim to relief that is plausible on its face." Because

24  B&O's Complaint does not meet that standard, this Court need not accept B&O's implausible

25  accusations of misconduct in assessing this motion to dismiss.

26

27  [7]     *See also* Cal. R. of Prof. Conduct § 2-100 (same).

**SEDGWICK**
DETERT, MORAN & ARNOLD⸱⸱⸱  28

SF/1429336v1

9

1    Second, an attorney's breach of the professional rules categorically does not give rise to a

2    cause of action. "[W]hile the Code of Professional Responsibility provides specific sanctions for

3    the professional misconduct of the attorneys whom it regulates, it does not establish civil liability

4    of attorneys for their professional misconduct, nor does it create remedies in consequence

5    thereof." *Davis v. Findley*, 262 Ga. 612, 613 (1992).[8]  As the Preamble to the Model Rules of

6    Responsibility explains,

7        Violation of a Rule should not give rise to a cause of action nor should it create
         any presumption that a legal duty has been breached. The Rules are designed to
8        provide guidance to lawyers and to provide a structure for regulating conduct
         through disciplinary agencies. They are not designed to be a basis for civil
9        liability.  Furthermore, the purpose of the rules can be subverted when they are
         invoked by opposing parties as procedural weapons. The fact that a Rule is a just
10       basis for a lawyer's self-assessment, or for sanctioning a lawyer under the
         administration of a disciplinary authority, does not imply that an antagonist in a
11       collateral proceeding or transaction has standing to seek enforcement of the Rule.

12   Am. Bar Ass'n Cent. for Prof. Resp., *Annot. Model Rules of Prof. Conduct*, Preamble, ¶ 20 at 4

13   (5th ed. 2003).  Accordingly, even if B&O's allegations of attorney misconduct were true (or

14   made any sense), they would not support any cause of action against Home Depot and they

15   cannot entitle B&O to relief from the Refund Agreement.

16                   **3.    The Complaint Fails to Plead Fraud With Particularity**

17       Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances

18   constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b).  The

19   purpose of Rule 9(b) is to place the defendants on notice of the precise misconduct with which

20   they are charged and to safeguard defendants against spurious charges of fraudulent behavior.

21   *Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001).  A complaint alleging fraud must

22   explicitly identify the "'who, what, when, where, and how' of the misconduct charged." *Vess v.*

23   *Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).  Thus, under Rule 9(b), "mere

24   conclusory allegations of fraud are insufficient." *Bly-Magee*, 236 F.3d at 1019 (citations and

25   ⁸    *See also* Cal. R. Prof. Conduct § 1-100 ("These rules are not intended to create new civil
26   causes of action. Nothing in these rules shall be deemed to create, augment, diminish, or
     eliminate any substantive legal duty of lawyers or the non-disciplinary consequences of violating
27   such a duty.").

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP   28
SF/1429336v1
                                                    10

1  punctuation omitted).

2      In plain violation of this heightened pleading requirement, Count Three's one-word

3  assertion that Home Depot committed "fraud" contains no particularity or explanation at all.

4  Compl., ¶ 23. Under Rule 9(b), Home Depot—and this Court—should not be required to piece

5  together the allegations from elsewhere in B&O's Complaint to construct a viable fraud claim in

6  Count Three.

7      In any case, the only false statement alleged anywhere in the Complaint is Home Depot's

8  promise to issue "purchase orders for substantial quantities of product" at some point in the

9  future. Compl., ¶ 16. But "fraud cannot be predicated upon statements which are promissory in

10  their nature as to future acts." *Jernigan Auto Parts, Inc. v. Commercial State Bank*, 186 Ga. App.

