UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| B&O MANUFACTURING, INC., | CASE NO. C07 02864 JSW |
| Plaintiff, | [PROPOSED] ORDER GRANTING DEFENDANT HOME DEPOT U.S.A., INC.'S MOTION TO (1) TRANSFER VENUE TO THE NORTHERN DISTRICT OF GEORGIA AND (2) DISMISS COUNTS TWO THROUGH FIVE OF PLAINTIFF'S SECOND AMENDED COMPLAINT |
| v. | |
| HOME DEPOT U.S.A., INC., | |
| Defendant. | |

Defendant Home Depot U.S.A., Inc. has timely moved to dismiss Counts Two through Five of Plaintiff B&O Manufacturing, Inc.'s Second Amended Complaint. This Court finds that such dismissal is warranted pursuant to Federal Rule of Civil Procedure 12(b)(6), because Counts Two through Five fail to state claims upon which relief might be granted. Specifically, Count Two fails to state a claim for rescission or restitution because, regardless of whether Home Depot's business employees were operating as agents of its legal department, such an allegation would not provide a basis for rescission.

Count Three is fails to state a claim because the alleged promise to provide substantial business is not one on which B&O could reasonably rely, in light of the merger clause in the parties' agreement, and in any event, appears to be a promise that, by B&O's own admission, Home Depot fulfilled. Finally, Counts Four and Five fail because the mediation is a condition precedent to filing suit under the agreement (EBA) between the parties, a condition that Home Depot has not waived, and that has not yet been fulfilled.

Accordingly, IT IS HEREBY ORDERED THAT Defendant Home Depot U.S.A., Inc.'s Motion to Dismiss Counts Two through Five is GRANTED, and Counts Two through Five of the Second Amended Complaint are DISMISSED WITHOUT PREJUDICE. Pursuant to Federal Rule of Civil Procedure 12(a)(4), Defendant shall answer the remaining allegations in the Second Amended Complaint within ten days of the date of this Order.

Additionally, Defendant Home Depot U.S.A., Inc. has timely moved to transfer venue to the Northern District of Georgia for the convenience of the parties, pursuant to 28 U.S.C. § 1404(a). This Court finds that such transfer of venue is warranted in light of the EBA's forum selection clause (selecting the Northern District of Georgia), as well as the facts that the Defendant is headquartered in Atlanta, many of the witnesses and relevant documents are located in Atlanta, the agreements at issue were negotiated in Georgia and they will likely be controlled by Georgia law.

Accordingly, IT IS HEREBY ORDERED THAT Defendant Home Depot U.S.A., Inc.'s Motion to Transfer Venue to the Northern District of Georgia is GRANTED, and the remaining count of the Second Amended Complaint is transferred to the Northern District of Georgia.

Dated: _____          _____
                                        The Honorable Jeffrey S. White