**Paul E. Rice/Bar No. 062509**
**RICE & BRONITSKY**
350 Cambridge Avenue, Suite 225
Palo Alto, CA 94306
Telephone: 650/289-9088
Facsimile: 650/289-9093
price@civlit.com

Attorneys for Plaintiff
B&O Manufacturing, Inc.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| **B&O MANUFACTURING, INC.**, <br><br>   Plaintiff, <br> v. <br><br> **HOME DEPOT U.S.A., INC.**, <br><br>   Defendant. | Case No.: C 07-02864 JSW <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF GEORGIA AND TO DISMISS COUNTS TWO THROUGH FIVE OF PLAINTIFF'S SECOND AMENDED COMPLAINT** <br><br> Date: November 2, 2007 <br> Time: 9:00 a.m. <br> Ctrm: 2, 17th Floor <br> Judge: Hon. Jeffrey S. White |

i

Memorandum of Points and Authorities in Opposition to Motion to Transfer Venue to the Northern District of Georgia and to Dismiss Counts Two Through Five of Plaintiff's Second Amended Complaint
Case No.: C 07-02864 JSW

**TABLE OF CONTENTS**

I.   INTRODUCTION. ..................................................................................................................1

II.  STATEMENT OF ISSUES. ..................................................................................................1

III. STATEMENT OF FACTS. ...................................................................................................1

IV.  THIS CASE SHOULD NOT BE TRANSFERRED TO THE
     NORTHERN DISTRICT OF GEORGIA. ............................................................................1

V.   PLAINTIFF STATES A CLAIM FOR RELIEF FOR RESCISSION,
     AND FURTHER HAS NOT WAIVED ANY RIGHT THERETO. ...................................5

   A. Plaintiff's allegation of a violation of the Rules of Professional Conduct is sufficient
      to withstand Defendant's Motion. .................................................................................5

   B. Defendant Misreads Plaintiff's Second Claim for Relief. ..............................................6

   C. Plaintiff's Claim of Duress and Threats. ........................................................................7

VI.  DEFENDANT'S INTRODUCTION TO ITS MOTION REGARDING
     PLAINTIFF'S THIRD CLAIM FOR RELIEF IS UNINTELLIGIBLE. ...........................9

VII. THE COMPLAINT DOES NOT ADMIT THAT HOME DEPOT
     PROVIDED B&O "SUBSTANTIAL BUSINESS." ............................................................10

VIII. HOME DEPOT'S PROMISE WAS SUFFICENT TO INDUCE
      REASONABLE RELIANCE. THE STATUTE OF FRAUDS IS NOT
      APPLICABLE. ...................................................................................................................10

IX.  PLAINTIFF'S THIRD CLAIM FOR RELIEF FOR PROMISSORY
     ESTOPPEL SHOULD STAND. .........................................................................................11

X.   PLAINTIFF MAY PROCEED WITH ITS CLAIM FOR
     DECLARATORY RELIEF. ...............................................................................................13

XI.  COUNTS FOUR AND FIVE SHOULD NOT BE DISMISSED. .....................................15

RICE & BRONITSKY
350 Cambridge Avenue, Suite 225
Palo Alto, CA 94306
650/289-9088

Memorandum of Points and Authorities in Opposition to Motion to Transfer Venue to the Northern District of Georgia and to Dismiss Counts Two Through Five of Plaintiff's Second Amended Complaint
Case No.: C 07-02864 JSW

# TABLE OF AUTHORITIES

**CASES**

*Ackerman v. First Nat'l Bank*, 239 Ga. App. 304 (1999) .......... 8

*Allied Grape Growers v. Bronco Wine Company*, 203 Cal. App. 3d 432 (1988) .......... 12

*Amber Chemical, Inc. v. Reilly Industries, Inc.*,
    No. 06-06090 2007 U.S. Dist. LEXIS 14451 (E.D. Cal. Feb. 14, 2007) .......... 13

*American Viking Contractors, Inc. v. Scribner Equip. Co.*, 745 F. 2d 1365 (11th Cir. 1984) .......... 11

*Armstrong v. Rohm & Haas Co.*, 349 F. Supp. 2d 71 (D. Mass. 2004) .......... 11

*Bethel Native Corp. v. Department of Interior*, 208 F.3d 1171 (9th Cir. 2000) .......... 15

*Birbrower v. Superior Court*, 17 Cal. 4th 119 (1998) .......... 7

*Brown v. Petroleum Helicopters, Inc.*, 347 F. Supp. 2d 370 (S.D. Tex. 2004) .......... 1, 5

*C.R. Fedrick, Inc. v. Borg-Warner Corp.*, 552 F.2d 852 (1977) .......... 12, 13

*Carolina Casualty v. Data Broadcasting*, 158 F. Supp. 2d 1044 (N.D. Cal. 2001) .......... 2, 3

*Clanton v. Clanton*, 52 Cal. App. 2d 550 (1942) .......... 9

*Davis v. Findley*, 262 Ga. 612 (1992) .......... 6

*Federal Savings and Loan Association v. Angell, Holmes & Lea*, 838 F. 2d 395 (9th Cir. 1988) .......... 7

*Felton v. Highlands Hotel*, 165 Ga. 598 (1928) .......... 7

*Flair Fashions v. SW CR Eisenhower*, 207 Ga. App. 78 (1993) .......... 8, 9

*FMC Finance Corp. v. Reed,* 592 F.2d 238 (5th Cir. 1979) .......... 13

*Georgia Receivables, Inc. v. Kirk*, 242 Ga. App. 801 (2000) .......... 7

*Gilbert v. Meason*, 137 Ga. App. 1 (1975) .......... 7

*Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103 (9th Cir. 1987) .......... 14, 15

*Jones v. GNC Franchising, Inc.*, 211 F. 3d 495 (9th Cir. 2000) .......... 2, 3

*Kajima v. Los Angeles County*, 23 Cal. 4th 305 (2000) .......... 12

*Mirabito v. Liccardo*, 4 Cal. App. 4th 41 (1992) .......... 6

*Norman Enterprises v. Dekalb County*, 245 Ga. App. 538 (2000) .......... 7

*Powell v. McCormack*, 395 U.S. 486 (1969) .......... 15

RICE & BRONITSKY
350 Cambridge Avenue, Suite 225
Palo Alto, CA 94306
650/289-9088

