1  **Paul E. Rice/Bar No. 062509**
   **RICE & BRONITSKY**
2  350 Cambridge Avenue, Suite 225
   Palo Alto, CA  94306
3  Telephone:    650/289-9088
   Facsimile:    650/289-9093
4  price@civlit.com

5  Attorneys for Plaintiff
   B&O Manufacturing, Inc.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| **B&O MANUFACTURING, INC.**,<br><br>              Plaintiff,<br>      v.<br><br>**HOME DEPOT U.S.A., INC.**,<br><br>              Defendant. | Case No.:  C 07-02864 JSW<br><br>**EVIDENTIARY OBJECTIONS TO THE DECLARATION OF DAVID CURLEY IN SUPPORT OF DEFENDANT'S MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF GEORGIA AND TO DISMISS COUNTS TWO THROUGH FIVE OF PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>Date:   November 2, 2007<br>Time:  9:00 a.m.<br>Ctrm:   2, 17th Floor<br>Judge:  Hon. Jeffrey S. White |

| | **REFERENCE** | **OBJECTIONS** |
|---|---|---|
| 1. | Page 2:12-15. | Speculation; no foundation; FRE 602; Local Rule 7-5(a) and (b).  Mr. Curley testified that he has been a Home Depot employee, commencing September 6, 2005. Accordingly, he has not established first hand knowledge for his testimony that Home |

1

Evidentiary Objections to the Declaration of David Curley in Support of Defendant's Motion to Transfer Venue to the Northern District of Georgia and to Dismiss Counts Two Through Five of Plaintiff's Second Amended Complaint
Case No.:  C 07-02864 JSW

RICE & BRONITSKY
350 Cambridge Avenue, Suite 225
Palo Alto, CA  94306
650/289-9088

| | | |
|---|---|---|
| | | Depot has been purchasing safety netting from B&O for well over ten years, nor whether B & O representatives have visited Home Depot's Atlanta headquarters over this long term relationship, of which he has been involved for less than 1/5 thereof.<br><br>\_\_\_\_\_ Sustained<br><br>\_\_\_\_\_ Overruled |
| 2. | Page 2:20-22, commencing with "Shortly" and ending with "MOU." | Speculation; no foundation; FRE 602; FRE 1002; Local Rule 7-5(a) and (b), vague as to time.  Further, as Mr. Curley apparently started with Home Depot on September 6, 2005, and as he states that Home Depot pre-paid B & O over $5 million for split curtain safety netting systems under the MOU, (which B & O disputes), shortly thereafter, this statement also appears to constitute hearsay (FRE 802).  Mr. Curley has not demonstrated that he has sufficient knowledge of the payment history of Home Depot to B&O.  Indeed, he admits in his Declaration, at page 4:1-2, that persons other than himself are persons with such purported knowledge.  With respect to FRE 1002, the writings reflecting payments are required in order to prove Mr. Curley's assertion.<br><br>\_\_\_\_\_ Sustained |

**RICE & BRONITSKY**
350 Cambridge Avenue, Suite 225
Palo Alto, CA  94306
650/289-9088

2

Evidentiary Objections to the Declaration of David Curley in Support of Defendant's Motion to Transfer Venue to the Northern District of Georgia and to Dismiss Counts Two Through Five of Plaintiff's Second Amended Complaint
Case No.:  C 07-02864 JSW

| | | |
|---|---|---|
| | | _____ Overruled |
| 3. | Page 2:22-23, commencing with "Of." | Speculation; no foundation; FRE 602; FRE 1002; Local Rule 7-5(a) and (b). <br> _____ Sustained <br> _____ Overruled |
| 4. | Page 3:11-13, commencing with "All." | Speculation; no foundation; FRE 602; Local Rule 7-5(a) and (b); hearsay.  Mr. Curley has not demonstrated how he knows which employees are able to so testify, nor how he has knowledge of their residence. <br> _____ Sustained <br> _____ Overruled |

Dated: September 24, 2007                           RICE & BRONITSKY


                                                   By: /s/ Paul E. Rice

                                                   Paul E. Rice
                                                   Attorneys for Plaintiff
                                                   B&O MANUFACTURING, INC.

RICE & BRONITSKY
350 Cambridge Avenue, Suite 225
Palo Alto, CA 94306
650/289-9088

3

Evidentiary Objections to the Declaration of David Curley in Support of Defendant's Motion to Transfer Venue to the Northern District of Georgia and to Dismiss Counts Two Through Five of Plaintiff's Second Amended Complaint
Case No.:  C 07-02864 JSW