1  SEDGWICK, DETERT, MORAN & ARNOLD LLP
   STEVEN ROLAND  (Bar No. 108097)
2  AMBER RYE BRUMFIEL  (Bar No. 215181)
   One Market Plaza
3  Steuart Tower, 8th Floor
4  San Francisco, California 94105
   Telephone: (415) 781-7900
5  Facsimile: (415) 781-2635

6  BONDURANT, MIXSON & ELMORE, LLP
   RONAN P. DOHERTY (*Pro Hac Vice*)
7  CHRISTOPHER T. GIOVINAZZO (*Pro Hac Vice*)
   3900 One Atlantic Center
8  1201 West Peachtree Street NW, Suite 3900
   Atlanta, Georgia  30309
9  Telephone: (404) 881-4100
   Facsimile: (404) 881-4111
10

11 Attorneys for Defendant
   HOME DEPOT U.S.A., INC.

12                     UNITED STATES DISTRICT COURT

13                    NORTHERN DISTRICT OF CALIFORNIA

14                         SAN FRANCISCO DIVISION

15

16 B&O MANUFACTURING, INC.,            CASE NO. C07 02864 JSW

17         Plaintiff,                  **DEFENDANT'S RESPONSES TO PLAINTIFF'S EVIDENTIARY OBJECTIONS TO THE DECLARATION OF DAVID CURLEY**

18      v.

19 HOME DEPOT U.S.A., INC.,

20         Defendant.

21

22      Defendant Home Depot U.S.A., Inc. ("Home Depot") respectfully submits these

23 Responses to Plaintiff B&O Manufacturing, Inc.'s ("B&O") "Evidentiary Objections to the

24 Declaration of David Curley in Support of Defendant's Motion to Transfer Venue to the

25 Northern District of Georgia and to Dismiss Counts Two Through Five of Plaintiff's Second

26 Amended Complaint."

27      Home Depot has presented the Declaration of David Curley to support its Motion to

28

1  Transfer Venue, and not to support its Motion to Dismiss.  On a motion to dismiss, the Court
2  assumes the truth of the allegations in the complaint.  *Papasan v. Allain*, 478 U.S. 265, 283
3  (1986).  Given that the Curley Declaration supports Home Depot's motion to transfer venue,
4  B&O's evidentiary objections to Mr. Curley's declaration have no bearing on Home Depot's
5  arguments for dismissal.

6  It is well settled, however, that the Court may consider evidence, such as the Curley
7  Declaration, on a motion to transfer venue.  *See Jaco Envt'l Inc. v. Appliance Recycling Ctrs of*
8  *Am., Inc.*, __ F.3d __, 2007 WL 951274, *1 (N.D. Cal. 2007).  Moreover, B&O does not object
9  to Mr. Curley's testimony concerning: (1) the location and circumstances under which the parties
10 negotiated the Refund Agreement; *see* Curley Decl. ¶ 6; or (2) the location of the relevant
11 witnesses and documents; *see* Curley Decl. ¶ 8.  This is the testimony most relevant to the issues
12 presented by Home Depot's motion to transfer.  *See Jones v. GNC Franchising, Inc.*, 211 F.3d
13 495, 498-99 (9th Cir. 2000) (outlining factors relevant to § 1404(a) motion to transfer).

14 Accordingly, even if sustained, B&O's objections have no bearing on Home Depot's
15 Motion to Transfer Venue and or its Motion to Dismiss Counts Two through Five.  Home Depot
16 responds further as set forth below.

| | **OBJECTIONS** | **RESPONSES** |
|---|---|---|
| 1. | Page 2:12-15 ( **"Home Depot has been purchasing safety netting from B&O Manufacturing, Inc. ("B&O") for well over ten years.  During the course of the business relationship between Home Depot and B&O, representatives from B&O have visited Home Depot's Atlanta, Georgia headquarters on numerous** | Rule 602 requires that a witness have "personal knowledge," not "first-hand knowledge," of the facts to which he testifies.  *See Los Angeles Times Communs., LLC v. Dep't of Army,* 442 F.Supp.2d 880, 886 (C.D. Cal. 2006) (*citing Stuart v. UNUM Life Ins. Co. of Am.*, 217 F.3d 1145, 1155 (9th Cir. 2000)).  Mr. Curley testified that from September 6, |

