SEDGWICK, DETERT, MORAN & ARNOLD LLP
STEVEN ROLAND  (Bar No. 108097)
AMBER RYE BRUMFIEL  (Bar No. 215181)
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Telephone: (415) 781-7900
Facsimile: (415) 781-2635

BONDURANT, MIXSON & ELMORE, LLP
RONAN P. DOHERTY (*Pro Hac Vice*)
CHRISTOPHER T. GIOVINAZZO (*Pro Hac Vice*)
3900 One Atlantic Center
1201 West Peachtree Street NW, Suite 3900
Atlanta, Georgia  30309
Telephone: (404) 881-4100
Facsimile: (404) 881-4111

Attorneys for Defendant
HOME DEPOT U.S.A., INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| B&O MANUFACTURING, INC.,<br><br>     Plaintiff,<br><br>     v.<br><br>HOME DEPOT U.S.A., INC.,<br><br>     Defendant. | CASE NO. C07 02864 JSW<br><br>**DEFENDANT'S RESPONSES TO PLAINTIFF'S EVIDENTIARY OBJECTIONS TO MEMORANDUM OF POINTS AND AUTHORITIES** |

Defendant Home Depot U.S.A., Inc. ("Home Depot") respectfully submits these Responses to Plaintiff B&O Manufacturing, Inc.'s ("B&O") "Evidentiary Objections to Memorandum of Points and Authorities In Support of Motion to Transfer Venue to the Northern District of Georgia and to Dismiss Counts Two Through Five of Plaintiff's Second Amended Complaint."

1       Although B&O has styled its objections as evidentiary, most of the passages in Home Depot's brief that B&O challenges are neither presented as evidence nor based on evidence. The only evidence Home Depot has presented is the Declaration of David Curley, which appropriately supports Home Depot's Motion to Transfer Venue. *See Jaco Envt'l Inc. v. Appliance Recycling Ctrs. of Am., Inc.*, __ F.3d __, 2007 WL 951274, at *1 (N.D. Cal. Mar. 27, 2007) (district court may consider evidence in ruling on a motion to transfer venue); *see also* Home Depot's Response to Plaintiff's Evidentiary Objections to the Declaration of David Curley (filed concurrently). Home Depot is well aware that the Court's ruling on a Motion to Dismiss will address only the allegations in the Complaint and the contracts and documents B&O has referenced therein. *See Papasan v. Allain*, 478 U.S. 265, 283 (1986); *Hal Roach Studios, Inc. v. Richard Feiner & Co.,* 896 F.2d 1542, 1555 n.19 (9th Cir. 1989); Fed. R. Civ. P. 10(c).

      Accordingly, B&O's evidentiary objections are inappropriate at this procedural stage and have no bearing on the motion currently before the Court. For the record, however, Home Depot responds further as set forth below.

152005    2

B&O MANUFACTURING, INC. v. HOME DEPOT U.S.A., INC.    DEFENDANT'S OBJECTIONS TO PLAINTIFF'S
USDC Case No. C07 02864-JSW    EVIDENTIARY OBJECTIONS TO MEMORANDUM
    OF POINTS AND AUTHORITIES IN SUPPORT
    OF MOTION TO DISMISS/TRANSFER VENUE

| | **OBJECTIONS** | **RESPONSES** |
|---|---|---|
| 1. | General Objection. None of Defendant's purported facts, as contained within its "**INTRODUCTION**" is in compliance with applicable Rule of Evidence. Defendant, in its "**INTRODUCTION**," fails to refer to any evidence whatsoever, let alone admissible evidence. All evidence submitted to the Court in support of Defendant's Motion must be admissible. *Traveler's Casualty Ins. Co. of America v. TelStar Const. Co.*, D. Ariz. 252 F. Supp. 917, 922 (2003); N.D. Cal. Local Rule 7-5(b). Defendant makes many statements without any evidentiary support whatsoever. | The Introduction to Home Depot's brief does not purport to submit evidence to the Court. Home Depot understands that the Court must "accept[] B&O's allegations as true" for purposes of the motion to dismiss. *See* Home Depot Br. at 3; Fed. R. Civ. P. 12(b)(6). The Introduction provides background to help the Court understand Home Depot's position in this dispute. And, many of the facts in the Introduction can be found in B&O's Complaint.<br><br>The only evidence Home Depot has submitted at this time is the declaration of David Curley, properly offered to support Home Depot's Motion to Transfer Venue, not the Motion to Dismiss. *See Jaco Envt'l,* 2007 WL 951274, at *1. |
| 2. | Page 2:20-21, commencing with "The, and ending with "million." Local Rule 7-5(a) and (b). No evidentiary support. See ¶ 1 (General Objection). | Because objections Two through Seven all refer to portions of the Introduction to Home Depot's brief, Home Depot respectfully incorporates by reference its Response to B&O's First Objection above. *See also* Curley Decl. ¶ 5 (testimony on point). |

