```
SEDGWICK, DETERT, MORAN & ARNOLD LLP
STEVEN ROLAND  (Bar No. 108097)
AMBER RYE BRUMFIEL  (Bar No. 215181)
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Telephone: (415) 781-7900
Facsimile: (415) 781-2635

BONDURANT, MIXSON & ELMORE, LLP
RONAN P. DOHERTY (Pro Hac Vice)
CHRISTOPHER T. GIOVINAZZO (Pro Hac Vice)
3900 One Atlantic Center
1201 West Peachtree Street NW, Suite 3900
Atlanta, Georgia  30309
Telephone: (404) 881-4100
Facsimile: (404) 881-4111


Attorneys for Defendant
HOME DEPOT U.S.A., INC.
```

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| B&O MANUFACTURING, INC., <br><br> Plaintiff, <br><br> v. <br><br> HOME DEPOT U.S.A., INC., <br><br> Defendant. | CASE NO. C07 02864 JSW <br><br> **DECLARATION OF CHRISTOPHER T. GIOVINAZZO** |

Pursuant to 28 U.S.C. § 1746, I, Christopher T. Giovinazzo, hereby declare as follows:

1.

This Declaration is based on my own personal knowledge. I am an attorney in good standing licensed in the State of Georgia. I am over the age of 18 years and am competent to

152016

1

DECLARATION OF CHRISTOPHER T. GIOVINAZZO

BONDURANT, MIXSON
& ELMORE, LLP
3900 ONE ATLANTIC CENTER
1201 W. PEACHTREE ST., NW
ATLANTA, GA 30309
TELEPHONE (404) 881-4100

testify regarding the following matters.

2.

I am an associate at the law firm of Bondurant, Mixson & Elmore, LLP representing Defendant Home Depot U.S.A., Inc., in this matter. I have been admitted to this Court *pro hac vice*.

3.

On July 25, 2007, Home Depot U.S.A., Inc. ("Home Depot") sent B&O Manufacturing, Inc. ("B&O") a letter entitled "Notice of Termination of Expense Buying Agreement Dated April 1, 2006." A true and correct copy of that letter is attached as Exhibit A.

4.

On July 26, 2007, Paul Rice, counsel for B&O, emailed me and spoke to me by telephone with respect to Home Depot's Notice of Termination of the Expense Buying Agreement ("EBA"). In these communications, Mr. Rice proposed that B&O and Home Depot mediate (1) whether the EBA grants Home Depot the right to terminate the EBA with 60 days notice; and (2) whether Home Depot complied with the EBA's volume purchasing requirement. A true and correct copy of Mr. Rice's July 26, 2007 email is attached as Exhibit B.

5.

On August 3, 2007, B&O filed its Second Amended Complaint in this matter. The Second Amended Complaint added two claims under the EBA that did not appear in the First Amended Complaint, asserting that (1) Home Depot wrongfully terminated the EBA (Count Four), and that (2) Home Depot breached the EBA's volume purchasing requirement (Count Five).

6.

On August 17, 2007, Home Depot filed its Second Motion to Dismiss, arguing in part that

152016

2

DECLARATION OF CHRISTOPHER T. GIOVINAZZO

BONDURANT, MIXSON
& ELMORE, LLP
3900 ONE ATLANTIC CENTER
1201 W. PEACHTREE ST., NW
ATLANTA, GA 30309
TELEPHONE (404) 881-4100

Counts Four and Five should be dismissed because B&O failed to satisfy the EBA's mediation requirement prior to raising these claims in litigation.

7.

On September 10, 2007, Mr. Rice emailed me to again request that B&O and Home Depot mediate the parties' disputes under the EBA. A true and correct copy of that email is attached as Exhibit C.

8.

On September 19, 2007, I sent Mr. Rice a letter responding to his request for mediation. A true and correct copy of that letter is attached as Exhibit D.

9.

On September 27, 2007, Mr. Rice responded by email to my September 19, 2007 letter. A true and correct copy of that letter is attached as Exhibit E.

10.

I am not aware of any other written correspondence between Home Depot and B&O concerning mediation of disputes arising under the EBA.

This 11th day of October, 2007.

_____
Christopher T. Giovinazzo

BONDURANT, MIXSON
& ELMORE, LLP
3900 ONE ATLANTIC CENTER
1201 W. PEACHTREE ST., NW
ATLANTA, GA 30309
TELEPHONE (404) 881-4100

152016

3

**DECLARATION OF CHRISTOPHER T. GIOVINAZZO**