# EXHIBIT D

**BONDURANT, MIXSON & ELMORE, LLP**
ATTORNEYS AT LAW
3900 ONE ATLANTIC CENTER
1201 WEST PEACHTREE STREET, N.W.
ATLANTA, GEORGIA 30309-3417
(404) 881-4100
TELECOPIER (404) 881-4111

CHRISTOPHER T. GIOVINAZZO

*Writer's Direct Dial
(404) 881-4121
giovinazzo@bmelaw.com

September 19, 2007

**VIA E-MAIL & FIRST CLASS MAIL**

Paul E. Rice, Esq.
Rice & Bronitsky
350 Cambridge Avenue, Suite 225
Palo Alto, California 94306

    Re:   *B&O Manufacturing, Inc. v. Home Depot U.S.A., Inc.* in the United States District Court for the Northern District of California, San Francisco/ Oakland Division, Case No. C07 02864 JL

Dear Paul:

    Thank you for your September 10 e-mail concerning mediation in connection with the Expense Buying Agreement by and between B&O Manufacturing, Inc. and Home Depot U.S.A., Inc. (the "EBA").

    As you know, Home Depot believes that your prior request for mediation and your claims against Home Depot concerning the EBA were premature. Pursuant to the terms of the EBA and Home Depot's July 25, 2007 Notice of Termination, termination will not become effective until September 23. Until that time period expires and the parties complete the additional termination procedures, Home Depot does not understand how B&O can even know whether it has any claims for breach of the agreement or what its alleged damages might be. For example, B&O has already alleged that Home Depot violated the EBA's volume commitment, despite Home Depot's assurances that it would meet that obligation. *See* Am Compl. ¶¶ 37-38. In the weeks since the termination notice—and B&O's allegation of breach—Home Depot has placed additional orders for B&O product. Rather than rush to inflict the expense of litigation on both parties on this matter, Home Depot believes it makes sense for the parties to mediate B&O's concerns once we have sufficient information about the matters and amounts in dispute.

    Your e-mail asks that Home Depot agree to mediate B&O's claims in advance of the November 2 hearing on Home Depot's Motion to Transfer and Motion to Dismiss. Although we understand that B&O would like to moot one of the defects in its Amended Complaint, Home Depot is not willing to undertake the significant effort and expense of mediation unless B&O comes to that process in good faith. It is not consistent with the parties' agreement to mediate for B&O to shoot first by asserting claims in litigation, and then to demand mediation with no genuine intention of resolving the parties' disagreement.

Exhibit D-2

**BONDURANT, MIXSON & ELMORE, LLP**

September 19, 2007
Page 2

    Instead, Home Depot proposes that the parties follow the approach outlined and agreed to in the EBA. First, B&O should withdraw its EBA claims without prejudice; as you know, the contract makes mediation a pre-condition to litigation, not an afterthought. If B&O remains aggrieved after the termination process is at an end, then we can exchange the information necessary to assess B&O's claims. If B&O still remains convinced that Home Depot has breached the EBA, then the parties can proceed to mediation.

    Once again, Home Depot believes that mediation of these matters could be tremendously useful and could save both parties significant and unnecessary litigation expense. Please let me know whether B&O would be willing to consider the process I have outlined above.

                                                                         Regards,

                                                                         Christopher T. Giovinazzo

RPD

cc:    Komal Patel, Esq. (via e-mail)
        Amber Rye Brumfiel, Esq. (via e-mail)
        Ronan P. Doherty, Esq.

151489