SEDGWICK, DETERT, MORAN & ARNOLD LLP
STEVEN ROLAND  (Bar No. 108097)
AMBER RYE BRUMFIEL  (Bar No. 215181)
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Telephone: (415) 781-7900
Facsimile: (415) 781-2635

BONDURANT, MIXSON & ELMORE, LLP
RONAN P. DOHERTY (*Pro Hac Vice*)
CHRISTOPHER T. GIOVINAZZO (*Pro Hac Vice*)
1201 West Peachtree Street NW, Suite 3900
Atlanta, Georgia  30309
Telephone: (404) 881-4100
Facsimile: (404) 881-4111

Attorneys for Defendant
HOME DEPOT U.S.A., INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| B&O MANUFACTURING, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HOME DEPOT U.SA., INC.,<br><br>　　　　Defendant. | CASE NO. C07 02864 JSW<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>**JURY TRIAL DEMANDED** |

**JOINT CASE MANAGEMENT STATEMENT**

Pursuant to Fed. R. Civ P. 26(f) and 16(b) and Local Rule 16-9, the parties respectfully submit the following Joint Case Management Statement:

**1.    Jurisdiction and Service**

Pursuant to 28 U.S.C. § 1332, the Court has diversity jurisdiction over the claims in the Second Amended Complaint of Plaintiff B&O Manufacturing, Inc. ("B&O").  There are no

-1-

issues of personal jurisdiction or service of process.

Defendant Home Depot U.S.A., Inc. ("Home Depot") has not yet answered or filed counterclaims, but has filed a motion to (1) transfer venue to the Northern District of Georgia and (2) dismiss Counts Two through Five. That motion is scheduled to be heard on November 2, 2007.

**2.  Facts**

**(a)  Plaintiff's claims**

Plaintiff B&O is a vendor to Home Depot of products including safety netting. In April 2005, B&O and Home Depot entered a purchasing agreement entitled the "Memorandum of Understanding" ("MOU"). In its First Claim for Relief, B&O alleges that Home Depot breached the MOU by (1) failing to purchase 72,000 split curtain safety netting systems by May 15, 2005; (2) failing to purchase all orange netting owned by B&O as of May 15, 2005 at specified prices; and (3) failing to advise B&O of the identity of other suppliers of safety netting products in California and the location of the stores they supplied.

On or about January 31, 2006, the parties signed the "Open Balance Refund Agreement" ("Refund Agreement"). In its Second Claim for Relief, B&O seeks to rescind the Refund Agreement and to recover the amounts B&O paid Home Depot under the Refund Agreement, asserting that Home Depot coerced B&O into entering the Refund Agreement, and further on the basis that said document is either void *ab initio*, or is voidable based upon its allegation that B&O's signature was obtained in violation of various Rules of Professional Conduct governing attorneys. In its Third Claim for Relief, B&O raises a claim of promissory estoppel, alleging that Home Depot broke an oral promise to provide B&O "substantial quantities of business" if B&O signed the Refund Agreement.

In June 2006, B&O and Home Depot entered into a purchasing agreement entitled the "Expense Buying Agreement" ("EBA"). On July 26, 2007, Home Depot wrote a letter to B&O notifying B&O that Home Depot was terminating the EBA effective September 23, 2007, pursuant to § 3.1(b) of the EBA, which permits termination without cause. In Count Four, B&O seeks a declaratory judgment stating (1) that the EBA does not allow Home Depot to terminate

-2-

the EBA; and (2) that termination of the EBA triggers a "retroactive modification" of the EBA's pricing terms. In Count Five, B&O alleges the Home Depot breached the EBA by failing to meet the EBA's purchasing requirements

**(a) Defendant's Claims**

Home Depot denies B&O's allegations of breach of contract, as well as B&O's allegation that Home Depot personnel improperly coerced B&O to prepare, sign and present the Refund Agreement to Home Depot. Home Depot denies that it induced B&O to enter the Refund Agreement by making an oral promise to provide B&O "substantial quantities of business." Regardless of whether such a promise was made, Home Depot denies that it failed to provide B&O with "substantial quantities of business" after January 31, 2006. With respect to the EBA, Home Depot denies any claim that it has breached the terms of the EBA or its Exhibit A.

