1  SEDGWICK, DETERT, MORAN & ARNOLD LLP
   STEVEN ROLAND  (Bar No. 108097)
2  AMBER RYE BRUMFIEL  (Bar No. 215181)
   One Market Plaza
3  Steuart Tower, 8th Floor
   San Francisco, California 94105
4  Telephone: (415) 781-7900
   Facsimile: (415) 781-2635
5
   BONDURANT, MIXSON & ELMORE, LLP
6  RONAN P. DOHERTY (*Pro Hac Vice*)
   CHRISTOPHER T. GIOVINAZZO (*Pro Hac Vice*)
7  1201 West Peachtree Street NW, Suite 3900
   Atlanta, Georgia  30309
8  Telephone: (404) 881-4100
   Facsimile: (404) 881-4111
9
10 Attorneys for Defendant
   HOME DEPOT U.S.A., INC.
11

12                UNITED STATES DISTRICT COURT
13              NORTHERN DISTRICT OF CALIFORNIA
14                 SAN FRANCISCO DIVISION
15
   B&O MANUFACTURING, INC.,          CASE NO. C07 02864 JSW
16
            Plaintiff,               **JOINT CASE MANAGEMENT**
17                                   **STATEMENT**
         v.
18                                   **JURY TRIAL DEMANDED**
   HOME DEPOT U.S.A., INC.,
19
            Defendant.
20

21

22            **JOINT CASE MANAGEMENT STATEMENT**

23

24         Pursuant to Fed. R. Civ Pro. 26(f) and 16(b) and Local Rule 16-9, the parties respectfully

25 submit the following Joint Case Management Statement:

26

27 **1.    Jurisdiction and Service**

28         Pursuant to 28 U.S.C. § 1332, the Court has diversity jurisdiction over the claims in the

Second Amended Complaint of Plaintiff B&O Manufacturing, Inc. ("B&O").  There are no issues of personal jurisdiction or service of process.

On November 1, 2007, the Court granted Defendant Home Depot U.S.A., Inc. ("Home Depot")'s  motion to dismiss Counts Two through Five, but denied Home Depot's motion to transfer venue to the Northern District of Georgia pursuant to 28 U.S.C. §§ 1404(a) and 1406 and Fed. R. Civ. P. 12(b)(3).  Thus, no issues of venue remain to be determined with respect to the claims in B&O's Second Amended Complaint.

**2.    Facts**

**(a)  Plaintiff's claims**

Plaintiff B&O is a former vendor to Home Depot of products including safety netting.  In April 2005, B&O and Home Depot entered a purchasing agreement entitled the "Memorandum of Understanding" ("MOU").  B&O alleges that Home Depot breached the MOU by (1) failing to purchase 72,000 split curtain safety netting systems by May 15, 2005; (2) failing to purchase all orange netting owned by B&O as of May 15, 2005 at specified prices; and (3) failing to advise B&O of the identity of other suppliers of safety netting products in California and the location of the stores they supplied.

On or about January 31, 2006, the parties signed the "Open Balance Refund Agreement" ("Refund Agreement").  B&O seeks to rescind the Refund Agreement and to recover the amounts B&O paid Home Depot under the Refund Agreement, asserting that Home Depot coerced B&O into entering the Refund Agreement.

In June 2006, B&O and Home Depot entered into a purchasing agreement entitled the "Expense Buying Agreement" ("EBA").  On July 26, 2007, Home Depot wrote a letter to B&O notifying B&O that Home Depot was terminating the EBA effective September 23, 2007, pursuant to § 3.1(b) of the EBA, which permits termination without cause.  B&O contends (1) that the EBA does not allow Home Depot to terminate the EBA; (2) that termination of the EBA triggers a "retroactive modification" of the EBA's pricing terms; and (3) that Home Depot breached the EBA by failing to meet the EBA's purchasing requirements.

**(b)  Defendant's Claims**

Home Depot denies B&O's allegations of breach of contract, as well as B&O's allegation that Home Depot personnel improperly coerced B&O to enter the Refund Agreement. Home Depot claims that B&O owes Home Depot roughly $1.2 million that Home Depot paid B&O in advance for products B&O never delivered.  Home Depot believes that by signing the Refund Agreement and refunding part of the amount B&O owed to Home Depot, B&O acknowledged this debt and the validity of the Refund Agreement.

**Principal Factual Disputes:**

1)  Whether Home Depot made the purchases required under the MOU and/or otherwise breached the MOU's terms.

2)  Whether B&O breached the MOU by failing to deliver products to Home Depot.

3)  Whether Home Depot improperly coerced B&O into preparing and signing the Refund Agreement on January 31, 2006.

4)  Whether Home Depot made the purchases required under the EBA or otherwise breached the EBA.

5)  Whether B&O owes Home Depot money Home Depot alleges to have pre-paid B&O for products Home Depot alleges B&O never delivered.

**3.  Legal Issues**

1)  Whether B&O's allegations of coercion, if true, would state a claim for rescission or restitution of the Refund Agreement.

2)  Whether B&O ratified the Refund Agreement by making payments to Home Depot.

