SEDGWICK, DETERT, MORAN & ARNOLD LLP
STEVEN ROLAND (Bar No. 108097)
AMBER RYE BRUMFIEL (Bar No. 215181)
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Telephone: (415) 781-7900
Facsimile: (415) 781-2635

BONDURANT, MIXSON & ELMORE, LLP
RONAN P. DOHERTY (*Pro Hac Vice application pending*)
CHRISTOPHER T. GIOVINAZZO (*Pro Hac Vice application pending*)
1201 West Peachtree Street NW, Suite 3900
Atlanta, Georgia 30309
Telephone: (404) 881-4100
Facsimile: (404) 881-4111

Attorneys for Defendant
HOME DEPOT U.S.A., INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| B&O MANUFACTURING, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HOME DEPOT U.S.A., INC.,<br><br>Defendant. | CASE NO. C07 02864 JSW<br><br>**DEFENDANT HOME DEPOT U.S.A., INC.'S MOTION TO DISMISS COUNTS I AND III OF PLAINTIFF'S THIRD AMENDED COMPLAINT NOTICED FOR HEARING AT 9:00 AM ON JUNE 27, 2008** |

157834

**DEFENDANT HOME DEPOT U.S.A., INC.'S MOTION TO DISMISS COUNTS I AND III OF PLAINTIFF'S THIRD AMENDED COMPLAINT**

BONDURANT, MIXSON
& ELMORE, LLP
3900 ONE ATLANTIC CENTER
1201 W. PEACHTREE ST., NW
ATLANTA, GA 30309
TELEPHONE (404) 881-4100

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ........................................................................................................... i

TABLE OF AUTHORITIES ..................................................................................................... ii

INTRODUCTION ......................................................................................................................1

    1.    Procedural Background..................................................................................................1

    2.    The Third Amended Complaint ....................................................................................2

SUMMARY OF THE ARGUMENT ........................................................................................3

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................4

I.    Standard Of Review ..........................................................................................................4

II.    B&O's Claim for Breach Of The Memorandum of Understanding Is Untimely ..............................................................................................................................4

III.    B&O's Claim That Home Depot Breached The 2006 EBA By Terminating The Agreement Fails As A Matter Of Law.........................................................5

CONCLUSION............................................................................................................................8

157834      i

**DEFENDANT HOME DEPOT U.S.A., INC.'S MOTION TO DISMISS COUNTS I AND III
OF PLAINTIFF'S THIRD AMENDED COMPLAINT**

BONDURANT, MIXSON
& ELMORE, LLP
3900 ONE ATLANTIC CENTER
1201 W. PEACHTREE ST., NW
ATLANTA, GA 30309
TELEPHONE (404) 881-4100

# TABLE OF AUTHORITIES

**Cases**

*Gulfstream Aerospace Services Corp. v. U.S. Aviation Underwriters, Inc.*
    280 Ga. App. 747 (2006) ...................................................................................................8

*Hal Roach Studios, Inc. v. Richard Feiner & Co.*
    896 F.2d 1542 (9th Cir. 1989) ...........................................................................................4

*Therma-Coustics Mfg., Inc. v. Borden, Inc.*
    167 Cal. App. 3d 282 (1984) .............................................................................................5


**Statutes**

Cal. Comm. Code § 2725(1) .................................................................................................5

O.C.G.A. § 11-2-703..............................................................................................................6


**Other**

2 *Moore's Federal Practice* § 10.05[1] & [4] .....................................................................4

157834     ii
**DEFENDANT HOME DEPOT U.S.A., INC.'S MOTION TO DISMISS COUNTS I AND III
OF PLAINTIFF'S THIRD AMENDED COMPLAINT**

BONDURANT, MIXSON
& ELMORE, LLP
3900 ONE ATLANTIC CENTER
1201 W. PEACHTREE ST., NW
ATLANTA, GA 30309
TELEPHONE (404) 881-4100

Pursuant to Fed. R. Civ. P. 12(b)(6), defendant Home Depot U.S.A., Inc. ("Home Depot"), hereby moves to dismiss or for summary judgment on Counts I and III of plaintiff B&O Manufacturing, Inc.'s Third Amended Complaint.

