1  SEDGWICK, DETERT, MORAN & ARNOLD LLP
   STEVEN ROLAND  (Bar No. 108097)
2  AMBER RYE BRUMFIEL  (Bar No. 215181)
   One Market Plaza
3  Steuart Tower, 8th Floor
   San Francisco, California 94105
4  Telephone: (415) 781-7900
   Facsimile: (415) 781-2635
5
   BONDURANT, MIXSON & ELMORE, LLP
6  RONAN P. DOHERTY (*Pro Hac Vice*)
   CHRISTOPHER T. GIOVINAZZO (*Pro Hac Vice*)
7  3900 One Atlantic Center
   1201 West Peachtree Street NW, Suite 3900
8  Atlanta, Georgia  30309
   Telephone: (404) 881-4100
9  Facsimile: (404) 881-4111

10
   Attorneys for Defendant
11 HOME DEPOT U.S.A., INC.

12

13              UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF CALIFORNIA
14              SAN FRANCISCO DIVISION

15

16

17 B&O MANUFACTURING, INC.,              CASE NO. C07 02864 JSW

18          Plaintiff,                   **HOME DEPOT U.S.A., INC.'S ANSWER,
                                         DEFENSES AND COUNTERCLAIMS TO
19     v.                                PLAINTIFF'S THIRD AMENDED
                                         COMPLAINT**
20 HOME DEPOT U.S.A., INC.,

21          Defendant.                   **DEMAND FOR TRIAL BY JURY**

22

23

24     **HOME DEPOT U.S.A., INC.'S ANSWER, DEFENSES AND COUNTERCLAIMS TO
              PLAINTIFF'S THIRD AMENDED COMPLAINT**
25

26         Pursuant to Fed. R. Civ. P. Rules 8, 12 and 13, defendant Home Depot U.S.A., Inc.

27 ("Home Depot") respectfully submits its Answer, Defenses and Counterclaims in response to

28 157831                        1

BONDURANT, MIXSON
& ELMORE, LLP
3900 ONE ATLANTIC CENTER
1201 W. PEACHTREE ST., NW
ATLANTA, GA 30309
TELEPHONE (404) 881-4100

Plaintiff B&O Manufacturing, Inc.'s ("B&O's") Third Amended Complaint.  In response to the

numbered allegations of the Third Amended Complaint, Home Depot states as follows:

## GENERAL ALLEGATIONS

**1.      Plaintiff, B&O Manufacturing, Inc. ("B&O), is a California corporation, whose**

**principal place of business is South San Francisco, California.**

RESPONSE:  Upon information and belief, Home Depot admits the allegations of Paragraph 1

of the Third Amended Complaint.

**2.      Defendant, Home Depot, U.S.A., Inc. ("HD"), is a Delaware corporation, whose**

**principal place of business is Atlanta, Georgia.**

RESPONSE:  Home Depot admits the allegations of Paragraph 2 of the Third Amended

Complaint.

## JURISDICTION

**3.      The Court has jurisdiction of this Complaint, pursuant to 28 USC 1332, as the**

**parties are citizens of different states and the amount in controversy exceeds $75,000.**

RESPONSE:  Home Depot admits that this Court has subject matter jurisdiction over this action.

**4.      Further, pursuant to a contract entered into by B&O and HD on or about April 5,**

**2005, the parties agreed that any litigation arising out of said contract, which this lawsuit**

**does, shall be brought only in the United States District Court for the Northern District of**

**California.  A true and correct copy of said contract, sans attachments, is attached as**

**Exhibit 1.  Plaintiff has not attached said attachments as, inter alia, they contain pricing**

**information that B&O believes HD may consider confidential.**

BONDURANT, MIXSON
& ELMORE, LLP
3900 ONE ATLANTIC CENTER
1201 W. PEACHTREE ST., NW
ATLANTA, GA 30309
TELEPHONE (404) 881-4100

1    **Additionally, Plaintiff sues on another written contract, Exhibit 3(infra), which**

2    **contains, at Section 17.0, a forum selection clause that purports to establish venue in the**

3    **United States District Court for the Northern District of Georgia, or the Superior Court of**

4    **Cobb County, Georgia.  Defendant apparently contends, by referencing Exhibit 3 in its**

5    **Motion to Dismiss Counts Two and Three of Plaintiff's First Amended Complaint, at**

6    **Memorandum pp. 3:1-3, 8:5-6 and 8 at footnote 6, that the relationship between the**

7    **parties, pursuant to Exhibits 1 and 2, is affected by the existence of Exhibit 3.  Judicial**

8    **economy, the potential for inconsistent results, and the related case doctrine suggests that**

9    **all claims for relief arising out of Exhibit 3 be heard on this one action in the Northern**

10   **District of California.**

11

12   RESPONSE:  Home Depot admits that (a) Home Depot and B&O entered into a contract on or

13   about April 5, 2005; (b) Home Depot and B&O entered into another written contract that

14   contains a forum selection clause establishing venue in Georgia's courts; and (c) that the claims

15   and defenses in this action concern both contracts.  Home Depot respectfully refers the Court to

16   the contracts in question for a complete and accurate statement of their terms and denies any

17   remaining allegations of Paragraph 4 of the Third Amended Complaint.

