**Paul E. Rice/Bar No. 062509**
**RICE & BRONITSKY**
350 Cambridge Avenue, Suite 225
Palo Alto, CA 94306
Telephone: 650/289-9088
Facsimile: 650/289-9093
price@civlit.com

Attorneys for Plaintiff
B&O Manufacturing, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **B&O MANUFACTURING, INC.**, <br><br>　　　　Plaintiff, <br>　　v. <br><br>**HOME DEPOT U.S.A., INC.**, <br><br>　　　　Defendant. | Case No.: C 07-02864 JSW <br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COUNTS I AND III OF PLAINTIFF'S THIRD AMENDED COMPLAINT** <br><br> Date: June 20, 2008 <br> Time: 9:00 a.m. <br> Dept.: Courtroom 2, 17th Floor |

i

Memorandum of Points and Authorities in Opposition to Defendant's Motion to Dismiss Counts I and III of Plaintiff's Third Amended Complaint
Case No. C 07-02864 JSW

**TABLE OF CONTENTS**

I.   STANDARD OF REVIEW ................................................................................................. 1

II.  B&O'S LAWSUIT IS NOT UNTIMELY ........................................................................... 1

III. SECTION 15.7 OF THE EXPENSE BUYING AGREEMENT DOES NOT SHORTEN THE OTHERWISE APPLICABLE FOUR-YEAR STATUTE OF LIMITATIONS ................................................................................................................... 1

IV.  EVEN IF SECTION 15.7 WAS DEEMED TO REFERENCE THE FILING OF A LAWSUIT, IT IS UNENFORCEABLE ................................................................................ 4

V.   THE 2006 EXPENSE BUYING AGREEMENT ................................................................. 5

   A. Introduction ..................................................................................................................... 5

   B. B&O's Claim Of Breach, As Referenced In Third Amended Complaint, ¶ 23, Does Not, As Home Depot Contends, Fail As A Matter Of Law ....................................... 6

VI.  DEFENDANT'S MOTION TO DISMISS DOES NOT ADDRESS OTHER CLAIMS CONTAINED WITHIN PLAINTIFF'S THIRD CLAIM FOR RELIEF ................. 8

RICE & BRONITSKY
350 Cambridge Avenue, Suite 225
Palo Alto, CA 94306
650/289-9088

ii

Memorandum of Points and Authorities in Opposition to Defendant's Motion to Dismiss Counts I and III of Plaintiff's Third Amended Complaint
Case No. C 07-02864 JSW

# TABLE OF AUTHORITIES

**Cases**

*Associated Services v. Workman*, 265 Ga. App. 348 (2004) ................................................................ 7, 8

*Gilligan v. Janco Development Corp.*, 108 F.3d 246 (9th Cir. 1997) ......................................................... 1

*Lujan v. National Wildlife Federation*, 497 U.S. 871 (1990) .................................................................... 3

*Moss v. Geary*, 41 Cal. App. 3d 1 (1974) ................................................................................................... 4

*Parsons v. Bristol Development Co.*, 62 Cal. 2d 861 (1965) ..................................................................... 4

*Therma-Coustics Mfg., Inc. v. Borden, Inc.*, 167 Cal. App. 3d 282 (1984) ........................................ 3, 5

*United States v. Redwood City*, 640 F.2d 963 (9th Cir. 1981) .................................................................. 1

**Statutes**

Civil Code § 1636 ......................................................................................................................................... 3

Civil Code § 1654 ..................................................................................................................................... 4, 7

Commercial Code § 2725 ............................................................................................................................. 5

Commercial Code § 2725(1) ............................................................................................................... 2, 4, 5

Commercial Code § 2725(2) ........................................................................................................................ 5

**Rules**

Fed. R. Civ. P. 12(b)(6) ................................................................................................................................ 1

**RICE & BRONITSKY**
350 Cambridge Avenue, Suite 225
Palo Alto, CA 94306
650/289-9088

iii

Memorandum of Points and Authorities in Opposition to Defendant's Motion to Dismiss Counts I and III of Plaintiff's Third Amended Complaint
Case No. C 07-02864 JSW

**I.  STANDARD OF REVIEW.**

While Plaintiff does not disagree with Defendant's Memorandum as to the standard of review (Memorandum, p. 4:3-13), as far as it goes, it obviously does not go far enough.

A motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted. *Gilligan v. Janco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). A dismissal under Fed. R. Civ. P. 12(b)(6) is proper only in "extraordinary cases." *United States v. Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981).