11  267, 271-72 (1988) (*citing First Nat'l Bank & Trust Co. v. Thompson*, 240 Ga. 494, 495 (1978)).[9]

12  Because the Complaint identifies no other alleged false statement, the Court should dismiss

13  Count 3 to the extent it depends on any fraud theory.

14      **B.    B&O Has Waived Any Right to Rescission**

15      Even if B&O could overcome these defects, B&O has waived the relief it seeks in

16  Count 3 by ratifying the Refund Agreement. The only wrongful conduct alleged in the

17  Complaint occurred on January 31, 2006, the day the Refund Agreement was signed. *See*

18  Compl., ¶¶ 15-19. Thus, prior to filing this lawsuit, B&O had nearly eighteen months to

19  recognize that it was coerced or defrauded into signing the Refund Agreement and to repudiate

20  the Refund Agreement on that basis. Instead, B&O – who drafted the Refund Agreement on its

21  own letterhead – acknowledged its duty to refund Home Depot for undelivered products, made

22  payments to Home Depot pursuant to the Refund Agreement, and raised no objection to the

23  Refund Agreement before it filed suit. *See* Compl., ¶ 15 (acknowledging that B&O drafted the

24  Refund Agreement), ¶ 23 (demanding "restitution of all amounts [B&O] paid" under the Refund

25

26  [9]   *See also Russ Lumber & Mill Co. v. Muscupiabe Land & Water Co.*, 120 Cal. 521, 529
     (1898) ("A mere promise to perform an act in the future is not, in a legal sense, a representation,
27  nor does a failure to perform such promise convert it into a false representation").

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP   28

SF/1429336v1

11

1   Agreement).  By failing to repudiate the Refund Agreement, by partially performing under it, and

2   by suing to enforce the Refund Agreement in Count Two, B&O has ratified the Refund

3   Agreement and thereby waived any rescission claim.

4                    **1.     B&O Has Waived Any Claims of Duress of Undue Influence**

5           An agreement that would otherwise be voidable on grounds of duress or undue influence

6   is ratified when the coerced party partially performs under the contract after the duress or undue

7   influence has ended.  *See Woods*, 163 Ga. App. at 126 ("assuming the appellants might have had

8   a duress defense to enable them to void their note, they waived it and ratified their obligation by

9   subsequently making a partial payment when any duress by the seller in increasing his terms of

10  sale was at an end."); *Tidwell*, 248 Ga. at 207 ("Tidwell waived his claim of duress when he

11  ratified the March 1980 contract by accepting benefits and performing under it. . . .  Tidwell

12  [also] waived any claim of undue influence when he ratified the agreement.").  The Complaint

13  makes no allegation that Home Depot unduly influenced or coerced B&O at any time after

14  January 31, 2006.  Nevertheless, the Complaint acknowledges that B&O has made payments for

15  which it now seeks restitution.  Compl., ¶ 23.  Accordingly, B&O's duress and undue influence

16  claims fail as a matter of law.[10]

17                    **2.     B&O Has Waived Any Claims of Fraud**

18          "A party claiming he was fraudulently induced to enter a contract has two possible

19  remedies: (1) to promptly rescind the contract after discovering the fraud and sue in tort for the

20  recovery of the contract's consideration, as well as any other damages resulting from the fraud; or

21  (2) [to] affirm the contract and sue for damages resulting from the contract." *McHale v. HJGM,*

22  *Inc.*, 252 Ga. App. 641, 644 (2001) (citations omitted).[11]  Given that B&O signed the Refund

23  

---

[10]     *See also In re Marriage of Burkle*,139 Cal. App. 4th 712, 751 (2006) (duress and undue
influence claims are waived when party unreasonably delays in repudiating the contract or ratifies
the contract through conduct); Cal. Civ. Code § 1588 ("A contract which is voidable solely for
want of due consent, may be ratified by a subsequent consent").

[11]     *See also B. C. Richter Contracting Co. v. Continental Cas. Co.*, 230 Cal. App. 2d 491,
500 (1964) ("Affirmation of the contract, on the one hand, and rescission and restitution on the
other, are alternative remedies. Election to pursue one is a bar to invoking the other.").