Memorandum of Points and Authorities in Opposition to Motion to Transfer Venue to the Northern District of Georgia and to Dismiss Counts Two Through Five of Plaintiff's Second Amended Complaint
Case No.: C 07-02864 JSW

*Redman Development Corporation v. Piedmont Heating & Air Conditioning, Inc.*,
   128 Ga. App. 447 (1973) ................................................................................................... 14

*Sabella v. Litchfield*, 274 Cal. App. 2d 195 (1969) ........................................................................ 8

*Smith v. Gordon*, 266 Ga. App. 814 (2004) ................................................................................... 8

*Steiner v. Mobil Oil*, 20 Cal. 3d 90 (1977) ................................................................................... 11

*Stewart Org. v. Ricoh Corp.*, 487 U.S. 22 (1988) .......................................................................... 1

*Ultrasound Imaging Corp. v. Hyatt Corp.*,
   No. 06-02778 2007 U.S. Dist. LEXIS 59292 (N.D. Ga. August 13, 2007) ........................... 12

*Walker v. KFC Corp.*, 728 F.2d 1215 (1984) ............................................................................... 12

*Woods v. Wright*, 163 Ga. App. 124 (1982) .................................................................................. 9

*Yoo v. Robi*, 126 Cal App. 4th 1089 (2005) ................................................................................... 7

**STATUTES**

28 U.S.C. § 1404(a) .................................................................................................................. 1, 2

California Civil Code § 1654 ....................................................................................................... 14

California Civil Code § 1689 ..................................................................................................... 7, 8

California Commercial Code § 2201 ...................................................................................... 11, 12

California Commercial Code § 2202 ........................................................................................... 13

California Commercial Code § 2204 ........................................................................................... 11

California Commercial Code § 2208 ........................................................................................... 11

O.C.G.A. § 11-2-201 .................................................................................................................... 11

O.C.G.A. § 11-2-204 .................................................................................................................... 11

O.C.G.A. § 11-2-208 .................................................................................................................... 11

O.C.G.A. § 13-5-6 .......................................................................................................................... 7

O.C.G.A. § 13-8-1 .......................................................................................................................... 6

**RULES**

Fed. R. Civ. P. 57 ......................................................................................................................... 15

Fed. R. Civ. P. 8 ....................................................................................................................... 8, 12

iv

Memorandum of Points and Authorities in Opposition to Motion to Transfer Venue to the Northern District of Georgia and to Dismiss Counts Two Through Five of Plaintiff's Second Amended Complaint
Case No.: C 07-02864 JSW

**RICE & BRONITSKY**
350 Cambridge Avenue, Suite 225
Palo Alto, CA 94306
650/289-9088

## I. INTRODUCTION.

Home Depot's Motion is based upon little or no admissible evidence (See Evidentiary Objections to Memorandum and to Curley Declaration), and a distortion of applicable law and facts. As demonstrated below, this action should not only remain venued in the Northern District of California, but should not be dismissed in any part. While Plaintiff frequently cites Georgia law, this is not an admission by Plaintiff that Georgia law is applicable to its First through Third Claims for Relief. Rather, Plaintiff is merely responding to cases cited by Defendant.

## II. STATEMENT OF ISSUES.

The Court is presented with the following issues: (1) Should this case be transferred to the Northern District of Georgia? (2) Does Plaintiff's Second Claim for Relief State a Claim for Rescission or Restitution, and, if so, has Plaintiff waived any right to claim such? (3) Should Plaintiff's Third Claim for Relief, for Promissory Estoppel be dismissed? (4) Should Plaintiff's Fourth Claim for Relief for Declaratory Relief be dismissed? (5) Should Plaintiff's Fourth and Fifth Claims for Relief be dismissed as premature in that Mediation has not yet been conducted?

## III. STATEMENT OF FACTS.

As Defendant's Motion addresses the pleadings, no Local Rule 7-4(d) Statement of Facts is provided.

## IV. THIS CASE SHOULD NOT BE TRANSFERRED TO THE NORTHERN DISTRICT OF GEORGIA.

Preliminarily, it should be noted that while Home Depot makes reference to 28 U.S.C. § 1404(a), governing transfers for convenience, the predominant venue issue before the Court is the admittedly conflicting forum selection clauses.

*Stewart Org. v. Ricoh Corp.*, 487 U.S. 22 (1988), referenced by Defendant at its Memorandum ("Memo"), p. 4:8-12, does nothing more than restate the general principles governing 28 U.S.C. § 1404(a) motions. *Stewart* did not address conflicting forum selection provisions.

*Brown v. Petroleum Helicopters, Inc.*, 347 F. Supp. 2d 370 (S.D. Tex. 2004), does not involve "dueling forum selection clauses," despite Defendant's contention of such at Memo, p. 4:18-22. *Brown* actually weighs heavily in favor of Plaintiff. For example, *Brown* holds, at 373, that in

RICE & BRONITSKY
350 Cambridge Avenue, Suite 225
Palo Alto, CA 94306
650/289-9088

1

Memorandum of Points and Authorities in Opposition to Motion to Transfer Venue to the Northern District of Georgia and to Dismiss Counts Two Through Five of Plaintiff's Second Amended Complaint
Case No.: C 07-02864 JSW

1 order to prevail on a motion to transfer based upon the availability and convenience of witnesses, the
2 movant must identify key witnesses and provide a brief outline of their likely testimony (see also
3 *Carolina Casualty v. Data Broadcasting*, 158 F. Supp. 2d 1044, 1049 (N.D. Cal. 2001)). Defendant
4 has not done so. Not a single witness is identified. The declaration as to the residences of the Legal
5 Department employees fails on evidentiary grounds (See Evidentiary Objections to Curley
6 Declaration, ¶ 9) ¶ 4). There is no evidence as to the residence of Home Depot's accounting,
7 procurement, "and/or" other corporate personnel who may testify as to Home Depot's purchasing
8 records and history. In fact, the use of the loose conjunctive "and/or," at Curley Declaration p. 4:1,
9 confirms that Home Depot has not determined the identity of any of these "key witnesses." Finally,
10 as indicated in Calleja Declaration, ¶ 2, Michael Calleja, president of B&O Manufacturing, Inc., has
11 been advised by Home Depot that records pertaining to the transactions at issue are also generated
12 from and/or maintained in India.