2

| | | | |
|---|---|---|---|
| 1 | | **occasions."**) | 2005 to May 15, 2007, he was a Senior Manager for Capital Procurement for Home Depot. Curley Decl. ¶ 2. Mr. Curley also testified that he negotiated the Refund Agreement with B&O on January 31, 2006. Curley Decl. ¶ 6. |
| 2-21 | | Speculation; no foundation; FRE 602 Local Rule 7-5(a) and (b). Mr. Curley testified that he has been a Home Depot employee, commencing September 6, 2005. Accordingly, he has not established first hand knowledge for his testimony that Home Depot has been purchasing safety netting from B&O for well over ten years, nor whether B&O representatives have visited Home Depot's Atlanta headquarters over this long term relationship, of which he has been involved for less than 1/5 thereof. | This testimony establishes his personal knowledge and capacity to testify about the history of Home Depot's relationship with B&O, including the history prior to his becoming Senior Manager. *See United States v. Thompson*, 559 F.2d 552, 554 (9th Cir. 1977) (manager had sufficient personal knowledge under Rule 602 to testify as to company procedures in operation even prior to his becoming manager). At most, B&O's objection goes to the weight the Court should give to this testimony, but not to its admissibility.<br><br>B&O does not explain how the form of Mr. Curley's Declaration violates Local Rule 7-5(b). |
| 22-27 | 2. | Page 2:20-22 (**"Shortly after executing the MOU, Home Depot pre-paid B&O over $5 million for the split curtain safety netting systems that Home Depot committed to purchase under the** | Home Depot incorporates by reference its Response to the First Objection, above. Home Depot further responds as follows:<br><br>Mr. Curley's testimony that he negotiated the Refund Agreement with B&O's president establishes the foundation for this testimony. *See* Curley Decl. ¶ |

3

151995
B&O MANUFACTURING, INC. v. HOME DEPOT U.S.A., INC.        [DEFENDANT'S OBJECTIONS TO PLAINTIFF'S
USDC Case No. C07 02864-JSW                                                              EVIDENTIARY OBJECTIONS TO THE
                                                                                                              DECLARATION OF DAVID CURLEY]

| | | |
|---|---|---|
| | **MOU")** Speculation; no foundation; FRE 602; FRE 1002; Local Rule 7-5(a) and (b), vague as to time. Further, as Mr. Curley apparently started with Home Depot on September 6, 2005, and as he states that Home Depot prepaid B&O over $5 million for split curtain safety netting systems under the MOU (which B&O disputes), shortly thereafter, this statement also appears to constitute hearsay (FRE 802). Mr. Curley has not demonstrated that he has sufficient knowledge of the payment history of Home Depot to B&O. Indeed, he admits in his Declaration, at page 4:1-2, that persons other than himself are persons with such purported knowledge. With respect to FRE 1002, the writings reflecting payments are required in order to prove Mr. Curley's assertion. | 6. Mr. Curley could not negotiate a Refund Agreement related to the parties' performance under the MOU without having (or at least gaining) personal knowledge of Home Depot's payment history.<br><br>Contrary to B&O's objections, Federal Rule of Evidence 1002, which concerns the authentication of documents, is inapposite. It is unclear why the exact time at which Home Depot pre-paid B&O is relevant in any way. Likewise, it is unclear how this testimony could be hearsay, as it does not convey a statement by any person other than Mr. Curley. |
| 3. | Page 2:22-23, **("Of the over $5 million, however, B&O was unable to deliver roughly $2 million of products for which Home Depot prepaid.")** | Home Depot incorporates by reference its Responses to the First and Second Objections, above. Home Depot responds further as follows:<br><br>Mr. Curley's testimony that he negotiated the Refund Agreement with B&O's president establishes |

4

| | | |
|---|---|---|
| | Speculation; no foundation; FRE 602; FRE 1002; Local Rule 7-5(a) and (b). | the foundation for this testimony. *See* Curley Decl. ¶ 6. Indeed, the sole purpose of negotiating the Refund Agreement was to devise a payment plan under which B&O would refund Home Depot the amount it paid for products B&O never delivered. *Id.* |
| 4. | Page 3:11-13 **("Home Depot's Legal Department reviewed and approved the Refund Agreement.  All of Home Depot's Legal Department employees who can testify regarding the approval of the Refund Agreement are residents of Georgia and are based at Home Depot's Atlanta, Georgia headquarters.")** Speculation; no foundation; FRE 602; Local Rule 7-5 (a) and (b); hearsay. Mr. Curley has not demonstrated how he knows which employees are able to so testify, nor how he has knowledge of their residence. | Home Depot incorporates by reference its Responses to the First, Second and Third Objections, above.  Home Depot responds further as follows:  Mr. Curley testified that he was a Senior Manager at Home Depot from September 6, 2005 to May 15, 2007.  Curley Decl. ¶ 2.  Mr. Curley also testified that he negotiated the Refund Agreement on Home Depot's behalf, which was eventually approved by Home Depot's Legal Department. Curley Decl. ¶¶ 6-7.  This testimony establishes his personal knowledge of the location of Home Depot's Legal Department employees. |

5

1  DATED: October 12, 2007.          BONDURANT, MIXSON & ELMORE, LLP

2
                                         By:  /s/ Christopher T. Giovinazzo
3                                                  Christopher T. Giovinazzo
                                                 Ronan P. Doherty
4                                                  Attorneys for Defendant
                                                 HOME DEPOT U.S.A., INC.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2007 I have electronically filed the within and foregoing **RESPONSES TO PLAINTIFF'S EVIDENTIARY OBJECTIONS TO THE DECLARATION OF DAVID CURLEY** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney of record, and by U.S. mail, postage prepaid thereon, addressed as follows:

> Paul E. Rice, Esq.
> Rice & Bronitsky
> 350 Cambridge Avenue, Suite 225
> Palo Alto, California 94306

/s/Christopher T. Giovinazzo
Christopher T. Giovinazzo