| | | |
|---|---|---|
| 3. | Page 2:21-22, commencing with "further." Local Rule 7-5(a) and (b). No evidentiary support. See ¶ 1 (General Objection). | Because objections Two through Seven all refer to portions of the Introduction to Home Depot's brief, Home Depot respectfully incorporates by reference its Response to B&O's First Objection above. *See also* Curley Decl. ¶ 5. |
| 4. | Page 2:21-25; commencing with "Despite," and ending with "time." Local Rule 7-5(a) and (b). No evidentiary support. See ¶ 1 (General Objection). | Because objections Two through Seven all refer to portions of the Introduction to Home Depot's brief, Home Depot respectfully incorporates by reference its Response to B&O's First Objection above. *See also* Curley Decl. ¶¶ 5-6. |
| 5. | Page 3:3-4 commencing with the first "B&O." Local Rule 7-5(a) and (b). No evidentiary support. See ¶ 1 (General Objection). | Because objections Two through Seven all refer to portions of the Introduction to Home Depot's brief, Home Depot respectfully incorporates by reference its Response to B&O's First Objection above. |
| 6. | Page 3:8-9 commencing with the first "Home Depot," ending with "issue." Local Rule 7-5(a) and (b). No evidentiary support. See ¶ 1 (General Objection). | Because objections Two through Seven all refer to portions of the Introduction to Home Depot's brief, Home Depot respectfully incorporates by reference its Response to B&O's First Objection above. |
| 7. | Page 3:10-12, commencing with "B&O." Local Rule 7-5(a) and (b). No evidentiary support. See ¶ 1 (General Objection). | Because objections Two through Seven all refer to portions of the Introduction to Home Depot's brief, Home Depot respectfully incorporates by reference its Response to B&O's First Objection above. |

152005                                                                         4

B&O MANUFACTURING, INC. v. HOME DEPOT U.S.A., INC.                DEFENDANT'S OBJECTIONS TO PLAINTIFF'S
USDC Case No. C07 02864-JSW                                       EVIDENTIARY OBJECTIONS TO MEMORANDUM
                                                                  OF POINTS AND AUTHORITIES IN SUPPORT
                                                                  OF MOTION TO DISMISS/TRANSFER VENUE

| | | |
|---|---|---|
| 8. | Page 7:14-17 ("Moreover, the Complaint infers the nefarious involvement of Home Depot's legal department solely from the approval stamp Home Depot's legal department apparently placed on the Refund Agreement *after* B&O signed it and presented it to Home Depot's business representative. Compl. ¶ 16."). Local Rule 7-5(a) and (b). No evidentiary support. See ¶ 1 (General Objection). | The passage B&O challenges here is based on facts alleged in B&O's Complaint and is neither submitted as evidence nor based on evidence. This observation comes from the Complaint and the attached Refund Agreement, which the Court may consider on a motion to dismiss. *See* Compl. ¶¶ 16-18; *Hal Roach Studios,* 896 F.2d at 1555 n.19 (district court may consider documents referenced in Complaint on motion to dismiss). |

152005    5
B&O MANUFACTURING, INC. v. HOME DEPOT U.S.A., INC.
USDC Case No. C07 02864-JSW
DEFENDANT'S OBJECTIONS TO PLAINTIFF'S EVIDENTIARY OBJECTIONS TO MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS/TRANSFER VENUE

| | | |
|---|---|---|
| 9. | Page 7, footnote 2 (**"The Complaint also cites the nearly identical Cal. R. of Prof. Conduct § 2-100, but it is unclear why that rule would apply to Home Depot's Atlanta-based lawyers when they were working in Georgia."**) Local Rule 7-5(a) and (b). No evidentiary support. See ¶ 1 (General Objection). | B&O's evidentiary objection to this footnote is puzzling. Presumably B&O does not contest that its Complaint cites California Rule of Professional Conduct § 2-100. *See* Compl. ¶ 19. In addition, Home Depot's argument that Rule 2-100 does not apply is not evidence to which B&O could object.  To the extent B&O objects to the claim that Home Depot's lawyers are based in Atlanta and were working in Georgia at the relevant time, that claim is supported by the Affidavit of David Curley. *See* Curley Decl. ¶ 7. The Atlanta location of Home Depot's lawyers relevant to this dispute is also strongly suggested by the Complaint, which focuses on events taking place in Atlanta on January 31, 2006. *See* Compl. ¶¶ 15-19.  As above, the Court should reject B&O's evidentiary objection to arguments in Home Depot's brief. |

DATED: October 12, 2007.         BONDURANT, MIXSON & ELMORE, LLP


By:  /s/Christopher T. Giovinazzo
     Christopher T. Giovinazzo
     Ronan P. Doherty
     Attorneys for Defendant
     HOME DEPOT U.S.A., INC.

## CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2007 I have electronically filed the within and foregoing **DEFENDANT'S RESPONSES TO PLAINTIFF'S EVIDENTIARY OBJECTIONS TO MEMORANDUM OF POINTS AND AUTHORITIES** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney of record, and by U.S. mail, postage prepaid thereon, addressed as follows:

>Paul E. Rice, Esq.
>Rice & Bronitsky
>350 Cambridge Avenue, Suite 225
>Palo Alto, California 94306

/s/Christopher T. Giovinazzo
Christopher T. Giovinazzo