In addition, Home Depot claims that it pre-paid B&O more than $6 million for B&O product in 2005. Home Depot further alleges that following that payment, B&O could not deliver all the product that Home Depot had paid for and represented that it could not repay Home Depot. Home Depot also alleges that following initial refund payments under the January 2006 Refund Agreement, B&O continues to owe Home Depot approximately $1.2 million for products B&O never delivered. At the appropriate time and in accordance with the Federal Rules, Home Depot expects to file counterclaims against B&O to recover this and any other amounts due to Home Depot.

**Principal Factual Disputes:**

1) Whether Home Depot made the purchases required under the MOU and/or otherwise breached the MOU's terms.
2) Whether B&O breached the MOU by failing to deliver products to Home Depot.
3) Whether Home Depot improperly coerced B&O into preparing and signing the Refund Agreement on January 31, 2006.
4) Whether Home Depot orally promised on January 31, 2006 to provide B&O with "substantial quantities of business in the future" if B&O signed the Refund Agreement.

1     5) Whether Home Depot provided B&O with "substantial quantities of business" after January 31, 2006.

3     6) Whether Home Depot made the purchases required under the EBA or otherwise breached the EBA.

5     7) Whether B&O owes Home Depot money Home Depot alleges to have pre-paid B&O for products Home Depot alleges B&O never delivered.

**3.  Legal Issues**

    1) Whether B&O's allegations of coercion, if true, would state a claim for rescission or restitution of the Refund Agreement.

    2) Whether B&O ratified the Refund Agreement by making payments to Home Depot.

    3) Whether the Refund Agreement is void *ab initio* or is voidable based upon alleged violation(s) of Rules of Professional Conduct governing attorneys.

    4) Whether the promise alleged by B&O in Count Three is enforceable under a promissory estoppel theory.

    5) Whether the EBA (a) permits Home Depot to terminate the EBA with 60-days notice, and/or (b) requires modification of pricing in event of termination.

    6) Whether B&O states a claim for declaratory relief related to the EBA and Home Depot's Notice of Termination of the EBA.

    7) Whether B&O's Fourth and Fifth Claims for Relief should be dismissed for failure to mediate before filing suit under the EBA.

    8) Whether venue is proper in the Northern District of California.

    9) Whether Georgia or California law controls B&O's Second and Third Claims for Relief.

**4.  Motions**

On June 29, 2007, Home Depot filed two Motions for Leave to Appear Pro Hac Vice, which the Court granted.

On July 18, 2007, Home Depot filed a Motion to Dismiss the First Amended Complaint,

1  which was mooted by the parties' agreement when B&O filed its Second Amended Complaint
2  on August 3, 2007.
3        On August 17, 2007, Home Depot filed a Motion to Transfer Venue to the Northern
4  District of Georgia and to Dismiss Counts Two through Five of Plaintiffs' Second Amended
5  Complaint. That motion is pending; a hearing is scheduled before the Court on November 2,
6  2007.
7        Home Depot anticipates filing a motion for summary judgment in accordance with the
8  Federal Rules.
9  **5.    Amendments of Pleadings**
10       <u>Plaintiff's Position on Amendments</u>:
11       As a new issue has just arisen concerning an alleged refusal by Home Depot to pay
12 amounts B&O alleges are due and owing for product sold under the EBA, based upon the stated
13 reason that the parties are in litigation. If the parties cannot resolve that dispute promptly, B&O
14 anticipates seeking leave to amend its pleadings to add additional claims relating thereto. On
15 October 23, 2007, B & O's counsel emailed Home Depot's counsel concerning this dispute.
16       B&O further understands that Home Depot intends to answer and raise defenses and
17 counterclaims in accordance with the Federal Rules after the Court rules on Home Depot's
18 pending Motion to Dismiss. B&O anticipates filing, in accordance with the Federal Rules, an
19 answer and/or a motion to dismiss in response to any counterclaims filed by Home Depot.
20 Otherwise, B&O does not currently expect to add or dismiss parties, claims or defenses.
21       <u>Defendant's Position on Amendments</u>:
22       Home Depot is looking into the payment issue that B&O's counsel raised on October 23,
23 2007. Home Depot, however, does not believe that any further amendment to Plaintiff's
24 complaint is either necessary or appropriate. B&O has already amended its complaint in this
25 action on two prior occasions. Home Depot consented to B&O's second amendment even
26 though Home Depot already had gone to the significant trouble and expense of preparing and
27 filing a Motion to Dismiss. Both before and after B&O filed that Second Amended Complaint,
28 Home Depot has urged B&O to forego adding premature claims for relief under the EBA. As