3)  Whether B&O's claims under the MOU are time barred.

4)  Whether the EBA (a) permits Home Depot to terminate the EBA with 60-days notice, and/or (b) requires modification of pricing in event of termination.

5)  Whether Georgia or California law controls B&O's claims for rescission and any other non-contract claims.

**4.     Motions**

On June 29, 2007, Home Depot filed two Motions for Leave to Appear Pro Hac Vice, which the Court granted.

On July 18, 2007, Home Depot filed a Motion to Dismiss the First Amended Complaint, which was mooted by the parties' agreement when B&O filed its Second Amended Complaint on August 3, 2007.

On August 17, 2007, Home Depot filed a Motion to Dismiss Counts Two through Five and to Transfer Venue to the Northern District of Georgia.  On November 1, 2007, the Court granted Home Depot's motion to dismiss Counts Two through Five, but denied Home Depot's motion to transfer venue.  During the case management conference before the Court on November 2, 2007, the parties agreed to schedule mediation pursuant to the EBA.  Mediation took place before the Honorable Eugene Lynch (Retired) on January 4, 2008, in San Francisco. The parties did not reach a mutual settlement of the dispute at that time, but have continued to discuss the possibility of a negotiated settlement agreement with Judge Lynch's continued assistance.

Depending on the nature of any amended complaint, Home Depot anticipates filing a Motion to Dismiss B&O's amended complaint either in full or in part.  Home Depot anticipates filing a motion for summary judgment in accordance with the Federal Rules.

**5.     Amendments of Pleadings**

In its November 1, 2007 Order on Defendant's Motion to Dismiss, the Court granted B&O leave to amend its claim for Rescission and Restitution and denied it leave to amend its claim for Promissory Estoppel. B&O intends to amend its complaint in light of the Court's November 1, 2007 Order. As a result of facts which became known to B&O's counsel as a result of considerable time spent in preparing for mediation, B&O believes that additional claims for relief may also exist.

The parties have agreed that B&O will submit to Home Depot its proposed Third Amended Complaint, which will contain any such additional claims for relief, by March 14, 2008.  Home Depot will then have until March 21, 2008 to decide whether to stipulate to the

filing of such third amended complaint, or any portion thereof, pursuant to Fed. R. Civ. P. 15(a) without prejudice to Home Depot's right to move to dismiss or otherwise plead with respect to said additional claims for relief. If the parties can agree, they will submit to the Court a proposed Stipulation and Order. If they cannot agree on a stipulation, B&O will file a Motion for Leave to File a Third Amended Complaint with respect to the proposed Claims for Relief in Dispute. In either event, B&O has agreed to file a proposed amended complaint along with either a stipulation or a Motion for Leave to Amend no later than March 28, 2008.

B&O further understands that Home Depot intends to answer and raise defenses and counterclaims in accordance with the Federal Rules after the Court resolves any issues related to B&O's proposed amendment. B&O anticipates filing, in accordance with the Federal Rules, a Reply and/or a motion to dismiss in response to any counterclaims filed by Home Depot. Otherwise, B&O does not currently expect to add or dismiss parties, claims or defenses.

**6.      Evidence Preservation**

B&O has instructed all relevant personnel to retain copies of potentially responsive emails and other documents. In June, 2007, Home Depot sent an internal memo instructing relevant Home Depot personnel to retain all documents and files potentially related to this dispute. Home Depot also has collected documents, including electronic documents, that initially appear relevant.

By consent, the parties have conducted inspections at two facilities holding B&O inventory, one in South San Francisco and another Los Angeles, to count and take inventory of B&O's products potentially related to this dispute.

**7.      Disclosures**

The parties have not made initial disclosures pursuant to Fed. R. Civ. P. 26. The parties agree to defer initial disclosures until fourteen days after B&O files its Reply to Home Depot's counterclaims,.

**8.      Discovery**

No written discovery or depositions have been taken to date, although two site

inspections have taken place.  The scope of anticipated discovery will focus on any claims and defenses that survive the Court's disposition of Home Depot's Motion to Dismiss and any Motion to Dismiss that B&O may file in response to any Home Depot's counterclaims.  Based on the current state of the pleadings, the parties expect discovery to address:

1) Documents and other evidence of the history of purchases and payments between Home Depot and B&O;

2) Documents and other evidence of Home Depot's volume of purchases of safety netting products from vendors other than B&O;

3) Testimony and other evidence concerning the communications between the parties and the events that took place in the parties' meeting on January 31, 2006.

4) Evidence of B&O's ability and alleged obligation to fulfill Home Depot's orders pursuant to the MOU or repay the funds that Home Depot allegedly pre-paid B&O to purchase products under the MOU.

The parties intend to submit to the Court a proposed Consent Protective Order, within thirty days after B&O files its Reply to Home Depot's counterclaims, to protect the parties' confidential information, including, but not limited to, the pricing terms of the parties' contracts. The parties do not currently intend to propose other limitations or modifications to discovery.