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on June 27, 2008, at 9:00 a.m., in Courtroom 3 of the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, California, Defendant Home Depot U.S.A., Inc. ("Home Depot") will, and hereby does, move the Court to dismiss Counts I and III of the Third Amended Complaint ("Complaint") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## **INTRODUCTION**

B&O is a vendor that has supplied Home Depot with safety netting systems. This litigation concerns B&O's allegation that Home Depot breached two purchasing contracts between the parties. In addition, B&O seeks to rescind a third agreement between the parties on the grounds of economic duress and coercion. Home Depot respectfully moves the Court to dismiss B&O's two breach of contract claims.

### **1.     Procedural Background**

B&O initiated this litigation in June 2007. After Home Depot moved to dismiss B&O's First Amended Complaint, the parties agreed to permit B&O an opportunity to re-plead its claims. *See* Stipulation and Order (July 31, 2007) (Dkt 19). Home Depot moved to dismiss a number of the claims that B&O asserted in its Second Amended Complaint. On November 1, 2007, this Court granted Home Depot's Motion to Dismiss but afforded B&O leave to re-plead. *See* Order (Nov. 1, 2007) (Dkt 41).

After formal mediation before the Honorable Eugene F. Lynch (Ret.), the parties appeared before the Court for a Case Management Conference. On February 15, 2008, the Court entered a Case Management Order that directed B&O to file any amended complaint on or before March 28, 2008 (Dkt 43). Home Depot stipulated to allow B&O leave to file its Third

157834                                                      1
**DEFENDANT HOME DEPOT U.S.A., INC.'S MOTION TO DISMISS COUNTS I AND III
OF PLAINTIFF'S THIRD AMENDED COMPLAINT**

BONDURANT, MIXSON
& ELMORE, LLP
3900 ONE ATLANTIC CENTER
1201 W. PEACHTREE ST., NW
ATLANTA, GA 30309
TELEPHONE (404) 881-4100

1  Amended Complaint pursuant to Rule 15(a) and reserved all other defenses to the complaint.
2  *See* Stipulation (Mar. 26, 2008) (Dkt 46).  On March 26, 2008, B&O filed its Third Amended
3  Complaint (Dkt 47).  Pursuant to Rules 12(b)(6) and 15(a)(3) of the Federal Rules of Civil
4  Procedure, Home Depot now makes this response.

**2.    The Third Amended Complaint**

6  B&O's Third Amended Complaint (hereinafter "Complaint") recites the same general
7  factual background as B&O's prior pleadings and with which the Court is already familiar.  In
8  April, 2005, the parties entered into a "Memorandum of Understanding" ("MOU"), pursuant to
9  which Home Depot agreed to purchase safety netting products from B&O.  *See* Compl. ¶ 6 &
10 Exh. 1.  In Count One, B&O alleges that Home Depot breached the MOU by failing to purchase
11 certain B&O products.  *Id*. ¶ 7.

12 B&O has attached a portion of the MOU to its Complaint.  In addition to those portions
13 of the agreement, however, the MOU included an Expense Buying Agreement ("2005 EBA") as
14 Exhibit C to the MOU.  The MOU expressly incorporates the terms of that EBA as part of the
15 agreement and provides that "This Memorandum and the attached Exhibits constitute the entire
16 agreement between the parties with respect to the subject matter herein."  MOU ¶ 3.  For the
17 Court's convenience a true and correct copy of the MOU, with all its attachments, including the
18 Expense Buying Agreement, is attached as Exhibit 1 to the Declaration of Christopher T.
19 Giovinazzo, filed in support of Home Depot's motion.  In accordance with the parties' practice
20 to date, all pricing information has been redacted out of the MOU and its attachments.