18

19                                    **VENUE**

20   **5.      Venue is proper in the Northern District of California under 28 USC 1391(a), in that**

21   **a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in**

22   **said District.**

23

24   RESPONSE:  Home Depot denies the allegations of Paragraph 5 of the Third Amended

25   Complaint.

26

27

28

**HOME DEPOT U.S.A., INC.'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

BONDURANT, MIXSON
& ELMORE, LLP
3900 ONE ATLANTIC CENTER
1201 W. PEACHTREE ST., NW
ATLANTA, GA 30309
TELEPHONE (404) 881-4100

**FIRST CLAIM FOR RELIEF (BREACH OF CONTRACT)**

**6.      Pursuant to Exhibit 1, Section 1.a, HD agreed to purchase from B&O, not later than May 15, 2005, 72,000 split curtain safety netting systems.**

RESPONSE:  Home Depot denies the allegations of Paragraph 6 of the Complaint, and respectfully refers the Court to the March 15, 2005 Memorandum of Understanding, complete with all exhibits, for a complete and accurate statement of Home Depot's rights and obligations under the agreement.  *See* Counterclaims Exhibit 1.

**7.      HD has breached said contact by purchasing substantially less than 72,000 split curtain safety netting systems by May 15, 2005, all to Plaintiff's damage, according to proof.**

RESPONSE:  Home Depot denies the allegations of Paragraph 7 of the Third Amended Complaint.

**8.      Pursuant to Exhibit 1, section 1.e., HD agreed to purchase all orange netting then owned by B&O at specified prices.**

RESPONSE:  Home Depot admits the allegation of Paragraph 8 that Home Depot agreed to purchase all orange netting then owned by B&O at specified prices and respectfully refers the Court to the March 15, 2005 Memorandum of Understanding, complete with all exhibits, for a complete and accurate statement of Home Depot's agreement.  *See* Counterclaims Exhibit 1.

**9.      HD has further breached said contract by failing to purchase all orange netting then owned by B&O at specified prices, all to Plaintiff's damage, according to proof.**

BONDURANT, MIXSON
& ELMORE, LLP
3900 ONE ATLANTIC CENTER
1201 W. PEACHTREE ST., NW
ATLANTA, GA 30309
TELEPHONE (404) 881-4100

1

2   RESPONSE:  Home Depot denies the allegations of Paragraph 9 of the Third Amended

3   Complaint.

4

5   **10.     Pursuant to Exhibit 1, Section 1.c., HD was obligated to advise B&O of the identity**

6   **of suppliers of safety netting products similar to Plaintiff's safety netting products, located**

7   **in the State of California, and of the location of the stores in which said similar products**

8   **were located.**

9

10  RESPONSE:  Home Depot denies the allegations of Paragraph 10 of the Third Amended

11  Complaint, and respectfully refers the Court to the March 15, 2005 Memorandum of

12  Understanding, complete with all exhibits, for a complete and accurate statement of Home

13  Depot's rights and obligations under the agreement.

14

15  **11.     HD has further breached said contract by failing to so advise B&O, all to Plaintiff's**

16  **damage, according to proof.**

17

18  RESPONSE:  Home Depot denies the allegations of Paragraph 11 of the Third Amended

19  Complaint.

20

21  **12.     Plaintiff has at all times been in compliance with its material obligations under said**

22  **contract.  WHEREFORE, Plaintiff prays judgment as follows:**

23

24  RESPONSE:  Home Depot denies the allegations of Paragraph 12 of the Third Amended

25  Complaint and states that Plaintiff is entitled to no relief whatsoever on its Third Amended

26  Complaint.

27

28

157831                                      5

**HOME DEPOT U.S.A., INC.'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

BONDURANT, MIXSON
& ELMORE, LLP
3900 ONE ATLANTIC CENTER
1201 W. PEACHTREE ST., NW
ATLANTA, GA 30309
TELEPHONE (404) 881-4100

**SECOND CLAIM FOR RELIEF (RECISSION AND RESTITUTION)**

**13.     Plaintiff incorporates by reference, as though set forth in full, paragraphs 1 through 7, above.**

RESPONSE:  Home Depot incorporates by reference its responses to Paragraphs 1-7 as if set forth in full.

**14.     Until HD recently stopped purchasing from B&O, for approximately the past thirteen years, Defendant has been, cumulatively, by far, Plaintiff's biggest customer.  Its continued purchases from Defendant have been critical to Plaintiff's financial success.**

RESPONSE:  Home Depot lacks the knowledge or information necessary to form a belief as to the truth of the allegations of Paragraph 14 and, on that basis, denies the allegations of Paragraph 14 of the Third Amended Complaint.