**II.  B&O'S LAWSUIT IS NOT UNTIMELY.**

Plaintiff's First Claim for Relief is essentially identical in its First, Second, and Third Amended Complaints.[1]

In Defendant's Motion to Dismiss Plaintiff's First Amended Complaint, Defendant states, at Memorandum, p. 1:23-24, that "Home Depot does not move to dismiss Count One only because, for purposes of this motion, the Court must assume the truth of B&O's factual allegations." Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint was directed only at Counts Two through Five. While there is no per se rule against sequential 12(b)(6) motions, Defendant's failure to move to dismiss Plaintiff's essentially identical First Claim for Relief in two prior Motions, at the minimum, is a rather strongly implied admission that the First Claim for Relief should not be dismissed. Had the Court denied, in its entirety, Defendant's Motion to Dismiss, Defendant would have been precluded from bringing a subsequent Motion to Dismiss. Fed. R. Civ. P. 12(b)(6). "A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed." That Defendant was successful in prior motions on non-related claims for relief does not change the implied admission that Plaintiff's First Claim for Relief is not barred by Section 15.7 of the Expense Buying Agreement ("EBA").

**III.  SECTION 15.7 OF THE EXPENSE BUYING AGREEMENT DOES NOT SHORTEN THE OTHERWISE APPLICABLE FOUR-YEAR STATUTE OF LIMITATIONS.**

---

[1] The only difference is that Plaintiff's First Amended Complaint does not contain the word "material" at ¶ 12.

Memorandum of Points and Authorities in Opposition to Defendant's Motion to Dismiss Counts I and III of Plaintiff's Third Amended Complaint
Case No. C 07-02864 JSW

There are several reasons why Section 15.7 does not shorten the applicable statute of limitations. In order to properly analyze these, the Court must review both sentences of Section 15.7, not just the cherry-picked first sentence referenced by Defendant. Section 15.7 (Giovinazzo Declaration, Exhibit 1, sub-Exhibit C, p. 8) in its entirety reads as follows:

> Notwithstanding any provision to the contrary, Supplier agrees to bring any claim or dispute against The Home Depot (including payment disputes) within one year after the occurrence of the event giving rise to such dispute. **All payment and invoicing disputes will be governed by the terms contained in the Account Reconciliation Section of the Reference Guide.** (emphasis added)

Even viewed in a light most favorable to Home Dept, Section 15.7 is ambiguous and confusing, and not dispositive at the pleading stage. It is important to note that Section 15.7 does not even refer to the filing of a lawsuit. Nowhere in Section 15.7 does Home Depot use words such as litigation, lawsuit, statute of limitations, or the like, nor does it reference Commercial Code § 2725(1), which might lead one to conclude that Home Depot intended Section 15.7, which the evidence will demonstrate it drafted, to reference the filing of a lawsuit.

In fact, parsing the first sentence of Section 15.7, one is left to wonder what it means to "bring any claim." Even more confusing is the term "bring any dispute." How does one "bring a dispute"? Does "bring any claim" mean initiating an informal claim with the other side? Does it refer to payment and invoicing disputes referenced at Section 15.7?

The second sentence of Section 15.7, and its reference to the dispute or claim process being governed by the "Account Reconciliation Section", certainly implies something other than litigation. Lawsuits are not governed by Account Reconciliation Sections.

In any case, as this "Reference Guide" is not before the Court, it is clear that the Motion to Dismiss is, at the minimum, founded upon an insufficient record for the Court to even consider it. Without the Reference Guide before it, the Court must engage in sheer speculation as to how it might impact this so called statute of limitations issue. For example, it may define terms such as "bring a dispute" or "bring a claim" to mean that a supplier, like B&O, must send a letter or other communication to Home Depot outlining the specifics of any grievances.

Of course, it is too late for Home Depot to provide the Court with the Reference Guide in its Reply Memorandum, as this would constitute new matter, which Plaintiff would not have an

2

Memorandum of Points and Authorities in Opposition to Defendant's Motion to Dismiss Counts I and III of Plaintiff's Third Amended Complaint
Case No. C 07-02864 JSW

**RICE & BRONITSKY**
350 Cambridge Avenue, Suite 225
Palo Alto, CA 94306
650/289-9088

1  opportunity to address. *Lujan v. National Wildlife Federation*, 497 U.S. 871, 894-895 (1990). This
2  is particularly true given the Court's Order of April 14, 2008, which indicated that the Court may
3  decide to rule on this Motion on the pleadings. That B&O would reference the Reference Guide was,
4  of course, reasonably foreseeable by Home Depot, as it is specifically referenced in Section 15.7.