**SEDGWICK**
DETERT, MORAN & ARNOLD...   28

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS COUNTS TWO AND THREE OF
PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF THEREOF

1    Agreement eighteen months ago, B&O indisputably learned well before B&O filed the instant

2    lawsuit that Home Depot would not make orders that B&O thought satisfied the Refund

3    Agreement's alleged promise to issue "substantial purchase orders." *See Capital Partners,*

4    *L.P. v. Westinghouse Elec. Corp.*, 223 Ga. App. 539, 543 (1996) (holding that waiting seven

5    months to rescind after the discovery of a fraud "is too late as a matter of law to constitute an

6    effective rescission"). "It is incumbent upon a party who attempts to rescind a contract for fraud

7    to repudiate it promptly on discovery of the fraud. . . . If he does not, he will be held to have

8    waived any objection, and to be conclusively bound by the contract as if no fraud or mistake had

9    occurred." *Flair Fashions, Inc. v. SW CR Eisenhower Drive, Inc.*, 207 Ga. App. 78, 79 (1993).[12]

10    Not only did B&O fail to repudiate the Refund Agreement during those 18 months, B&O

11    made payments under the Agreement and now sues to enforce its alleged terms. A party who

12    partially pays under a contract "is conclusively deemed to have waived [claims of] duress and

13    fraud if at the time of the partial payment he has knowledge of all the facts upon which he now

14    bases his claim." *Jernigan Auto Parts*, *supra*, 186 Ga. App. at 271-72. As a matter of law,

15    therefore, B&O's failure to repudiate the Refund Agreement upon learning of Home Depot's

16    alleged coercion and fraud, its partial performance under the Agreement, and its attempt to

17    enforce the Agreement in Count Two have waived any claim for rescission. Accordingly, the

18    Court should dismiss Count III.

19    / / /

20    / / /

21    / / /

22    / / /

23    / / /

24

[12]   *See also Black Hills Investments, Inc. v. Albertson's, Inc.*, 146 Cal. App. 4th 883, 895-96

25    (2007) ("a claim for damages for fraud may be waived when the injured party ratifies the subject

26    transaction or contract with full knowledge of the fraud"); O.C.G.A. § 13-4-60 ("in order to
rescind, the defrauded party must promptly, upon discovery of the fraud, restore or offer to

27    restore to the other party whatever he has received . . .").



28

13

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS COUNTS TWO AND THREE OF
PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF THEREOF

1    **IV.    CONCLUSION**

2          For the reasons set forth above, Home Depot's partial motion to dismiss should be

3    granted, and Counts Two and Three should be dismissed.

4

5    DATED: July 18, 2007          SEDGWICK, DETERT, MORAN & ARNOLD LLP

6

7                                  By:_____
                                          AMBER RYE BRUMFIEL
8                                      Attorneys for Defendant
                                       HOME DEPOT U.S.A., INC.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SEDGWICK
DETERT, MORAN & ARNOLD LLP

SF/1429336v1

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS COUNTS TWO AND THREE OF
PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF THEREOF

**PROOF OF SERVICE**

     I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Sedgwick, Detert, Moran & Arnold LLP, One Market Plaza, Steuart Tower, 8th Floor, San Francisco, California 94105. On July 18, 2007, I served the within document(s):

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS COUNTS TWO AND THREE OF PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEREOF**

**[PROPOSED] ORDER ON DEFENDANT HOME DEPOT U.S.A., INC.'S MOTION TO DISMISS COUNTS TWO AND THREE FOR FAILURE TO STATE A CLAIM UPON WHICH A RELIEF MIGHT BE GRANTED**

☒    FACSIMILE - by transmitting via facsimile the document(s) listed above to the fax number(s) set forth on the attached Telecommunications Cover Page(s) on this date before 5:00 p.m.

☒    MAIL - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☐    PERSONAL SERVICE - by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐    OVERNIGHT COURIER - by placing the document(s) listed above in a sealed envelope with shipping prepaid, and depositing in a collection box for next day delivery to the person(s) at the address(es) set forth below via .

| | |
|---|---|
| Paul E. Rice, Esq.<br>Rice & Bronitsky<br>350 Cambridge Avenue, Suite 225<br>Palo Alto, CA 94306<br>Telephone: (650) 289-9088<br>Facsimile: (650) 289-9093 | Attorneys For Plaintiff B&O Manufacturing, Inc. |

     I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

     I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

     Executed on July 18, 2007, at San Francisco, California.

_____
Ramonette G. Mendoza

SF/1429336v1