13 Home Depot also cites *Jones v. GNC Franchising, Inc.*, 211 F. 3d 495 (9th Cir. 2000). At
14 pages 488-489, *Jones* cites the numerous factors typically taken into account in a court's ruling on a
15 motion to transfer venue under 28 U.S.C. § 1404(a). While Home Depot argues that Georgia law
16 "controls the majority of the claims at issue," (Memo, p. 4:27), this is clearly inaccurate.

17 Plaintiff's first claim for relief for breach of the contract dated April 2005, sets forth four
18 distinct "claims at issue": (1) Did Home Depot breach said contract by failing to purchase
19 substantially less than 72,000 split curtain safety netting systems? (2) Did Home Depot fail to
20 purchase all orange netting then owned by B&O? (3) Did Home Depot fail to advise B&O of the
21 identity of suppliers of safety netting products? (4) What are the damages resulting from each of
22 these three separate alleged breaches?

23 Further, while Defendant cavalierly claims that the January 31, 2006, contract (Exhibit 2 to
24 the Second Amended Complaint ("Complaint")), is governed by Georgia law, Defendant does not
25 contest, and therefore should be deemed to not dispute, ¶ 15 of the Complaint, which alleges that the
26 January 31, 2006, contract was a "modification" to the Memorandum of Understanding (Complaint,
27 Exhibit 1), a contract with a Northern District of California forum selection clause (Section 4).
28 Accordingly, the claim for rescission and the claim for restitution are governed by the forum

**RICE & BRONITSKY**
350 Cambridge Avenue, Suite 225
Palo Alto, CA 94306
650/289-9088

2

Memorandum of Points and Authorities in Opposition to Motion to Transfer Venue to the Northern District of Georgia
and to Dismiss Counts Two Through Five of Plaintiff's Second Amended Complaint
Case No.: C 07-02864 JSW

1 selection and choice of law provisions of Complaint, Exhibit 1.  Indeed, that Exhibit 1 specifically
2 contemplated potential amendment, as indicated in Section 3, which states "no amendment shall be
3 valid unless in writing and signed by a duly authorized representative of each party," only bolsters
4 Plaintiff's contention that Exhibit 2 was a modification of Exhibit 1, and thus is subject to Exhibit 1's
5 forum selection clause.

6 As it is undisputed that Exhibit 2 relates to payment for product that was the subject of
7 Exhibit 1, Exhibit 2, which obviously could not exist in a vacuum, is obviously a modification of
8 Exhibit 1.  Further proof of this is evidenced by the fact that at the time of the execution of Exhibit 2,
9 Exhibit 3 was not even in existence.

10 Finally, on the "issue counting" issue, the only issue arising out of Exhibit 3 is whether Home
11 Depot breached said contract, and if so, the amount of damages.

12 *Jones* factor number two, the state most familiar with the governing law, is a draw.
13 Presumably, a Federal Court located in California is no more or less familiar with Georgia law than a
14 Federal Court located in Georgia is with California law.

15 Plaintiff clearly prevails on factor three, "Plaintiff's choice of forum," as it has chosen
16 California.  As California is Plaintiff's home state, and as California has a substantial connection to
17 the activities alleged in the Complaint, Plaintiff's choice is afforded substantial weight (*Carolina*
18 *Casualty, supra*, at 1048).

19 Factor four is, at best, a draw for Home Depot.  As indicated in the evidentiary objections,
20 Mr. Curley's statement at Curley Declaration ¶ 4, about numerous visits by B&O representatives to
21 Atlanta, is inadmissible.  Even were the Court to consider this contention, the Calleja Declaration at
22 ¶¶ 4 and 5 indicates that Home Depot representatives have visited B&O's California location on
23 numerous occasions over the past five years or so.  Further, while Mr. Curley utilizes the plural form,
24 that is, B&O "representatives," as indicated in the Calleja Declaration, Michael Calleja, B&O's
25 president, is B&O's only non-lawyer representative to ever visit the Home Depot facility on behalf of
26 B&O, and B&O's attorney visited Home Depot's office on only two occasions, both for the purpose
27 of attempting to resolve differences, and not for the purpose of contract negotiations (Calleja
28 Declaration, ¶ 4).

RICE & BRONITSKY
350 Cambridge Avenue, Suite 225
Palo Alto, CA  94306
650/289-9088

3

Memorandum of Points and Authorities in Opposition to Motion to Transfer Venue to the Northern District of Georgia
and to Dismiss Counts Two Through Five of Plaintiff's Second Amended Complaint
Case No.:  C 07-02864 JSW

Further, the bulk of the contacts were with California. B&O is a manufacturer, based in the Northern District of California, which shipped Home Depot product to many states (Calleja Declaration, ¶ 5). Other than the fact that Home Depot also has retail stores in Georgia, B&O's only contacts with Georgia had to do with business negotiations, payments, et cetera. On the other hand, most of the manufacturing of product for Home Depot took place by B&O in California (Calleja Declaration, ¶ 5).

Home Depot's reference to differences in the costs of litigation is meaningless. The mere fact that some of Home Depot's records are located in Atlanta (Curley Declaration, ¶ 8) is more than offset by the fact that all of B&O's internal records are located in California (Calleja Declaration, ¶ 2). Likewise, its accounting firm and accountant, which have relevant damages records, are located in Northern California, (Krause Declaration, ¶¶ 1-3). Depositions will be taken in both states. There is no indication by Home Depot of any necessity to compel attendance of unwilling non-party witnesses. Ease of access to records is referenced above. Neither side indicates the need to access records of third parties (other than Plaintiff's accounting firm).