1  indicated above, Home Depot terminated that agreement effective September 23, 2007 and the
2  parties continue to work through the termination process to unwind their affairs.  Rather than
3  amend its pleadings every time that B&O disputes any Home Depot decision, B&O should allow
4  the termination process to continue and participate in the mediation process that the EBA
5  requires before the parties may resort to litigation.  As a result, Home Depot expects to oppose
6  any attempt to amend B&O's complaint to add more claims for breach of the EBA.

**6.     Evidence Preservation**

B&O has instructed all relevant personnel to retain copies of potentially responsive emails and other documents.  In June 2007, Home Depot sent an internal memo instructing relevant Home Depot personnel to retain all documents and files potentially related to this dispute.  Home Depot also has collected and will preserve documents, including electronic documents, that initially appear relevant to the parties' claims and defenses.

By consent, at the request of Home Depot's counsel, Home Depot has conducted inspections at two facilities holding B&O inventory, one in South San Francisco and another in Los Angeles, to count and take inventory of B&O's products potentially related to this dispute.

**7.     Disclosures**

The parties have not made initial disclosures pursuant to Fed. R. Civ. P. 26.  The parties agree to defer initial disclosures until January 14, 2008, or until fourteen days after after B&O files its answer to Home Depot's counterclaims, whichever is later.

**8.     Discovery**

No written discovery or depositions have been taken to date, although two site inspections have taken place.  The scope of anticipated discovery will focus on any claims and defenses that survive the Court's disposition of Home Depot's Motion to Dismiss and any Motion to Dismiss that B&O may file in response to any Home Depot's counterclaims.  Based on the current state of the pleadings, the parties expect discovery to address:

   1) Documents and other evidence of the history of purchases and payments between Home Depot and B&O;

   2) Documents and other evidence of Home Depot's volume of purchases of safety

1  netting products from vendors other than B&O;

2  3) Testimony and other evidence concerning the communications between the parties
3  and the events that took place in the parties' meeting on January 31, 2006.
4  4) Evidence of B&O's ability to fulfill Home Depot's orders pursuant to the MOU or
5  repay the funds that Home Depot allegedly pre-paid B&O to purchase products under
6  the MOU.

The parties intend to submit to the Court a proposed Consent Protective Order, within thirty days after B&O files its answer to Home Depot's counterclaims, to protect the parties' confidential information, including, but not limited to, the pricing terms of the parties' contracts. The parties do not currently intend to propose other limitations or modifications to discovery.

In considering a discovery schedule, the parties note that uncertainty may arise because: (1) the Court has not ruled on Home Depot's motion to dismiss and to change venue; (2) Home Depot will answer the Complaint and file counterclaims after the Court rules on the pending motion; and (3) B&O may move to dismiss Home Depot's counterclaims, requiring an additional ruling prior to discovery.  Taking note of these pending and anticipated matters, the parties propose the following discovery and trial schedule:

January 14, 2008:  Deadline for serving initial disclosures.

January 31, 2008:  Deadline for serving first interrogatories, document requests, and requests for admission.

March 1, 2008:  Deadline for responding to first interrogatories, document requests, and requests for admission.  Deadline for designation of any experts. Beginning of noticing and taking of depositions.

April 1, 2008:  Deadline for service of any expert reports.

April 14, 2008:  Deadline for noticing depositions.

May 1, 2008:  Discovery ends.

June 30, 2008:  Deadline for filing dispositive motions.

Oct. 7, 2008:  Deadline for filing Pre-trial Order, or 30 days after the Court rules on any dispositive motions, whichever is later.