In considering a discovery schedule, the parties note that B&O has agreed to file a proposed amended complaint along with either a stipulation or a Motion for Leave to Amend no later than March 28, 2008.  If the parties cannot stipulate to filing this amended complaint, Home Depot may oppose B&O's Motion for Leave to Amend, causing uncertainty regarding the state of the pleadings and the schedule to conduct discovery and resolve the case.  Additional uncertainty may arise because: (1) Home Depot may move to dismiss portions of any amended complaint; (2) Home Depot will answer the Complaint and file counterclaims after B&O's amendment is resolved; and (3) B&O may move to dismiss Home Depot's counterclaims,. Subject to modification based on the above, the parties propose the following discovery and trial schedule:

May 1, 2008:  Deadline for serving initial disclosures.

1    June 6, 2008:  Deadline for serving first interrogatories, document requests, and requests
2        for admission.
3    July 14, 2008:    Deadline for responding to first interrogatories, document requests,
4        and requests for admission.  Deadline for designation of any experts.
5        Beginning of noticing and taking of depositions.
6    August 1, 2008:   Deadline for service of any expert reports.
7    Sept. 12, 2008:   Deadline for noticing depositions.
8    Sept. 26, 2008:   Discovery ends.
9    Oct.. 24, 2008:   Deadline for filing dispositive motions.
10   Dec.. 12, 2008:   Pre-trial conference, or 45 days after the Court rules on any dispositive
11        motion, whichever is later.
12   Jan.. 8.  2009:    Trial.

**9.    Class Actions**

This case is not a class action and has no potential of becoming a class action.

**10.    Related Cases**

There are no related cases or proceedings pending.

**11.    Relief Sought**

B&O seeks damages in an amount not yet determined, but which is anticipated will be several million dollars; interest; rescission of the Refund Agreement and refund of all sums paid thereunder; a declaratory judgment related to the EBA; costs; and such other and further relief as the Court deems proper.

Home Depot expects to file counterclaims seeking roughly $1.2 million in damages; interest; attorneys' fees; costs; and such other and further relief as the Court deems proper.

**12.    Settlement and ADR**

During the hearing before the Court on November 2, 2007, the parties agreed to schedule mediation.  The parties exchanged mediation statements, and mediation took place on January 4, 2008, in San Francisco, California, before the Hon. Judge Eugene Lynch (Retired).  The parties did not reach a mutual settlement of the dispute at that time.  However, the parties continue to

work with Judge Lynch and discuss the possibility of a negotiated settlement agreement. The

parties believe that a possibility exists that this case can settle prior to significant discovery

being taken.

This case is not assigned to the ADR Multi Option Program.

**13.    Consent to Magistrate Judge for All Purposes**

The parties do not consent to having a magistrate judge conduct all further proceedings.

**14.    Other references**

The case is not suitable for reference to binding arbitration, a special master, or the

Judicial Panel on Multidistrict Litigation.

**15.    Narrowing of issues**

The Court's Order on November 2, 2007 dismissed Counts Two through Five of B&O's

Second Amended Complaint and denied Home Depot's motion to change venue. The scope of

the issues remaining in this case, however, remains uncertain until B&O amends its complaint in

light of that Order. Home Depot may oppose B&O's motion to add more claims outside the

scope of the Second Amended Complaint and beyond the Court's November 2 Order, and may

subsequently move for dismissal of some or all of the claims in B&O's Third Amended

Complaint. The parties cannot currently identify other issues that can be narrowed by agreement

or by motions. The parties will act diligently to expedite trial and the presentation of evidence at

trial. The parties have no requests to bifurcate issues, claims, or defenses.

**16.    Expedited Schedule**

The parties do not currently believe this case can be handled on an expedited basis with

streamlined procedures.

**17.    Scheduling**

See proposed discovery and trial schedule, above at No. 8.

**18.    Trial**

The parties expect the case to be tried to a jury. B&O currently estimates that it will need

five days to present evidence. Home Depot currently estimates that it will need two days to

present evidence. Thus, the parties currently expect the length of the trial to be roughly seven

1  days.

2  **19.     Disclosure of Non-party Interested Entities or Persons**

3       B&O filed a Certificate of Interested Entities or Persons on June 1, 2007.  It states that

4  the sole interested entity or person is Michael J. Calleja:

5       Home Depot filed a Certificate of Interest Entities or Persons on October 24, 2007.  It

6  states that Home Depot U.S.A., Inc., Home Depot International, Inc. and The Home Depot, Inc.

7  (a publicly traded holding company) are interested parties.

8  **20.     Other matters**

9       The parties cannot currently identify any other matters that may facilitate the just, speedy

10  and inexpensive disposition of this matter.

11

12                    .

13          **.**

14  DATED: February 15, 2008          BONDURANT, MIXSON & ELMORE LLP

15

16                              By: /s/ Christopher T. Giovinazzo
                                     Christopher T. Giovinazzo
17                                   Attorneys for Defendant
                                     HOME DEPOT U.S.A., INC.
18

19  DATED: February 15, 2008          RICE & BRONITSKY

20

21                              By:/s/ Paul E. Rice
                                     Paul E. Rice
22                                   Attorneys for Plaintiff
                                     B&O MANUFACTURING, INC.
23

24

25

26

27

28