21 In Count II, B&O alleges that Home Depot coerced B&O into drafting, preparing and
22 signing an Open Balance Refund Agreement on January 31, 2006.  *See* Compl. ¶¶ 14-20 & Ex.
23 2.

24 In Count Three, B&O alleges that Home Depot breached a third agreement between the
25 parties, an "Expense Buying Agreement –Safety Netting", which the parties entered on or about
26 June 6, 2006 (the "2006 EBA").  B&O has attached a copy of the 2006 EBA as Exhibit 3 to the

157834                                          2
**DEFENDANT HOME DEPOT U.S.A., INC.'S MOTION TO DISMISS COUNTS I AND III
OF PLAINTIFF'S THIRD AMENDED COMPLAINT**

BONDURANT, MIXSON
& ELMORE, LLP
3900 ONE ATLANTIC CENTER
1201 W. PEACHTREE ST., NW
ATLANTA, GA 30309
TELEPHONE (404) 881-4100

Complaint. The 2006 EBA provided for a term from April 1, 2006 to March 31, 2008. *See* 2006 EBA at p. 1 & ¶ 3.1. The 2006 EBA also provided both parties with early termination rights. In particular, the 2006 EBA allowed Home Depot to "terminate this Agreement without cause, upon sixty (60) days prior written notice to [B&O]." *Id.* ¶ 3.1(b). Home Depot invoked its rights under that paragraph on July 25, 2007 and terminated the agreement effective September 23, 2007. *See* Compl. ¶ 26.

B&O alleges that Home Depot breached the 2006 EBA by failing to purchase 75 percent of its safety netting requirements from B&O for the entire term of the agreement. *See* Compl. ¶ 23. As it has in the past, B&O apparently continues to dispute Home Depot's right to terminate the agreement without cause. *Id.* ¶ 26 (referencing Home Depot's purported termination). B&O thus claims damages for Home Depot's failure to continue purchasing B&O product after the effective date of termination. In addition, B&O seeks to impose a retroactive modification of the pricing the parties agreed to in the 2006 EBA. *Id.* ¶ 24.

## SUMMARY OF THE ARGUMENT

B&O's allegations about Home Depot's conduct in this matter are not true. In fact, B&O is the party that has failed to live up to parties' agreements. But Home Depot should not be put to the burden of discovery and further litigation to prove what happened with respect to the parties' 2005 Memorandum of Understanding and 2006 Expense Buying Agreement because even if B&O's allegations were true they would not state a claim for relief. As a result, Counts I and III should be dismissed with prejudice. *See* Fed. R. Civ. P. 12(b)(6).

Count I should be dismissed because B&O's claim is untimely. The MOU includes an express provision that required B&O to file any claim for breach within one year of the facts giving rise to the dispute. The Complaint alleges that Home Depot failed to comply with the MOU in May 2005, but B&O did not file its complaint in this Court until June 2007. As a result, B&O's claims under the MOU are time-barred. Count III should be dismissed because the plain language of the 2006 EBA authorizes Home Depot to terminate the agreement. As a result, the

157834                                                                3
**DEFENDANT HOME DEPOT U.S.A., INC.'S MOTION TO DISMISS COUNTS I AND III**
**OF PLAINTIFF'S THIRD AMENDED COMPLAINT**

BONDURANT, MIXSON
& ELMORE, LLP
3900 ONE ATLANTIC CENTER
1201 W. PEACHTREE ST., NW
ATLANTA, GA 30309
TELEPHONE (404) 881-4100

1 parties' agreement precludes B&O's allegations of breach and all of its damage theories as a
2 matter of law.

### MEMORANDUM OF POINTS AND AUTHORITIES

**I.   Standard of Review**

"A motion to dismiss is proper . . . where the pleadings fail to state a claim upon which relief can be granted. Order at 6 (Nov. 1, 2007) (Dkt 41) (citing Fed. R. Civ. P. 12(b)(6)). In addition to the pleadings, this Court may consider "material which is properly submitted as part of the complaint" in ruling on a Rule 12(b)(6) motion. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989). "[A] copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes." Fed. R. Civ. P. 10(c). Accordingly, the Court may consider the full terms of the agreements that B&O attached to its complaint in ruling on Home Depot's motion to dismiss. *See e.g.,* 2 *Moore's Federal Practice* § 10.05[1] & [4] (district court may consider any writing attached to the pleading and any writings "central to the pleader's claim for relief").