**15.     On or about January 31, 2006, while Michael Calleja, B&O's president, was at HD's facility in Atlanta, Georgia, HD required Mr. Calleja to immediately prepare and sign, on Plaintiff's letterhead, a letter agreement regarding a commitment to pay to HD sums not actually owing to it.  A true and correct copy of said letter agreement is attached hereto as Exhibit 2.  Said letter agreement served to modify Exhibit 1.  As modification to Exhibit 1, the forum selection and choice of law provisions contained in Section 4 of Exhibit 1 are equally applicable to Exhibit 2.**

RESPONSE:  Home Depot denies the allegations of Paragraph 15 of the Third Amended Complaint, except that Home Depot admits that on or about January 31, 2006 (a) Michael Calleja visited Home Depot's representatives at the Home Depot Store Support Center in Atlanta,

**HOME DEPOT U.S.A., INC.'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

BONDURANT, MIXSON
& ELMORE, LLP
3900 ONE ATLANTIC CENTER
1201 W. PEACHTREE ST., NW
ATLANTA, GA 30309
TELEPHONE (404) 881-4100

Georgia and (b) B&O and Home Depot entered into the Refund Agreement attached as Exhibit 2 to the Third Amended Complaint and as Counterclaims Exhibit 2.

**16.     At that meeting B&O was told that if it did not sign Exhibit 2 at that time, HD would not purchase any further netting products from B&O, and instead would purchase said products from Sinco Sala, a competitor of Plaintiff.**

RESPONSE:  Home Depot denies the allegations of Paragraph 16 of the Third Amended Complaint.

**17.     Exhibit 2, by virtue of a margin notation, indicates that it was approved by HD's legal department.**

RESPONSE:  Home Depot admits that the Refund Agreement attached as Exhibit 2 to the Third Amended Complaint bears a notation that indicates it was approved by Home Depot's legal department.

**18.     Although HD, and its in-house legal department were well aware that B&O was represented by counsel with respect to the negotiation and execution of Exhibit 1 and all payments related thereto based, inter alia, on the participation by B&O's counsel in drafting Exhibit 1, and further, by the fact that B&O's counsel traveled to HD's headquarters in Atlanta, Georgia, for a meeting that ultimately resulted in the execution of Exhibit 1, after extensive negotiations of the terms thereof by counsel for B&O and counsel for HD, B&O was not given the opportunity to review Exhibit 2 with its counsel.**

RESPONSE:  Home Depot admits that certain Home Depot representatives and members of Home Depot's in-house legal department were aware that Paul Rice, B&O's counsel,

**HOME DEPOT U.S.A., INC.'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

BONDURANT, MIXSON
& ELMORE, LLP
3900 ONE ATLANTIC CENTER
1201 W. PEACHTREE ST., NW
ATLANTA, GA 30309
TELEPHONE (404) 881-4100

(a) participated in discussions concerning the 2005 Memorandum of Understanding and

(b) attended a meeting that concerned the 2005 Memorandum of Understanding at Home

Depot's Store Support Center in Atlanta, Georgia.  Home Depot denies any remaining

allegations of Paragraph 18 of the Third Amended Complaint.

**19.     At that time it signed Exhibit 2, B&O had no realistic alternative but to sign Exhibit 2, as HD's failures to meet its obligations with respect to the 72,000 split curtain safety netting system under Exhibit 1, which netting systems are "netting products" as referenced in paragraph 16, above, would have resulted in B&O's bankruptcy or financial ruin.  HD was aware of such at the time it insisted that B&O execute Exhibit 2.**

RESPONSE:  Home Depot denies the allegations of Paragraph 19 of the Third Amended Complaint.

**20.     By virtue of said economic duress and coercion, said contract is voidable, and B&O is entitled to a rescission of any contractual obligations that might otherwise exist pursuant to Exhibit 2, and to restitution of all amounts paid by it to HD thereunder.  Any delay by B&O in demanding rescission or restitution was excused by virtue of B&O's continuing dependence on HD to avoid its financial ruin or bankruptcy, and its inability to promptly demand rescission and restitution without the substantial likelihood of such occurring.**

RESPONSE:  Home Depot denies the allegations of Paragraph 20 of the Third Amended Complaint.

**WHEREFORE, Plaintiff prays judgment as follows:**

RESPONSE:  Home Depot denies that Plaintiff is entitled to any relief whatsoever on its Third

**HOME DEPOT U.S.A., INC.'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

BONDURANT, MIXSON
& ELMORE, LLP
3900 ONE ATLANTIC CENTER
1201 W. PEACHTREE ST., NW
ATLANTA, GA 30309
TELEPHONE (404) 881-4100

1  Amended Complaint.

2

3  **THIRD CLAIM FOR RELIEF (BREACH OF CONTRACT)**

4  **21.    Plaintiff incorporates by reference, as though set forth in full, paragraphs 1 through**

5  **5 above.**

6

7  RESPONSE:  Home Depot incorporates by reference its responses to Paragraphs 1-5 as if set

8  forth in full.