5  Without the Reference Guide, the Court must also speculate as to whether invocation of the
6  mediation process (EBA, Section 15.6) constitutes the bringing of a claim or of a dispute. Section
7  15.6 utilizes the term "litigation." It is used again in EBA Section 15.9. Home Depot and its cadre
8  of counsel obviously knew how to use the word "litigation" when they wanted to. That it was not
9  used in Section 15.7 implies that Section 15.7 was not meant to reference litigation.

10  Defendant references *Therma-Coustics Mfg., Inc. v. Borden, Inc.*, 167 Cal. App. 3d 282
11  (1984), at Memorandum, p. 5:7-8. In *Therma-Coustics*, the language of the operative contract was
12  far clearer. The two different provisions, which referred to two different sets of sales documents,
13  read respectively, "Any action by buyer hereunder shall be commenced within one year after receipt
14  of said products." The second provision read, "Claim period…In no event shall Buyer commence
15  any action under this contract later than one year after the cause of action has accrued."

16  Obviously, in each of these cases, operative terms such as "commencing an action" and
17  "cause of action has accrued" imply the filing of a lawsuit. Section 15.7 does not use such language,
18  or any equivalent thereof.

19  Indeed, while the subsequently executed April 1, 2006, EBA (Third Amended Complaint,
20  Exhibit 3), at Section 17.0, uses the otherwise ambiguous and uncertain phrase "submit disputes", by
21  directly following that phrase with the words, "to either the US District Court for the Northern
22  District of Georgia, Atlanta Division, or the Superior Court of Cobb County Georgia", Home Depot
23  made clear that the submission of Disputes was to a Court. Section 15.7 is at the opposite end of the
24  clarity spectrum.

25  Pursuant to Section 15.9 of the Expense Buying Agreement, California substantive law
26  controls the interpretation of the Expense Buying Agreement. Accordingly, California statutes
27  governing the interpretation of contracts apply. For example, Civil Code § 1636 provides that a
28  contract must be so interpreted as to give effect to the mutual intention of the parties as it existed at

**RICE & BRONITSKY**
350 Cambridge Avenue, Suite 225
Palo Alto, CA 94306
650/289-9088

Memorandum of Points and Authorities in Opposition to Defendant's Motion to Dismiss Counts I and III of Plaintiff's Third Amended Complaint
Case No. C 07-02864 JSW

1  the time of contracting, so far as the same is ascertainable and lawful.  Accordingly, evidence is
2  required as to what the intent of the parties was with respect to Section 15.7, and whether it was
3  meant to address the filing of a lawsuit, or a less formal claims process.  Thus, the Motion must fail,
4  for this additional reason.

5      Likewise, to the extent the contract language is uncertain, "the language of the contract
6  should be interpreted most strongly against the party who caused the uncertainty to exist."  Civil
7  Code § 1654.  Plaintiff will have no problem establishing that it is The Home Depot which caused
8  the uncertainty to exist.  Thus, again, dismissal is inappropriate.

9      Under California law, while the interpretation of a contract is a judicial function, this judicial
10 function is to be excised according to the generally accepted canons of interpretation, including the
11 admission of extensive evidence to interpret the instrument, but not to give a meaning to which it is
12 not reasonably susceptible.  *Parsons v. Bristol Development Co.*, 62 Cal. 2d 861, 865 (1965).  The
13 Court should not rewrite for Home Depot's benefit language that is, at best, far less certain than that
14 which Home Depot now claims.  *Moss v. Geary*, 41 Cal. App. 3d 1, 9 (1974).

15     Much as Home Depot might wish it to be the case, Section 15.7 simply does not "include an
16 express provision that required B&O to file any claim for breach within one year of the facts giving
17 rise to the dispute."  (Memorandum, p. 3:21-23).  For the reasons referenced above, both individually
18 and collectively, the Motion must fail as to the Second Claim for Relief.

19 **IV. EVEN IF SECTION 15.7 WAS DEEMED TO REFERENCE THE FILING OF A**
20     **LAWSUIT, IT IS UNENFORCEABLE.**

21     Even if Section 15.7 was determined to reference the filing of a lawsuit, it is unenforceable,
22 as it is not in compliance with the provisions of Commercial Code § 2725(1), the statute that allows
23 the parties to shorten the statute of limitations to no less than a year.

24     Commercial Code § 2725(1) states that "by the original agreement, the parties may reduce
25 the period of limitation to not less than one year, but may not extend it."  Section 15.7 applies only to
26 B&O, the Supplier only, and not to Home Depot, as it references disputes or claims of the "Supplier"
27 only.  Home Depot's attempt to reduce the otherwise applicable statute of limitations as to the
28

RICE & BRONITSKY
350 Cambridge Avenue, Suite 225
Palo Alto, CA 94306
650/289-9088

4

Supplier only (B&O) is not in conformance with § 2725(1). Section 2725(1) appears to contemplate a bilateral reduction.