Defendant's contention that the forum selection clause in Complaint, Exhibit 3, should control, as it is the most recently negotiated agreement (Memo, p. 4:12-14), is not supported by any authority. It should be noted that the Fourth and Fifth Claims for Relief only came about due to Home Depot's purported termination of its relationship with B&O after the filing of the original complaint in this action (Memo, Exhibit A), and presumably in retaliation therefor. Plaintiff's choice of venue, which was uncontested by Defendant in its Motion to Dismiss Plaintiff's First Amended Complaint, should not be disturbed merely because Plaintiff now seeks to present to the Court all disputes between the parties.

Home Depot's statement at Memo p. 4:12-15 that the forum selection clause of Exhibit 3 "broadly applies to all disputes arising 'in connection' with the parties' purchase agreements" is inaccurate. The phrase "in connection," at Complaint, Exhibit 3, § 17, does not reference all agreements between the parties, but rather, is limited to Exhibit 3, by stating "this Agreement." Further, there is no evidence presented to the Court that Plaintiff's claims under Exhibit 3 arise out of any breach of Exhibit 1. Even a cursory examination of Exhibits 1 and 3 confirms that they

RICE & BRONITSKY
350 Cambridge Avenue, Suite 225
Palo Alto, CA 94306
650/289-9088

4

reference separate product purchases, and that Exhibit 3 does not even remotely address the repurchase of orange safety netting, or Home Depot's obligation to advise B&O of the identity of suppliers of safety netting products, as referenced in Exhibit 1. Finally, § 3 of Exhibit 1, entitled "Controlling Documents," states that in the event of a conflict between the Memorandum of Understanding and the Expense Buying Agreement, the terms of the Memorandum will control "in all respects."

Defendant has not met its "burden of demonstrating to the Court that it should transfer the case" (*Brown*, at 372). Its motion to transfer thus should be denied.

## V. PLAINTIFF STATES A CLAIM FOR RELIEF FOR RESCISSION, AND FURTHER HAS NOT WAIVED ANY RIGHT THERETO.

### A. Plaintiff's allegation of a violation of the Rules of Professional Conduct is sufficient to withstand Defendant's Motion.

While Home Depot claims alleged an "concession" that B&O drafted Exhibit 2 (Memo, p. 6:17-19), this is not what the Complaint alleges. Rather, Complaint, ¶ 15, alleges that "HD required Mr. Calleja, without allowing B&O, through Mr. Calleja, the opportunity to consult with legal counsel, to immediately prepare and sign, on Plaintiff's letterhead, a letter agreement regarding a commitment to pay to HD sums not actually owing to it." Plaintiff never alleges that it drafted Exhibit 2, only that it prepared such, and that under these circumstances, preparation was but a ministerial task. This propensity toward overstatement is further exemplified by Home Depot's contention, unsupported by any evidence, at Memo, p. 7:14-17, that Home Depot's Legal Department had no involvement prior to the execution of Exhibit 2, and that its approval stamp was added thereafter (Evidentiary Objections to Memo, ¶ 8). Indeed, the only logical assumption is to the contrary. As Exhibit 2 was executed by officers of both parties, the "Approved Legal" stamp found on Exhibit 2 would be meaningless once it was signed by parties with apparent authority to bind, given that the document itself, like Exhibits 1 and 3, does not state that it is effective only upon approval of counsel.

Home Depot distorts, beyond recognition, B&O's contentions, when it states that B & O contends that any time a lawyer communicates only with his/her own client on any contested matter,

5

Memorandum of Points and Authorities in Opposition to Motion to Transfer Venue to the Northern District of Georgia and to Dismiss Counts Two Through Five of Plaintiff's Second Amended Complaint
Case No.: C 07-02864 JSW

RICE & BRONITSKY
350 Cambridge Avenue, Suite 225
Palo Alto, CA 94306
650/289-9088

a breach of ethics occurs (Memo, p. 7:20-22)  This is not what B&O contends.  B&O contends, on information and belief (Complaint, ¶ 17), that Home Depot's counsel participated indirectly in the process of negotiating with a represented party, without the involvement of that party's counsel.

Would Home Depot contend that there is no violation of the Rules of Professional conduct if, in a litigated situation, counsel were to say to his/her client, "I am prohibited from talking directly to the adversary.  However, we can probably settle this case if we can bypass the lawyer on the other side.  As I can not talk to the adversary directly, why don't you approach the adversary, tell him that he should settle for a certain amount based upon the following six factors, that the law is on our side for the following specific reasons, and that if he does not settle, after the case is over a lawsuit for malicious prosecution will follow."  This is a far cry from two parties to a lawsuit deciding, on their own, to bypass the lawyers and discuss settlement on their own.  The use of the client as a conduit or messenger for the lawyer exhorts form over substance.  B&O alleges that Home Depot used its lawyers as a conduit or messenger.

**B.     Defendant Misreads Plaintiff's Second Claim for Relief.**

Nowhere in its Second Claim for Relief does Plaintiff seek damages or other relief against Home Depot's attorneys.  Plaintiff claims only that it is entitled to rescission and restitution due to the illegality of Exhibit 2, which rendered it void *ab initio* (Complaint, ¶ 21).  Alternatively Plaintiff claims that Exhibit 2 is voidable (Complaint, ¶ 23).

*Davis v. Findley*, 262 Ga. 612, 613 (1992), cited by Defendant at Memo, p. 8:4-7, holds only that in Georgia, a violation of the Rules of Professional Conduct does not give rise to a cause of action for malpractice against ones lawyer, or to a presumption of breach of a legal duty (*Davis*, at 612-613).  However, under California law, which governs Exhibit 2 (supra at 2:23-3:8), the jury may be instructed on the Rules of Professional Conduct when applicable. *Mirabito v. Liccardo*, 4 Cal. App. 4th 41, 47 (1992).  B&O does not allege a claim for relief against Home Depot's lawyers under the laws of either Georgia or California.