1    Oct. 20, 2008:    Pre-trial conference, or 45 days after the Court rules on any dispositive
2 motion, whichever is later.
3    Nov. 3, 2008:    Trial.
4    Defendant's counsel has been advised of the revised timing for Plaintiff's counsel's
5 vacation in May, 2008. Counsel have agreed to work around that date, and any other timing
6 issues presented by either side.

**9.    Class Actions**

This case is not a class action and has no potential of becoming a class action.

**10.    Related Cases**

There are no related cases or proceedings pending.

**11.    Relief Sought**

B&O seeks damages in an amount not yet determined, but which is anticipated will be several million dollars; interest; rescission of the Refund Agreement and refund of all sums paid thereunder; a declaratory judgment related to the EBA; costs; and such other and further relief as the Court deems proper.

Home Depot expects to file counterclaims seeking roughly $1.2 million in damages; interest; attorneys' fees; costs; and such other and further relief as the Court deems proper.

**12.    Settlement and ADR**

The parties have discussed the possibility of mediation and have exchanged positions on the viability of mediation. Both parties acknowledge that the EBA, one of the contracts between the parties, includes a mediation clause. B&O contends that it made timely demand for mediation under this clause and that said mediation should have taken place prior to the November 2, 2007 hearing. Home Depot contends that mediation was required prior to B&O filing suit under the EBA. Now that this lawsuit has been filed, Home Depot contends that mediation would be beneficial, but that mediation on the EBA claims will not be feasible until the parties have unwound their business relationship, settled their accounts and gathered information concerning at least (1) Home Depot's history of purchases from B&O and other safety netting vendors, and (2) the history of payments and refunds between the parties.

1        The parties do not believe this case can settle prior to the Court's ruling on Home
2 Depot's pending motion to dismiss/motion to change venue, or prior to significant discovery
3 being taken.
4        This case is not assigned to the ADR Multi Option Program.

5 **13.    Consent to Magistrate Judge for All Purposes**

6        The parties do not consent to having a magistrate judge conduct all further proceedings.

7 **14.    Other references**

8        The case is not suitable for reference to binding arbitration, a special master, or the
9 Judicial Panel on Multidistrict Litigation.

10 **15.    Narrowing of issues**

11        The parties agree that the Court's ruling on Home Depot's pending Motion to
12 Dismiss/Change Venue may potentially narrow the issues presented in this case.  The parties
13 cannot currently identify other issues that can be narrowed by agreement or by motions.  The
14 parties will act diligently to expedite trial and the presentation of evidence at trial.  The parties
15 have no requests to bifurcate issues, claims, or defenses.

16 **16.    Expedited Schedule**

17        The parties do not currently believe this case can be handled on an expedited basis with
18 streamlined procedures.

19 **17.    Scheduling**

20        See proposed discovery and trial schedule, above at No. 8.

21 **18.    Trial**

22        The parties expect the case to be tried to a jury.  B&O currently estimates that it will need
23 five days to present evidence.  Home Depot currently estimates that it will need two days to
24 present evidence.  Thus, the parties currently expect the length of the trial to be roughly seven
25 days.

26 **19.    Disclosure of Non-party Interested Entities or Persons**

27        B&O filed a Certificate of Interested Entities or Persons on June 1, 2007.  It states that
28 the sole interested entity or person is Michael J. Calleja:

1  Home Depot filed a Certificate of Interest Entities or Persons on October 24, 2007.  It
2  states that Home Depot U.S.A., Inc., Home Depot International, Inc. and The Home Depot, Inc.
3  (a publicly traded holding company) are interested parties.

**20.     Other matters**

The parties cannot currently identify any other matters that may facilitate the just, speedy and inexpensive disposition of this matter.

DATED: October 25, 2007          BONDURANT, MIXSON & ELMORE LLP


                                 By:  **/s/ Ronan P. Doherty**
                                      Ronan P. Doherty
                                      Christopher T. Giovinazzo
                                      Attorneys for Defendant
                                      HOME DEPOT U.S.A., INC.

DATED: October 25, 2007          RICE & BRONITSKY


                                 By:/s/ Paul E. Rice
                                    Paul E. Rice
                                    Attorneys for Plaintiff
                                    B&O MANUFACTURING, INC.