**II.   B&O's Claim For Breach Of The Memorandum Of Understanding Is Untimely.**

In Count I, B&O alleges that Home Depot breached the MOU by failing to purchase certain safety netting systems before May 15, 2005. *See* Compl. ¶¶ 6-7. In addition, B&O claims Home Depot breached the MOU by failing to purchase all the orange netting B&O had on hand at the time of the agreement and by failing to notify B&O of the identity of its other netting suppliers. *Id*. ¶¶ 8-11. These claims are time barred because B&O did not file them until it initiated this action in June 2007.

The MOU required B&O to execute an Expense Buying Agreement (the "2005 EBA"), which was attached to the MOU as Exhibit C. *See* MOU ¶ 2(c). Paragraph 3 of the MOU provides that the 2005 EBA will become part of the parties' agreement and that the MOU and the exhibits, including the 2005 EBA, will constitute the parties' entire agreement. *Id*. ¶ 3. Among other provisions, the 2005 EBA required B&O to bring any claims for breach of the

157834   4
**DEFENDANT HOME DEPOT U.S.A., INC.'S MOTION TO DISMISS COUNTS I AND III OF PLAINTIFF'S THIRD AMENDED COMPLAINT**

BONDURANT, MIXSON & ELMORE, LLP
3900 ONE ATLANTIC CENTER
1201 W. PEACHTREE ST., NW
ATLANTA, GA 30309
TELEPHONE (404) 881-4100

agreement within one year after a dispute arises:

> 15.7  Notwithstanding any provision to the contrary, Supplier agrees to bring any claim or dispute against The Home Depot (including payment disputes) within one year after the occurrence of the event giving rise to such dispute.

2005 EBA ¶ 15.7 at 8, Giovinazzo Decl. Exhibit 1. Because the MOU and the 2005 EBA incorporated into that agreement constitute an agreement for the sale of goods, this one-year statute of limitations provision is expressly authorized by California Commercial Code section 2725(1). *See also Therma-Coustics Mfg., Inc. v. Borden, Inc.*, 167 Cal. App. 3d 282, 296 (1984) (enforcing a one-year statute of limitations in a UCC contract).[1]

B&O's Complaint affirmatively alleges that Home Depot breached its obligations under the MOU in May 2005. *See*, *e.g.*, Compl. ¶¶ 6-7. Moreover, the MOU expired by its terms on March 31, 2006. *See* MOU at ¶ 1(b). B&O, however, failed to bring any claim for breach of that agreement before it filed suit against Home Depot in this action in June 2007. As a result, B&O's claims are time barred and this Court should dismiss Count I with prejudice.

## III. B&O's Claim That Home Depot Breached the 2006 EBA By Terminating the Agreement Fails As a Matter of Law.

The plain terms of the parties' 2006 Expense Buying Agreement similarly preclude B&O's claim for relief under Count III. In support of that claim, B&O alleges that Home Depot breached the 2006 EBA by failing to purchase 75 percent of its new store safety netting from B&O for the full duration of the 2006 EBA's term. *See* Compl. ¶ 23. In its prior complaint, B&O alleged that Home Depot breached the 2006 EBA by terminating the agreement before the expiration of its term. *See*, *e.g.*, Order at 3-4 (Nov. 1, 2007) (summarizing B&O's allegations and arguments concerning the 2006 EBA). Although the current Complaint is cryptic about the precise nature of the alleged breach, B&O again challenges Home Depot's "purported"

---

[1]  Unlike the parties' other agreements, the MOU is governed by California law. *See* MOU ¶ 4 & 2005 EBA ¶ 15.9.