9

10  **22.    On or about June 6, 2006, B&O and HD entered into a written contract entitled**

11  **"EXPENSE BUYING AGREEMENT-SAFETY NETTING".  A true and correct copy of**

12  **said contract, sans attachments, save and except a small redacted portion thereof, is**

13  **attached hereto as Exhibit 3.  Plaintiff has not attached said attachments as, inter alia, they**

14  **contain pricing information that B&O believes HD may consider confidential.**

15

16  RESPONSE:  Home Depot admits that B&O and Home Depot entered into a written contract

17  entitled the Expense Buying Agreement—Safety Netting.  Home Depot denies the remaining

18  allegations of Paragraph 22 of the Complaint and refers the Court to the full Expense Buying

19  Agreement for a full and complete statement of its terms.

20

21  **23.    HD has materially breached said Exhibit 3 by not purchasing from B&O 75% of**

22  **new store netting within the specified time period, all to B&O's damage, according to**

23  **proof.**

24

25  RESPONSE:  Home Depot denies the allegations of Paragraph 23 of the Third Amended

26  Complaint.

27  **24.    The pricing set forth in the redacted portion of Exhibit 3, is a discounted pricing**

28

157831                                              9

**HOME DEPOT U.S.A., INC.'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

BONDURANT, MIXSON
& ELMORE, LLP
3900 ONE ATLANTIC CENTER
1201 W. PEACHTREE ST., NW
ATLANTA, GA 30309
TELEPHONE (404) 881-4100

1  **structure, which was negotiated between B&O and HD, based upon the condition and**

2  **mutual understanding that HD would meet its contractual minimum purchase**

3  **requirements as referenced in Exhibit A-1 to Exhibit 3, above.  Due to HD's early**

4  **termination, without cause, of new store safety netting purchases prior to purchases by HD**

5  **totaling said 75%, B&O is entitled to additional damages based upon a retroactive**

6  **modification of the discounted pricing structure provided to HD for all products**

7  **referenced in the redacted portion of Exhibit 3, to reflect the non-discounted pricing paid**

8  **by HD to B&O prior to the effective date of Exhibit 3.**

9

10  RESPONSE:  Home Depot admits that Exhibit 3 speaks for itself and denies the remaining

11  allegations of Paragraph 24 of the Third Amended Complaint.  Notably, the parties' agreement

12  explicitly allowed Home Depot to "terminate this Agreement without cause, upon sixty (60) days

13  prior written notice to [B&O]," and provides for none of the remedies alleged in Paragraph 24.

14  *See* Exhibit 3, ¶ 3.1(b).

15

16  **25.      Plaintiff has at all times been in compliance with its material obligations under said**

17  **contract.**

18

19  RESPONSE:  Home Depot denies the allegations of Paragraph 25 of the Third Amended

20  Complaint.

21

22  **26.      HD has further breached such contract by failing to pay for over $200,000 of**

23  **product ordered by HD after it purported to give notice of termination pursuant to Section**

24  **3.1(b) of Exhibit 3.**

25

26  RESPONSE:  Home Depot denies the allegations of Paragraph 26 of the Third Amended

27  Complaint.

28

157831                                          10

**HOME DEPOT U.S.A., INC.'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

BONDURANT, MIXSON
& ELMORE, LLP
3900 ONE ATLANTIC CENTER
1201 W. PEACHTREE ST., NW
ATLANTA, GA 30309
TELEPHONE (404) 881-4100

1

2

3    **27.    HD has additionally breached said contract by failing, despite demand by Plaintiff,**

4    **to purchase substantial quantities of completed product, and of component parts necessary**

5    **for the assembly thereof, manufactured and or purchased for the express purpose of B&O**

6    **fulfilling its obligations to HD pursuant to Exhibit 3, entitling Plaintiff to damages not yet**

7    **calculated, including, but not limited to damages available to it pursuant to Commercial**

8    **Code §§ 2708-2710.  For the most part, said product and parts are custom made to HD**

9    **requirements, and have not other market, other than as scrap.  HD has audited these**

10   **products, subsequent to its purported early termination of Exhibit 3, by physical inspection**

11   **pursuant to its audit rights under Section 27.0 of Exhibit 3.**

12

13   <u>RESPONSE</u>:  Home Depot denies the allegations of Paragraph 27 of the Third Amended

14   Complaint.

15

16   28.    Home Depot denies each and every allegation of the Third Amended Complaint not

17   specifically admitted above.

18

19                              **DEFENSES**

20        In addition to the foregoing responses to Plaintiff's numbered allegations, Home Depot

21   asserts the following defenses:

22                          **FIRST DEFENSE**

23        Plaintiff's claims for breach of contract are barred, in whole or in party, by plaintiff's

24   failure to state a claim upon which relief can be granted.

25                          **SECOND DEFENSE**

26        Plaintiff's claims for breach of the 2005 Memorandum of Understanding are barred, in

27   whole or in part, by the statute of limitations.

28

157831                                11

BONDURANT, MIXSON
& ELMORE, LLP
3900 ONE ATLANTIC CENTER
1201 W. PEACHTREE ST., NW
ATLANTA, GA 30309
TELEPHONE (404) 881-4100

1

### THIRD DEFENSE

2    Plaintiff's claims for breach of any contract are barred, in whole or in part, by plaintiff's

3    failure to mitigate its alleged damages.