Apparently, this issue of a reduction that is applicable to both parties was not presented to the Court in *Therma-Coustics,* referenced by Home Depot at Memorandum, p. 5:8-9, and thus, was not addressed by the Court. However, it is submitted that the language of Commercial Code § 2725(1) requires a finding of reciprocity in order for a purported § 2725(1) reduction to be enforceable.

Pursuant to § 2725(1), absent a contractual reduction, a four-year statute of limitations applies for bringing a claim for breach of any contract of sale. Accordingly, pursuant to the EBA, Home Depot could have sued on the 2005 Memorandum of Understanding and its referenced EBA within four years from the date of any claimed breach by B&O. Any contention that a four-year statute of limitations applies to Home Depot, but that B&O is bound by a one-year statute, flies in the face of the wording of the statute, as well as logic, consistency and fairness. Section 2725(1) does not state, as Home Depot would have this Court hold, "by the original agreement, the parties may reduce the period of limitation, **as applicable to one or more parties to the contract**, to not less than one year" (emphasis added).

That § 2725(2) references the "aggrieved party", which, of course, can be any party to a contract, further serves to confirm the reciprocal nature of § 2725. As Section 15.7 of the EBA is not reciprocal, it is not in conformance with § 2725, and thus is unenforceable.

**V.    THE 2006 EXPENSE BUYING AGREEMENT.**

**A. Introduction.**

Once again, Home Depot asks the Court to interpret in its favor what is, at best, muddled language found in a standard form Home Depot drafted. Further, Defendant moves to dismiss the entirety of Plaintiff's Third Claim for Relief, based upon the "75 percent claim" contained within Third Amended Complaint, ¶ 23. Defendant does not challenge in this Motion B&O's other independent claims, which are separately stated within said Third Claim for Relief, at ¶¶ 24, 26, and 27, and which must survive, even if the Court were to find dismissal appropriate as to the "75 percent" claim.

5

Memorandum of Points and Authorities in Opposition to Defendant's Motion to Dismiss Counts I and III of Plaintiff's Third Amended Complaint
Case No. C 07-02864 JSW

RICE & BRONITSKY
350 Cambridge Avenue, Suite 225
Palo Alto, CA 94306
650/289-9088

**B. B&O's Claim Of Breach, As Referenced In Third Amended Complaint, ¶ 23, Does Not, As Home Depot Contends, Fail As A Matter Of Law.**

B&O does not dispute that the printed form Expense Buying Agreement contains a 60-day termination clause. However, Exhibit A1 to the Expense Buying Agreement, which, pursuant to its introductory paragraph, controls and governs in the event of any conflict or discrepancy between its terms or provisions and that of the Expense Buying Agreement, requires Home Depot to purchase 75 percent of new store safety netting within the dates specified above.

The only dates specified in the applicable Expense Buying Agreement, other than the dates of execution, which are referenced in the introduction to the Expense Buying Agreement, are April 1, 2006, and March 31, 2008. The "60-days after" prior written notice termination clause (EBA, Section 3.1(b)) does not vary the "dates specified above." Not only is "60 days after" not a "specified" date, but the use of the word "dates" strongly implies calendar dates already specified.

The first definition of "date" found at the well regarded website, dictionary.com, reads as follows: "a particular month, day, and year at which some event happened or will happen: *July 4, 1776 was the date of the signing of the Declaration of Independence.*"

MerriamWebster.com/dictionary's first two definitions are: "a**:** the time at which an event occurs (the *date* of his birth) b**:** a statement of the time of execution or making (the *date* on the letter)."

Home Depot's strained interpretation of the word "date" does not comport with dictionary definitions. The EBA does not specially define that term, although it is replete with other special definitions (see, for example, Sections 1.1, 1.2, 2.1, 4.1, 4.2, and 5.1.) Thus, the usual definition applies.

Home Depot's attempt to utilize an uncertain event, which may never even occur, and which was unknown at the time the EBA was executed, in lieu of specific dates "specified above", and to label this potential event a "date specified above", is but a futile grasping at straws to avoid the consequences of its own drafting.