Given the circumstances surrounding the execution of Exhibit 2, including the apparent involvement of counsel,  under either Georgia or California law, Exhibit 2 could reasonably be found to be illegal as against public policy, and thus void *ab initio*, and therefore, unenforceable: O.C.G.A.

6

Memorandum of Points and Authorities in Opposition to Motion to Transfer Venue to the Northern District of Georgia and to Dismiss Counts Two Through Five of Plaintiff's Second Amended Complaint
Case No.:  C 07-02864 JSW

1  § 13-8-1; *Georgia Receivables, Inc. v. Kirk*, 242 Ga. App. 801, at 801 (2000); *Norman Enterprises v.*
2  *Dekalb County*, 245 Ga. App. 538, 543-544 (2000); *Yoo v. Robi*, 126 Cal App. 4th 1089, 1096-1097
3  (2005).

4      The victim of an illegal contract is entitled to a refund of amounts paid thereunder: *Felton v.*
5  *Highlands Hotel*, 165 Ga. 598, 602-603 (1928); *Federal Savings and Loan Association v. Angell,*
6  *Holmes & Lea*, 838 F. 2d 395, 397 (9th Cir. 1988)), applying California law.

7      Even if the contract is not void *ab initio*, it is certainly possible for a trier of fact to find it
8  voidable, entitling Plaintiff to rescission and restitution. It is indisputable that under both Georgia
9  and California law, a contract may be rescinded based upon duress (O.C.G.A. § 13-5-6 (which
10 specifically references imprisonment, threats, or other acts); California Civil Code § 1689 (b)(1)).

11     California law also permits a contract to be rescinded "If the public interest will be prejudiced
12 by permitting the contract to stand." Civil Code § 1689(b)(6). Georgia law is similar, in disallowing
13 contracts in violation of public policy. *Gilbert v. Meason*, 137 Ga. App. 1, 4 (1975). Clearly the two
14 states' codified Rules of Professional Conduct proscribe conduct, which, if not illegal, is certainly
15 against public policy.

16     While Home Depot questions the applicability of the California Rules of Professional
17 Conduct to Atlanta based lawyers (Memo, p. 7, fn 2), not only is there no competent evidence that
18 the lawyers who "approved" Exhibit 2 either were based in Georgia, or are not admitted in
19 California, but given that Exhibit 1, and derivatively Exhibit 2, are governed by California law,
20 under appropriate circumstances, to be determined on a case-by-case basis, *Birbrower v. Superior*
21 *Court*, 17 Cal. 4th 119, 128-129 (1998), Home Depot's attorneys' (agents') actions may be governed
22 by California's Rules of Professional Conduct, which specifically address such a situation (Rule 1-
23 100 B(2) and D(2)), rules that have been approved by the Supreme Court of California (Rule 1-100
24 (A)). Certainly it is too early to determine the applicability of the California Rules.

25     **C.    Plaintiff's Claim of Duress and Threats.**

26     Home Depot's claim, at Memo p. 9:6-8, that it merely did what it had a right to do, ignores
27 the fact that Home Depot, at the minimum, had no right to cease those "future business dealings"
28

7

Memorandum of Points and Authorities in Opposition to Motion to Transfer Venue to the Northern District of Georgia
and to Dismiss Counts Two Through Five of Plaintiff's Second Amended Complaint
Case No.: C 07-02864 JSW

**RICE & BRONITSKY**
350 Cambridge Avenue, Suite 225
Palo Alto, CA 94306
650/289-9088

referenced in Exhibit 1, dealings which, by their very terms, had not expired as of the date of execution of Exhibit 1 (Sections 1.b. and 1.c.)

*Ackerman v. First Nat'l Bank*, 239 Ga. App. 304 (1999), (Memo, p. 8:16-22), holds that a claim of duress may be supported by opposing party's acts that are wrongful or unlawful (305). Clearly a trier of fact could find that the actions involving counsel were, at the minimum, wrongful, without even adding the additional factor of Goliath threatening to abruptly end a very important, long-term relationship with David, unless David, on that very day, modifies a pre-existing business contract that had not yet been completed. The *Ackerman* Court noted, at 305, in contrast to the case at bar, that the defendant renewed the contract after consultation with her own attorney.

*Smith v. Gordon*, 266 Ga. App. 814 (2004) is also distinguishable. *Smith* references, at 816, a failure to show that a party was deprived of his free will. While Plaintiff obviously does not claim that he was forced to execute Exhibit 2 in a locked room at gunpoint, the circumstances alleged in Complaint, ¶¶ 14-19, acted to deprive Plaintiff, through Mr. Calleja, of its free will. Without stretching the analogy, just as a suspect must be advised of his right to counsel before law enforcement questioning, discussions with a party known to be represented by counsel, about modifying a contract drafted through counse,l should not have been undertaken by Home Depot, and must be deemed inherently coercive.

Defendant's references to *Sabella v. Litchfield*, 274 Cal. App. 2d 195 (1969) are also misplaced. As referenced above, Defendant not only used illegal means, but made a bad faith threat to breach a contract. *Sabella* also must be read within the context of the unique body of law governing union collective bargaining (p. 197). Finally while Plaintiff has not used the exact phrase, "undue influence" in its Complaint, the facts as alleged in Plaintiff's Complaint certainly plead a claim for rescission for undue influence, a permissible grounds for rescission under Civil Code § 1689(b)(1). Sufficient notice has been given. Fed. R. Civ. P. 8 (a).

Home Depot's claim of waiver also may not be disposed of at the pleading stage. Under Georgia law "the question of what is a reasonable or proper time within which to respond to a contract depends upon the facts of a particular case and is *ordinarily* a question for the jury." *Flair Fashions v. SW CR Eisenhower*, 207 Ga. App. 78, 79 (1993). In contrast to the Plaintiff in *Flair*,

RICE & BRONITSKY
350 Cambridge Avenue, Suite 225
Palo Alto, CA 94306
650/289-9088

8

1  which was not a pleading case, but rather an appeal from the granting of a Motion for Summary
2  Judgment, B&O has alleged a sufficient reason to explain or account for the delay (*Flair* at 79), at
3  Complaint, ¶ 22.