157834                                                          5
**DEFENDANT HOME DEPOT U.S.A., INC.'S MOTION TO DISMISS COUNTS I AND III OF PLAINTIFF'S THIRD AMENDED COMPLAINT**

termination of the 2006 EBA and alleges that B&O should be entitled to recover damages for product that Home Depot has failed to purchase "within the specified time period." *See* Compl. ¶¶ 23 & 27. In addition, B&O claims that Home Depot's "early termination, without cause" entitles B&O to a "retroactive modification of the discounted pricing structure" that the parties set forth in the 2006 EBA. *Id*. ¶ 24.

These claims fail as a matter of law because the 2006 EBA expressly authorized Home Depot to terminate the agreement without incurring liability for any of these purported damages. Paragraph 3.1 of the 2006 EBA sets forth the effective dates of the agreement in a paragraph entitled "Term and Termination." The following subparts to that paragraph provide both parties with means to terminate the agreement before the term expires. In particular, Paragraph 3.1(b) provides that "Home Depot may terminate this Agreement without cause, upon sixty (60) days prior written notice to [the] Contractor [B&O]." As B&O alleges, Home Depot exercised its rights under that paragraph and the effective date of termination has now passed. *See* Compl. ¶ 26 (noting Home Depot's invocation of 2006 EBA ¶ 3.1(b)). Except for invoices for netting systems delivered before the effective date of termination, the contract expressly provides that the "**Effect of Termination**" is that "Home Depot shall have no further payment obligations with regard to this Agreement." 2006 EBA ¶ 3.2. Emphasis added.

Home Depot cannot have breached the contract by exercising termination rights set forth in black and white in the parties' agreement. As a result, Home Depot has not breached the contract by declining to purchase B&O products after the termination date, and the agreement expressly provides that Home Depot has no further obligation to B&O. *Id*. Moreover, even if B&O could sustain its claim of breach, nothing in the contract requires Home Depot to continue purchasing product from B&O or authorizes a retroactive modification of the parties' agreed prices. Nor are these available remedies under Article 2 of the Uniform Commercial Code, which governs contracts for the sale of goods. *See, e.g.,* O.C.G.A. § 11-2-703 (seller's

157834      6

**DEFENDANT HOME DEPOT U.S.A., INC.'S MOTION TO DISMISS COUNTS I AND III OF PLAINTIFF'S THIRD AMENDED COMPLAINT**

BONDURANT, MIXSON & ELMORE, LLP
3900 ONE ATLANTIC CENTER
1201 W. PEACHTREE ST., NW
ATLANTA, GA 30309
TELEPHONE (404) 881-4100

1 remedies).[2]

2 B&O has argued that Exhibit A-1 to the 2006 EBA required Home Depot to continue purchasing 75 percent of its new store safety netting from B&O notwithstanding any right of termination. *See e.g.*, Order at 3-4 (Nov. 1, 2007) (describing B&O's claim). Once again, that theory is foreclosed by the plain language of the contract. Paragraph 3.1(e) of the EBA provides states that any exhibit to the EBA is "co-terminus with" the EBA's term "unless ***specifically*** noted on the Exhibit." EBA ¶ 3.1(e) (emphasis added). Nothing in Exhibit A-1 provides any indication that the parties agreed or intended for this Exhibit to survive the contract's termination.

B&O has argued that Exhibit A-1 revokes the 2006 EBA's termination clause because the Exhibit (1) imposes a volume requirement for Home Depot purchases "within the dates specified above," 2006 EBA, Ex. A-1 at 30 and (2) states that the Exhibit shall control "in the event of any conflict or discrepancy between the terms or provisions of the EBA and this Exhibit A-1," *id*. at 10. The short answer to this argument is that there is no "conflict or discrepancy" between Exhibit A-1's volume commitment and the EBA's termination provision. *First*, Exhibit A-1 says nothing at all about Home Depot's right to terminate the EBA. Absent specific language about termination in the Exhibit, the EBA's direction that the exhibit expires whenever either party terminates the EBA must control. *See* 2006 EBA ¶ 3.1(e).