4

### FOURTH DEFENSE

5    Plaintiff's claims for rescission are barred by the doctrines of laches, waiver and

6    estoppel.

7

### FIFTH DEFENSE

8    Plaintiff's claims for rescission are barred by plaintiff's partial performance of its

9    obligations under the 2005 Refund Agreement.

10

### SIXTH DEFENSE

11    Plaintiff's claims for breach of any contract are barred by the defense of failure of

12    consideration.

13

### SEVENTH DEFENSE

14    Plaintiff's claims for breach of any contract are barred by the defense of frustration of

15    purpose.

16

### EIGHTH DEFENSE

17    Plaintiff's claims for damages are barred, in whole or in part, by Home Depot's right to

18    set-off or recoupment of Plaintiff's outstanding debts to Home Depot.

19

### NINTH DEFENSE

20    Home Depot reserves the right to add any other defenses in accordance with the Federal

21    Rules of Civil Procedure.

22

### RELIANCE ON JURY DEMAND

23    Home Depot hereby asserts its reliance on Plaintiff's demand for a jury trial on all issues

24    and claims eligible for jury determination in this action.

25

### PRAYER FOR RELIEF

26    **WHEREFORE**, Home Depot respectfully prays for judgment as follows:

27

28

157831                                        12

**HOME DEPOT U.S.A., INC.'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

BONDURANT, MIXSON
& ELMORE, LLP
3900 ONE ATLANTIC CENTER
1201 W. PEACHTREE ST., NW
ATLANTA, GA 30309
TELEPHONE (404) 881-4100

1.      that judgment be entered in favor of Home Depot and against B&O on all claims for relief;

2.      that B&O take nothing by its Complaint;

3.      that Home Depot be awarded its attorneys' fees and costs of suit incurred herein; and

4.      that Home Depot be awarded such other and further relief as it deems just and proper.

## HOME DEPOT U.S.A., INC'S COUNTERCLAIMS
## AGAINST B&O MANUFACTURING, INC.

Pursuant to Fed. R. Civ. P. 13, Defendant Home Depot U.S.A., Inc. ("Home Depot") brings these Counterclaims against Plaintiff B&O Manufacturing, Inc. ("B&O") for breach of two separate contracts between the parties.  Home Depot seeks to recover its damages, pre-judgment interest, expenses and attorneys' fees, as well as any other appropriate relief, and states as follows:

### THE PARTIES

1.      Defendant and Counterclaim-Plaintiff Home Depot U.S.A., Inc. is a Delaware corporation with its principal place of business in Atlanta, Georgia.

2.      Upon information and belief, Plaintiff and Counterclaim-Defendant B&O Manufacturing, Inc. is a California corporation, with its principal place of business in San Francisco, California.  Upon information and belief, B&O is manufacturer and distributor of steel products.  B&O has supplied Home Depot with safety netting systems for its stores.   In 2007, Home Depot terminated the parties' relationship with respect to Home Depot stores in the United States in accordance with the termination provision of the parties' underlying contract. B&O, however, continues to supply other Home Depot entities with safety netting systems for Home Depot stores outside the United States.

### VENUE AND JURISDICTION

**HOME DEPOT U.S.A., INC.'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

BONDURANT, MIXSON
& ELMORE, LLP
3900 ONE ATLANTIC CENTER
1201 W. PEACHTREE ST., NW
ATLANTA, GA 30309
TELEPHONE (404) 881-4100

1      3.      Home Depot and B&O are citizens of different states, and the amount in

2  controversy exceeds $75,000.  Accordingly, this Court has subject matter jurisdiction over this

3  dispute pursuant to 28 U.S.C. § 1332.

4      4.      This Court has personal jurisdiction over both parties.

5      5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(1) because

6  Counterclaim-Defendant B&O resides in this District.

7                                     **NATURE OF THE ACTION**

8      6.      Home Depot has purchased safety netting systems for its home improvement

9  warehouse stores from B&O for several years.  In 2005, Home Depot pre-paid B&O for nearly

10  $7 million in product.  After accepting Home Depot's money, however, B&O was unable to

11  fulfill its end of the bargain by delivering all the product Home Depot had ordered.  By the end

12  of 2005, B&O had failed to deliver approximately $1.8 million in safety netting systems that

13  Home Depot had already ordered and for which it had already paid.

14      7.      When Home Depot raised this shortfall with B&O, Michael Calleja, B&O's

15  president, Mr. Calleja informed Home Depot's representatives that B&O (1) did not have $1.8

16  million in product available to supply to Home Depot, and (2) could not refund Home Depot its

17  money, despite the fact that Home Depot prepaid that money to B&O.  Although Home Depot

18  attempted to work with B&O to resolve this matter, B&O remained unable to deliver the missing

19  product or refund Home Depot its money.