Nothing prevented Home Depot from including a definition, as it did in the Sections referenced above, such as "as used herein, the dates specified above are deemed to be April 1, 2006,

6

Memorandum of Points and Authorities in Opposition to Defendant's Motion to Dismiss Counts I and III of Plaintiff's Third Amended Complaint
Case No. C 07-02864 JSW

**RICE & BRONITSKY**
350 Cambridge Avenue, Suite 225
Palo Alto, CA 94306
650/289-9088

1  through March 31, 2008, or the effective date of termination as provided, pursuant to Section 3.1(a)
2  or (b) of this Expense Buying Agreement", whichever comes first. It did not do so. Home Depot is
3  thus bound by Georgia's principles of contract interpretation, which are similar to California Civil
4  Code § 1654, referenced supra at p. 4:5-7. When a contract is ambiguous, the ambiguities must be
5  construed against the drafter. *Associated Services v. Workman*, 265 Ga. App. 348, 352 (2004).

6  In anticipation of Home Depot's Reply Memorandum, and the potential that the Court will
7  not hear oral argument, B&O contends that the evidence will demonstrate that Section 19.0, which
8  states that the parties negotiated the terms of the Agreement and that it will not be construed against
9  either party, is patently inaccurate, and thus this section is not persuasive. No doubt minimal
10 discovery will demonstrate that this standard form EBA, which, at the bottom of every page, contains
11 the wording in all upper case, "CONFIDENTIAL AND PROPRIETARY TO HOME DEPOT", is
12 provided to suppliers on a "take it or leave it, no negotiations if you want Home Depot's business"
13 basis. B&O should be entitled to present this evidence.

14 Equally unconvincing is Home Depot's argument that EBA Section 3.1(e) terminates the 75
15 percent requirement contained in Exhibit A1. At the minimum, there is a conflict between Exhibit
16 A1, Section III, and its reference to "the dates specified above, and the co-terminus language of EBA
17 §3.1(e). As the introductory language to EBA Exhibit A-1 clearly states, "in the event of any conflict
18 or discrepancy between the terms or provisions of the EBA and this Exhibit A-1, this Exhibit A-1
19 shall control and govern." Given this conflict, Exhibit A-1 controls.

20 Certainly, if Home Depot is required to purchase from B&O "75% of the new store safety
21 netting systems within the dates specified above", that provision prevails over the early termination
22 provision, as to those products. B&O does not claim in its Third Claim for Relief that Home Depot
23 cannot terminate the contract before the end of two years, only that it must purchase from B&O 75
24 percent of all new store safety netting purchased by Home Depot from any source within that two-
25 year period. If, for example, Home Depot purchased a total of 100,000 new store safety netting units
26 during that two-year period, as long as 75,000 of those units were purchased from B&O, no breach
27 arose. Had Home Depot purchased these 75,000 units the first month of the contract, it could have
28 successfully invoked the early termination clause. However, B&O contends, and believes the

**RICE & BRONITSKY**
350 Cambridge Avenue, Suite 225
Palo Alto, CA 94306
650/289-9088

7

Memorandum of Points and Authorities in Opposition to Defendant's Motion to Dismiss Counts I and III of Plaintiff's Third Amended Complaint
Case No. C 07-02864 JSW

evidence will show, that Home Depot did not meet the 75 percent requirement by the time of the early termination. B&O should not be precluded from presenting this evidence. If Home Depot did not order 75 percent by the time of the early termination, it obviously did not do so through March 31, 2008. Once gain, Home Depot asks the Court to toss it a lifeline as to what it now says is meant by the contract, a lifeline which runs contrary to the holding in *Associated Services*, referenced above at p. 7:20-21.

## VI. DEFENDANT'S MOTION TO DISMISS DOES NOT ADDRESS OTHER CLAIMS CONTAINED WITHIN PLAINTIFF'S THIRD CLAIM FOR RELIEF.

As referenced above, ¶ 24 of Plaintiff's Third Claim for Relief seeks retroactive pricing damages based upon a termination without cause. Defendant's Motion does not address such.

Further, Defendant's Motion does not address Third Amended Complaint, ¶ 26, which claims damages in excess of $200,000, based upon Home Depot's failure to pay for product ordered after its notice of termination.

Finally, Defendant's Motion does not address Plaintiff's claim found in ¶ 27 of its Third Amended Complaint, which is based upon a failure to purchase products and parts manufactured and/or purchased for the express purpose of B&O fulfilling its obligations to Home Depot, pursuant to the EBA.

Even if the Court were to grant Defendant's Motion as to the claims found in Third Amended Complaint, ¶ 23, the damage claims found in ¶¶ 24, 26, and 27, and each of them, stand alone and must survive**.**

Dated: April 25, 2008                                                                      **Respectfully submitted,**

                                                                                                            RICE & BRONITSKY

                                                                                                            By:    /s/ Paul E. Rice
                                                                                                            Paul E. Rice
                                                                                                            Attorneys for Plaintiff
                                                                                                            B&O MANUFACTURING, INC.

8