4    *Woods v. Wright*, 163 Ga. App. 124 (1982), cited at Memo, p. 10:4-16, is inapplicable.  First,
5  it is a summary judgment case, and thus does not set the standards for pleadings.  Second, in contrast
6  to *Woods*, at 126, there is nothing in the pleadings to indicate that at the time it made payments to
7  Home Depot, pursuant to Exhibit 2 (Complaint, ¶ 21), B&O was aware that Home Depot would
8  break its promise regarding future purchases.  Indeed, at Complaint, ¶ 20, Plaintiff specifically
9  alleges that it did not become aware of the provisions of the various Rules of Professional Conduct,
10 and of their applicability to Exhibit 2, until many months after its execution.  Further, unlike Mr.
11 Woods, there is no evidence that B&O gambled on a favorable outcome, and when the gamble failed,
12 attempted rescission based upon a claim of coercion (*Woods*, at 126).

13   California law is similar.  A plaintiff must allege facts relied upon to excuse a failure to act
14 promptly.  *Clanton v. Clanton*, 52 Cal. App. 2d 550, 555 (1942).  In *Clanton*, Plaintiff had
15 knowledge of the false promises within a few weeks of the agreement (557).  While Defendant's
16 Motion is directed at the pleadings, it is obvious that a considerable amount of time must have passed
17 before B&O would even become aware that Home Depot would not keep its promise to make
18 "substantial quantities of business in the future" (Complaint, ¶ 25).  With Complaint, Exhibit 1,
19 referencing purchases for a one-year period, and Exhibit 3 referencing purchases over a two-year
20 period, it is obvious that considerable time would pass before B&O would even begin to suspect that
21 Home Depot might not be keeping its promise.

22 **VI.  DEFENDANT'S INTRODUCTION TO ITS MOTION REGARDING PLAINTIFF'S**
23    **THIRD CLAIM FOR RELIEF IS UNINTELLIGIBLE.**

24   At Memo, p. 10:20-25, Home Depot seems to imply that an agreement to provide future
25 business is equivalent to the actual provision of such. This statement makes no sense.  Babe Ruth's
26 pointing to the spot where he would hit his home run in game 3 of the 1932 World Series would have
27 long been forgotten had he not actually, so the legend goes, followed through on his prediction.
28

RICE & BRONITSKY
350 Cambridge Avenue, Suite 225
Palo Alto, CA  94306
650/289-9088

9

Memorandum of Points and Authorities in Opposition to Motion to Transfer Venue to the Northern District of Georgia
and to Dismiss Counts Two Through Five of Plaintiff's Second Amended Complaint
Case No.:  C 07-02864 JSW

1  In fact, for example, ¶ 37 of Plaintiff's Fifth Claim for Relief alleges that Home Depot did not
2  purchase the requisite 75 percent of new store netting, confirming, at least for pleading purposes, that
3  Home Depot did not "give" it the promised business. To somehow read into an allegation of breach
4  of a promise to provide substantial business,

5  an admission that substantial business was provided is incomprehensible.

## VII. THE COMPLAINT DOES NOT ADMIT THAT HOME DEPOT PROVIDED B&O "SUBSTANTIAL BUSINESS."

8  In addition to the unintelligibility issue raised above, at Memo, p. 11: 5-15, Defendant limits
9  its focus to "new store safety netting," and implies that new store safety netting is the benchmark
10 against which all determinations are made. Defendant overlooks, for example, that Exhibit 1,
11 Section 1.A, references "split curtain safety netting systems," without reference to whether the
12 systems were to be manufactured for new stores. Likewise, as to Exhibit 1, Section 1.B, which talks
13 about safety netting systems, without limiting said systems to "split curtain" safety netting systems,
14 and further references 50 percent of safety netting systems for both new and remodeled stores. It is
15 simply a misreading of the Complaint for Defendant to state that "Home Depot was purchasing **50
16 percent of its new store safety netting** from B&O pursuant to the MOU" (Memo, at p. 11:8-9)
17 (emphasis in original), when Exhibit 1 specifically references both new and remodeled stores.

18 Further, the fact that cumulatively, Home Depot has been B&O's biggest customer over the
19 past thirteen years (Memo, p. 11:11-13) is irrelevant on two counts. First, the total business of Home
20 Depot over the past thirteen years does not in any way define the amount of business Home Depot
21 provided B&O with respect to business actually received subsequent to January 31, 2006.

22 Second, as B&O's biggest customer, what constituted substantial business must necessarily
23 not be measured in a vacuum, but rather must be measured against not only prior business over the
24 history of the relationship, but against recent business.

## VIII. HOME DEPOT'S PROMISE WAS SUFFICENT TO INDUCE REASONABLE RELIANCE. THE STATUTE OF FRAUDS IS NOT APPLICABLE.

27 After acknowledging the applicability of the Uniform Commercial Code at Memo, p. 11:24-
28 12:7, Home Depot relies on two non UCC statute of fraud cases—*Armstrong v. Rohm & Haas Co.*,

RICE & BRONITSKY
350 Cambridge Avenue, Suite 225
Palo Alto, CA 94306
650/289-9088

10

349 F. Supp. 2d 71 (D. Mass. 2004) and *American Viking Contractors, Inc. v. Scribner Equip. Co.*, 745 F. 2d 1365 (11th Cir. 1984)—at Memo, p. 12:9-20. Further, neither of these cases involved a prior course of business dealings. Finally, Home Depot boldly declares that the MOU and the EBA "codify" the long term course of dealing (Memo, p. 12:23-24), completely ignoring the many prior years of business dealings, which preceded the MOU by approximately ten years (Complaint, ¶ 14).