*Second*, the Exhibit's volume commitment states only that Home Depot will purchase 75 percent of new store safety netting from B&O "within the dates specified above." EBA, Exh. A-1, ¶ III. Rather than creating a conflict or discrepancy, therefore, that clause ***explicitly incorporates*** the EBA's provisions regarding the effective term of the agreement. Those dates are set forth in a paragraph 3.1 of the 2006 EBA, which sets forth both the two-year term and Home Depot's right to terminate without cause. *Id.*

B&O, therefore, is left to argue that the EBA's volume and pricing exhibit implicitly

---

[2] The 2006 EBA is expressly governed by Georgia law. *See* 2006 EBA ¶ 16.

157834                                                      7
**DEFENDANT HOME DEPOT U.S.A., INC.'S MOTION TO DISMISS COUNTS I AND III
OF PLAINTIFF'S THIRD AMENDED COMPLAINT**

BONDURANT, MIXSON
& ELMORE, LLP
3900 ONE ATLANTIC CENTER
1201 W. PEACHTREE ST., NW
ATLANTA, GA 30309
TELEPHONE (404) 881-4100

revokes Paragraph 3.1's termination clause, while it simultaneously affirms Paragraph 3.1's two-year term. The canons of contract construction require the Court to give effect to the entire agreement; the parties cannot pick and choose the provisions that they prefer after a dispute arises. *See Gulfstream Aerospace Services Corp. v. U.S. Aviation Underwriters, Inc.*, 280 Ga. App. 747, 756 (2006). Because the exhibit does not say anything about term or termination, the "Term and Termination" clause from the 2006 EBA is not in conflict with Exhibit A-1. As a result, the contract plainly authorized Home Depot to terminate the contract when it did. To the extent B&O's Count III seeks to claim a breach in connection with that termination or to recover damages for any product Home Depot elected not to purchase after the effective date of termination in September 2007, the Court should dismiss the claim.

## **CONCLUSION**

This case presents a straightforward contract dispute. B&O should not be permitted to complicate the case with baseless claims that cannot be reconciled with the express terms of the parties' contracts and that cannot lead to any relief. Home Depot respectfully asks the Court to dismiss Counts I and III with prejudice.

DATED: April 11, 2008         BONDURANT, MIXSON & ELMORE LLP


By: /s/Ronan P. Doherty
    Ronan P. Doherty
    Christopher T. Giovinazzo
    Attorneys for Defendant
    HOME DEPOT U.S.A., INC.

157834
8
**DEFENDANT HOME DEPOT U.S.A., INC.'S MOTION TO DISMISS COUNTS I AND III OF PLAINTIFF'S THIRD AMENDED COMPLAINT**

BONDURANT, MIXSON
& ELMORE, LLP
3900 ONE ATLANTIC CENTER
1201 W. PEACHTREE ST., NW
ATLANTA, GA 30309
TELEPHONE (404) 881-4100

**CERTIFICATE OF SERVICE**

I hereby certify that on April 11, 2008 I have electronically filed the within and foregoing **DEFENDANT HOME DEPOT U.S.A., INC.'S MOTION TO DISMISS COUNTS I AND III OF PLAINTIFF'S THIRD AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney of record, and by U.S. mail, postage prepaid thereon, addressed as follows:

> Paul E. Rice
> Rice & Bronitsky
> 350 Cambridge Ave., Suite 225
> Palo Alto, California  943006

/s/Ronan P. Doherty
Ronan P. Doherty

157834

9

**DEFENDANT HOME DEPOT U.S.A., INC.'S MOTION TO DISMISS COUNTS I AND III OF PLAINTIFF'S THIRD AMENDED COMPLAINT**

BONDURANT, MIXSON
& ELMORE, LLP
3900 ONE ATLANTIC CENTER
1201 W. PEACHTREE ST., NW
ATLANTA, GA 30309
TELEPHONE (404) 881-4100