20

21

22

23

24

25

26

27

28

BONDURANT, MIXSON
& ELMORE, LLP
3900 ONE ATLANTIC CENTER
1201 W. PEACHTREE ST., NW
ATLANTA, GA 30309
TELEPHONE (404) 881-4100

157831                              14

**HOME DEPOT U.S.A., INC.'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

8.      In January 2006, Home Depot sought and ultimately received B&O's agreement to refund the $1.8 million balance to Home Depot (the "Refund Agreement").  Rather than insisting that B&O return all this money at once, Home Depot agreed to allow B&O to pay Home Depot over time by effectively refunding a percentage of the money Home Depot was paying B&O to fulfill subsequent orders.   By agreeing to the payment plan specified in the Refund Agreement, Home Depot sought to recover its money without causing B&O unnecessary financial hardship or cash flow problems.  Mr. Calleja agreed to this arrangement and memorialized it on B&O's own letterhead in late-January, 2006.  Mr. Calleja signed and presented the Refund Agreement to Home Depot on or about January 31, 2006.

9.      Although B&O made its first three payments to Home Depot, B&O never made any further payments as the Refund Agreement required.  As a result, B&O continues to owe Home Depot approximately $1.2 million for product that Home Depot paid for in 2005 and B&O has never delivered.  And although Home Depot has repeatedly offered to work with B&O to resolve this matter with either (a) delivered safety netting systems or (b) a refund of Home Depot's money, B&O has not provided Home Depot with either its money or its product.

10.     Accordingly, Home Depot brings this action to recover $1.2 million from B&O.  In addition to recovering these funds, Home Depot seeks to recover interest, its expenses and its attorneys' fees from B&O.

### FACTUAL BACKGROUND

11.     Home Depot operates warehouse stores throughout the United States. In those stores, Home Depot displays and stores merchandise on large warehouse racking systems.  For many years now, Home Depot has installed safety netting systems on the higher shelves to prevent merchandise from falling and potentially injuring Home Depot's customers and the associates working in the stores.

12.     B&O has supplied Home Depot with these safety netting systems.  Although B&O was once a valued supplier of Home Depot, the parties' relationship has deteriorated in more recent years.

**HOME DEPOT U.S.A., INC.'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

BONDURANT, MIXSON
& ELMORE, LLP
3900 ONE ATLANTIC CENTER
1201 W. PEACHTREE ST., NW
ATLANTA, GA 30309
TELEPHONE (404) 881-4100

13.     B&O filed a lawsuit against Home Depot in 2004 when Home Depot selected another vendor to supply safety netting systems for a number of new Home Depot stores.  Later that same year, B&O threatened to sue Home Depot for patent infringement because it had purchased safety netting systems from another vendor.

## THE 2005 MEMORANDUM OF UNDERSTANDING

14.     In late 2004, Home Depot attempted to resolve its differences with B&O.  The parties agreed to release all claims against each other and enter into a new agreement.  Home Depot agreed to award B&O a significant amount of business and issued B&O a purchase order (No. 9000522338) for 12,000 safety netting systems in December 2004.

15.     The parties formalized their agreement in April 2005 by signing a Memorandum of Understanding (the MOU).  Paragraph 1.a of the MOU commits Home Depot to issue purchase orders for 72,000 safety netting systems once B&O confirmed that it would be able to deliver the products to Home Depot.  Because B&O was experiencing cash flow difficulties and represented that it needed funds to manufacture the required number of netting systems, Home Depot further agreed to pre-pay for these safety netting systems before B&O delivered the first 12,000 units that Home Depot ordered the previous December.  A complete copy of the MOU and its exhibits (with any pricing information redacted) is attached hereto as Counterclaims Exhibit 1.

16.     In June 2005, Home Depot issued a second purchase order (No. 9001007483) for nearly 65,000 safety netting systems.   In combination with the 12,000 units Home Depot ordered in December, 2004, this order satisfied the MOU's requirement that Home Depot order at least 72,000 safety netting systems from B&O.

17.     In accordance with the MOU, Home Depot issued and B&O cashed two checks to pre-pay B&O nearly $7 million for these safety netting systems.

18.     After accepting Home Depot's pre-payment, however, B&O was unable to satisfy Home Depot's purchase orders.  In addition to the December 2004 and June 2005 purchase orders submitted by Home Depot, the MOU required B&O to supply Home Depot with at least

157831                                          16

**HOME DEPOT U.S.A., INC.'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

BONDURANT, MIXSON
& ELMORE, LLP
3900 ONE ATLANTIC CENTER
1201 W. PEACHTREE ST., NW
ATLANTA, GA 30309
TELEPHONE (404) 881-4100

50 percent of its safety netting systems for new and remodeled Home Depot stores. *See* MOU ¶

1.b. Accordingly, Home Depot continued to purchase additional systems throughout 2005 and

2006.

19. Despite its prior representations that it could meet Home Depot's demand for the

safety netting systems, B&O had difficulty satisfying Home Depot's orders. Although B&O

delivered a substantial number of safety netting systems in 2005, B&O failed to deliver

approximately $1.8 million in product for which Home Depot had pre-paid.