Home Depot also ignores a critical exception to California Commercial Code § 2201 and its counterpart, O.C.G.A. § 11-2-201. These sections carve out an exception for specially manufactured goods, not suitable for others, where the seller has made either a substantial beginning of their manufacture, or commitments for their procurement (subsection 3(a)). While the Complaint admittedly does not specifically allege such, Home Depot cannot, in good faith, deny its knowledge that the goods manufactured for it were made to its own specifications, were specially manufactured, and were not suitable for others.

Home Depot also completely ignores California Commercial Code § 2204(3), and O.C.G.A. § 11-2-204(3), which hold that a contract for the sale of goods may be formed even if "one or more terms are left open." California Commercial Code § 2208; O.C.G.A. § 11-2-208; *Steiner v. Mobil Oil*, 20 Cal 3d. 90, 104 (1977).

Sections 2201 and 2204 collectively are sufficient to allow Plaintiff to proceed with its claim, even without applicability of promissory estoppel. However, should the Court find the Statute of Frauds otherwise applicable, the doctrine of promissory estoppel requires that Plaintiff's Third Claim for Relief not be dismissed at the pleading stage.

### IX. PLAINTIFF'S THIRD CLAIM FOR RELIEF FOR PROMISSORY ESTOPPEL SHOULD STAND.

Having cited both Georgia and California law through much of its Motion, Home Depot is remarkably silent on Georgia law with respect to Plaintiff's promissory estoppel claim. This silence should be construed as admitting that California law governs all but Plaintiff's third claim for relief.

However, were the Court to find Georgia law applicable to Plaintiff's third claim for relief, it is clear that Plaintiff has properly pled the elements of a claim for promissory estoppel.

> Under Georgia law, to claim promissory estoppel, plaintiff must show (1) that the defendant made a promise; (2) that the defendant should

11

RICE & BRONITSKY
350 Cambridge Avenue, Suite 225
Palo Alto, CA 94306
650/289-9088

> have expected that plaintiff would rely on such a promise and (3) that the plaintiff did, in fact, rely on the promise to his or her detriment. *Ultrasound Imaging Corp. v. Hyatt Corp.*, No. 06-02778 2007 U.S. Dist. LEXIS 59292, at *13-14 (N.D. Ga. August 13, 2007).

Further, a plaintiff can generally plead both promissory estoppel and breach of contract in the alternative. *Ultrasound*, at *13-14, fn 4 (cites omitted). The only case cited by Home Depot referencing California's application of the doctrine of promissory estoppel is *Walker v. KFC Corp.*, 728 F.2d 1215 (1984). *Walker* has never been cited by a California Court since it was published. Under California law, promissory estoppel is applied to enforce a promise in order to avoid injustice by applying equitable principles to satisfy the requirement of consideration. *Kajima v. Los Angeles County*, 23 Cal. 4th 305, 310 (2000).

In any case, the present case is distinguishable from *Walker*. In *Walker*, it is indisputable that the parties had entered into a contract (1216-1218). ). It is critical to note that *Walker* involved a post-trial appeal, and not a pleading case. The *Walker* plaintiffs sought to enforce claimed promises outside the written agreement (1219). Plaintiff is certainly entitled to plead in the alternative (Fed. R. Civ. P. 8 (e)(2)). Given that Defendant argues at length that there was no contract between the parties due to the Statute of Frauds, and further, based upon indefiniteness (Memo, p. 11:24-13:2), Plaintiff should certainly be entitled to plead in the alternative, and to proceed with its claim for relief based upon promissory estoppel in the event there is a determination, whether at the pleading stage or subsequently, that no enforceable contract existed, based upon either the statute of frauds and/or indefiniteness.

Defendant's reliance on *C.R. Fedrick, Inc. v. Borg-Warner Corp.*, 552 F.2d 852 (1977) is clearly misplaced. At the time *Fedrick* was decided, the Court noted, at 856, that it had found no California authority on the issue, and therefore, it attempted to determine how the Supreme Court of California would rule. Since *Fedrick*, the issue has been decided by a California appellate court, which Court referenced *Fedrick*, and determined that *Fedrick* misinterpreted California law. In *Allied Grape Growers v. Bronco Wine Company*, 203 Cal. App. 3d 432 (1988), the Court specifically found that the doctrine of promissory estoppel constituted an exception to the statute of frauds provisions found in California Commercial Code § 2201. (*Allied Grape¸* at 442-444.) Accordingly,

12

RICE & BRONITSKY
350 Cambridge Avenue, Suite 225
Palo Alto, CA 94306
650/289-9088

1. neither *Fedrick*, nor the Fifth Circuit's ruling in *FMC Finance Corp. v. Reed,* 592 F.2d 238 (5th Cir. 1979) is applicable.

Finally, Defendant's reference to the Expense Buying Agreement, ¶ 30.0, at Memo, p. 12:21-13:2, is without foundation. Nowhere does Plaintiff allege that Exhibit 3 governed the failures to purchase referenced in Plaintiff's Third Claim for Relief. Further, Plaintiff contends that Home Depot is estopped from attempting to invoke its merger provision, given that Home Depot has signed a document that it knew contained inaccurate statements of fact. For example, Section 19.0 of Exhibit 3, which is stated at the bottom of every page to be "Confidential and Proprietary to Home Depot, The Language, Terms, and Provisions of this Agreement are the result of negotiations between the parties." In contrast, for example, to Exhibit 1, which is not a pre-printed form, it is clear that no negotiation of the language, terms, conditions and provisions of the agreement actually existed.

Further, this case is still at the pleadings stage. Plaintiff contends that there will come into evidence facts, which, when viewed in a light most favorable to it, suggest that the parties did not intend for the EBA, assuming it to control, to be a complete expression of their agreement. Accordingly, the presence of the integration clause cannot justify a dismissal of Plaintiff's third claim for relief, particularly given that California Commercial Code § 2202(b) requires an express finding of the Court to that effect (*Amber Chemical, Inc. v. Reilly Industries, Inc.*, No. 06-06090 2007 U.S. Dist. LEXIS 14451, * at 30, fn 5 (E.D. Cal. Feb. 14, 2007). That Plaintiff has alleged that the "long term course of dealing between B&O and HD" established the pricing, term, et cetera, falls, at least at the pleading stage, squarely within the confines of California Commercial Code § 2202(a).