20. When Home Depot asked B&O about this shortfall, Mr. Calleja informed Home

Depot's representative that B&O did not have sufficient product on hand to fulfill Home Depot's

outstanding order. In addition, Mr. Calleja informed Home Depot's representative that B&O

could not return Home Depot's money.

21. Over the following weeks and months, Home Depot tried to work with B&O to

reach a fair resolution to this problem. At no time during these negotiations did B&O deny that

Home Depot had prepaid the funds at issue or claim that B&O had any excuse for failing to

deliver the product to Home Depot. Finally, in January 2006, Home Depot informed B&O that

Home Depot could no longer simply leave the matter unaddressed.

## THE REFUND AGREEMENT

22. On or about January 31, 2006, Mr. Calleja met with David Curley, then Home

Depot's Procurement Manager at the Home Depot Store Support Center in Atlanta, Georgia.

The purpose of the meeting was to discuss and negotiate a resolution related to the $1.8 million

that Home Depot prepaid to B&O. Mr. Curley and Mr. Calleja agreed to a plan in which B&O

would make quarterly payments to Home Depot until the whole $1.8 million was repaid. Home

Depot did not ask B&O to pay interest on the $1.8 million. Mr. Curley asked Mr. Calleja to

prepare a written document that would confirm B&O's outstanding debt to Home Depot and set

forth the agreed-upon schedule for B&O to repay that debt over time. Mr. Calleja agreed that he

would provide Home Depot with such a document.

**HOME DEPOT U.S.A., INC.'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

BONDURANT, MIXSON
& ELMORE, LLP
3900 ONE ATLANTIC CENTER
1201 W. PEACHTREE ST., NW
ATLANTA, GA 30309
TELEPHONE (404) 881-4100

23.    At no time during the January 31, 2006 meeting did Mr. Calleja deny B&O's obligation or outstanding debt to Home Depot.  Nor did Mr. Calleja request that Home Depot give him more time to prepare the agreement or to consult with other parties.

24.    Later that day, Mr. Calleja presented Home Depot's representative with an Open Balance Refund Agreement ("Refund Agreement"), which he had already signed.  In the Refund Agreement, B&O explicitly acknowledged Home Depot's pre-payment for the December 2004 and June 2005 purchase orders and committed to repay the outstanding balance to Home Depot.  A true and correct copy of the Refund Agreement as executed by Home Depot is attached hereto as Counterclaims Exhibit 2.

25.    From May to November 2006, B&O paid Home Depot $564,935 in refund payments under the Refund Agreement.  After making those initial refunds, however, B&O stopped all payments under the Refund Agreement.

26.    Home Depot made further attempts to recover the outstanding debt from B&O, to no avail.  Finally, on May 30, 2007, Home Depot demanded that B&O either deliver the additional product that Home Depot had paid for or refund Home Depot's money.

27.    B&O responded by filing suit against Home Depot in this Court on June 7, 2007.  Since that time, B&O has not refunded the $1.2 million balance that it owes to Home Depot.  Nor has B&O resolved this matter by delivering the product Home Depot ordered and paid for so long ago.

## COUNT I

### (Breach of the Memorandum of Understanding)

28.    Home Depot reincorporates the allegations of the preceding paragraphs as if set forth herein.

29.    The parties entered into the 2005 Memorandum of Understanding, which is a valid contract.

30.    Home Depot pre-paid B&O nearly $7 million for safety netting systems that were to be delivered pursuant to the contract.

**HOME DEPOT U.S.A., INC.'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

BONDURANT, MIXSON
& ELMORE, LLP
3900 ONE ATLANTIC CENTER
1201 W. PEACHTREE ST., NW
ATLANTA, GA 30309
TELEPHONE (404) 881-4100

31.    B&O has breached the 2005 MOU by failing to deliver $1.8 million in product for which Home Depot pre-paid B&O in 2005.

32.    As a direct and proximate result of B&O's breach of contract, Home Depot has been injured in an amount to be proved at trial.

33.    In addition, Paragraph 15.2 of the Expense Buying Agreement attached as Exhibit C to the 2005 MOU (*see* Counterclaims Exhibit 1)  provides that Home Depot shall be entitled to recover the costs of enforcing the agreement any the terms of any purchase orders from B&O:

> 15.2    All reasonable costs and expenses incurred by Home Depot due to the Supplier's violations of or failure to follow any or all of the terms of the Order will be charged to the Supplier.  The Supplier expressly agrees to reimburse Home Depot for all such costs and expenses and the Supplier further agrees that, at Home Depot's option, Home Depot may deduct such costs and expenses from any sum then or thereafter owing to the Supplier by Home Depot.

34.    As a direct result of B&O's conduct in this matter, Home Depot has been forced to incur expenses, including significant attorneys' fees, to enforce the terms of the 2005 MOU and its December 2004 and June 2005 purchase orders in connection with this Counterclaim, and to defend B&O's claims that Home Depot breached the 2005 MOU.  In addition, Home Depot will continue to incur such costs and attorneys' fees to further enforce its rights in this action.