## X.   PLAINTIFF MAY PROCEED WITH ITS CLAIM FOR DECLARATORY RELIEF.

Plaintiff does not deny that this Court has the discretion to deny a claim for declaratory relief. However, this is a far cry from Defendant's claim that this Court may not entertain such a claim for relief, as Home Depot argues at Memo, p. 13:21-14:4.

Defendant first argues that the contractual language of Exhibit 3 bars any claim that Home Depot was precluded from terminating Exhibit 3, without cause, upon 60 days' written notice (Memo, p. 13:5-20). Home Depot also claims that B&O's arguments would "utterly eviscerate the

13

Memorandum of Points and Authorities in Opposition to Motion to Transfer Venue to the Northern District of Georgia and to Dismiss Counts Two Through Five of Plaintiff's Second Amended Complaint
Case No.:  C 07-02864 JSW

plain language of the EBA" (Memo, p. 13:19-20).

Defendant chooses to ignore the plain language of Exhibit A-1 to Exhibit 3, which clearly states, "In the event of any conflict or discrepancy between the terms and provisions of the EBA and its Exhibit A-1, this Exhibit A-1 shall govern and control." Accordingly, even if one were to interpret the modification, conflict or discrepancy as an evisceration, Exhibit A-1 contemplates such.

As to the issue of "retroactive modification" of pricing (Memo, p. 13:17-21), this is a matter of evidence as to the discussions between the parties, of custom and practice, and other facts, and not suitable for disposition at the pleadings stage.

Home Depot also argues that there is no "conflict or discrepancy between Exhibit A-1 and the EBA's termination provision." While it is true that Exhibit A-1 does not use the word "terminate" or any synonym thereof, it is equally true that Home Depot committed to purchasing 75 percent of the volume of new store safety netting from B&O "within the dates specified above." The dates specified are, of course, April 1, 2006, through March 31, 2008, as referenced in the preamble at page 1 of the EBA. Accordingly, if as alleged, Home Depot fails to purchase 75 percent of the new store safety netting purchased by Home Depot from all sources within those dates specified, it may not terminate the EBA. Plaintiff certainly has the right to present evidence to the Court that this 75 percent milestone was not met (Complaint, ¶ 33). To the extent the "volume commitment" language of Exhibit A-1 is unclear as to how it impacts the termination without cause language of the EBA, Home Depot bears the burden thereof. Home Depot's use of a preprinted form only ratifies this conclusion. *Redman Development Corporation v. Piedmont Heating & Air Conditioning, Inc.*, 128 Ga. App. 447, 447-450 (1973). See also, California Civil Code § 1654.

Further, the cases referenced by Home Depot are inapplicable. *Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103 (9th Cir. 1987) dealt specifically with the availability of declaratory relief for alleged violations of Federal civil rights laws, and was rendered post-judgment, not at the pleading stage (1106). It is a wholly different matter to argue that a court erred in refusing, after trial, to grant a specific form of relief requested, than to argue, as Home Depot does, that prior to the taking of any evidence, a court should not even consider the availability of declaratory relief.

Certainly declaratory relief may, in the present case, "aid in clarifying and settling legal

14

Memorandum of Points and Authorities in Opposition to Motion to Transfer Venue to the Northern District of Georgia and to Dismiss Counts Two Through Five of Plaintiff's Second Amended Complaint
Case No.:  C 07-02864 JSW

RICE & BRONITSKY
350 Cambridge Avenue, Suite 225
Palo Alto, CA 94306
650/289-9088

1 relations at issue." (*Greater Los Angeles Council*, at 1112.)  Further, as the Court stated, at 1112, "the existence of other remedies does not preclude appropriate declaratory relief (citing Fed. R. Civ. P. 57)".  See also *Powell v. McCormack*, 395 U.S. 486, 517-518 (1969).

*Bethel Native Corp. v. Department of Interior*, 208 F.3d 1171 (9th Cir. 2000), cited at Memo, p. 13:25-27, is inapplicable.  Nowhere is there an implication that B&O is seeking to establish *res judicata* in a subsequent state court action for damages or restitution, let alone seeking such as its "sole remedy" (*Bethel*, at 1177).  Rather, it is clear that B&O's Complaint seeks whatever damages it is entitled to in the pending action.

## XI.   COUNTS FOUR AND FIVE SHOULD NOT BE DISMISSED.

Home Depot asserts that mediation is premature, as the EBA provides for a 60-day notice. However, given that the parties are in dispute as to whether Home Depot could terminate the contract, its refusal to mediate after B&O specifically requested mediation over "whether HD has a right to terminate without cause," (Rice Declaration, ¶ 2) (Complaint, ¶ 31), has frustrated the entire purpose of the mediation provision, and constitutes a waiver of its right to require mediation.  Home Depot cannot on the one hand decline to mediate (Complaint, ¶ 31), and then hide behind Section 20.0(d) of the EBA, which requires waivers of conditions to be in writing.

Additionally, given the other pending claims, by the time this Motion is heard, the 60-day provision will have run.  B&O has invited Home Depot to schedule mediation of the fourth and fifth claims for relief, to be conducted prior to the hearing date on its Motion, which offer has been declined. (Rice Declaration, ¶ 2.)  At most, a brief stay while the parties mediate Complaint Exhibit 3 is in order.  Dismissal is far too harsh a remedy, particularly when the likely result is that Home Depot will promptly file its own action in the Northern District of Georgia, thus leading to a multiplicity of actions.

Dated: September 27, 2007                                RICE & BRONITSKY

By: /s/ Paul E. Rice
Paul E. Rice
Attorneys for Plaintiff
B&O MANUFACTURING, INC.

15

Memorandum of Points and Authorities in Opposition to Motion to Transfer Venue to the Northern District of Georgia and to Dismiss Counts Two Through Five of Plaintiff's Second Amended Complaint
Case No.:  C 07-02864 JSW