35.    Accordingly, Home Depot seeks an award of damages to compensate Home Depot for the damages, interest, attorneys' fees and other expenses it has suffered in this matter.

## COUNT II

### (Breach of the Open Balance Refund Agreement)

36.    Home Depot reincorporates the allegations of the preceding paragraphs as if set forth herein.

37.    The parties entered into the Refund Agreement, which is a valid and binding contract.

BONDURANT, MIXSON
& ELMORE, LLP
3900 ONE ATLANTIC CENTER
1201 W. PEACHTREE ST., NW
ATLANTA, GA 30309
TELEPHONE (404) 881-4100

1     38.      After partially performing, B&O breached the Refund Agreement by refusing to

2   make further scheduled refund payments to Home Depot.

3     39.      As a direct and proximate result of B&O's breach of contract, Home Depot has

4   been injured the amount of $1.2 million, which represents the unpaid balance of funds that B&O

5   has failed to repay to Home Depot.

6     40.      Accordingly, Home Depot seeks an award of damages in the amount of $1.2

7   million plus any legal interest that has accrued since the time of B&O's breach in accordance

8   with O.C.G.A. § 13-6-13.

9                 **COUNT III**

10         **(For Attorneys' Fees Pursuant to O.C.G.A. § 13-6-11)**

11     41.      Home Depot reincorporates the allegations of the preceding paragraphs as if set

12   forth herein.

13     42.      Over the course of several years, Home Depot has repeatedly tried to amicably

14   resolve the parties' differences over B&O's inability or unwillingness to (a) deliver the product

15   that Home Depot paid for in 2005 or (b) refund Home Depot the balance of Home Depot's pre-

16   payments.

17     43.      Rather than honor its obligations under the parties' agreements as detailed above,

18   B&O elected to halt its refund payments to Home Depot and to file suit against Home Depot in

19   this Court.

20     44.      B&O, therefore, has acted in bad faith and been stubbornly litigious.  In addition,

21   B&O has caused Home Depot unnecessary trouble and expense.

22     45.      As a direct and proximate result of B&O's conduct in this matter, Home Depot

23   has been forced to incur significant expenses of litigation, including but not limited to attorneys'

24   fees and expenses.

25     46.      Home Depot, therefore, seeks to recover these fees and expenses of litigation

26   from B&O pursuant to O.C.G.A. § 13-6-11.

27     **WHEREFORE**, Home Depot respectfully prays for judgment as follows:

28

**HOME DEPOT U.S.A., INC.'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

BONDURANT, MIXSON
& ELMORE, LLP
3900 ONE ATLANTIC CENTER
1201 W. PEACHTREE ST., NW
ATLANTA, GA 30309
TELEPHONE (404) 881-4100

1     A.     That Plaintiff recover nothing on its Complaint;

2     B.     That the Court award Home Depot damages for B&O's breach of contract in an

3 amount to be determined at trial;

4     C.     That the Court award Home Depot pre-judgment interest pursuant to O.C.G.A.

5 § 13-6-13; and

6     D.     That the Court award Home Depot its costs of bringing this action, including its

7 reasonable attorneys' fees, pursuant to the parties' agreements and O.C.G.A. § 13-6-11;

8     E.     That this Court award Home Depot such other and further relief as may be just

9 and proper.

10 DATED: April 14, 2008          BONDURANT, MIXSON & ELMORE LLP

11

12                    By:  /s/ Christopher T. Giovinazzo
                           Christopher T. Giovinazzo
13                         Ronan P. Doherty
                           Attorneys for Defendant
14                         HOME DEPOT U.S.A., INC.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**HOME DEPOT U.S.A., INC.'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

BONDURANT, MIXSON
& ELMORE, LLP
3900 ONE ATLANTIC CENTER
1201 W. PEACHTREE ST., NW
ATLANTA, GA 30309
TELEPHONE (404) 881-4100

1

**CERTIFICATE OF SERVICE**

2       I hereby certify that on April 14, 2008 I have electronically filed the within and foregoing

3   **DEFENDANT HOME DEPOT U.S.A., INC.'S ANSWER, DEFENSES AND**

4   **COUNTERCLAIMS TO PLAINTIFF'S THIRD AMENDED COMPLAINT** with the Clerk

5   of Court using the CM/ECF system which will automatically send email notification of such

6   filing to the following attorney of record, and by U.S. mail, postage prepaid thereon, addressed

7   as follows:

8           Paul E. Rice
            Rice & Bronitsky
9           350 Cambridge Ave., Suite 225
            Palo Alto, California  943006

10

11                                      /s/Christopher T. Giovinazzo
                                        Christopher T. Giovinazzo

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

157831                              22

**HOME DEPOT U.S.A., INC.'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

BONDURANT, MIXSON
& ELMORE, LLP
3900 ONE ATLANTIC CENTER
1201 W. PEACHTREE ST., NW
ATLANTA, GA 30309
TELEPHONE (404) 881-4100