**Paul E. Rice/Bar No. 062509**
**RICE & BRONITSKY**
350 Cambridge Avenue, Suite 225
Palo Alto, CA  94306
Telephone:     650/289-9088
Facsimile:      650/289-9093
price@civlit.com

Attorneys for Plaintiff
B&O Manufacturing, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| B&O MANUFACTURING, INC., <br><br> Plaintiff, <br> v. <br> HOME DEPOT U.S.A., INC., <br><br> Defendant. | Case No.: C 07-02864 JSW <br><br> **ANSWER TO COUNTERCLAIM** |

**COMES NOW** Counter-defendant B&O Manufacturing, Inc. ("B&O") and responds to the Counterclaim of Home Depot U.S.A., Inc. ("Home Depot") as follows:

1.   B&O admits the allegations of ¶ 1.

2.   Answering ¶ 2, B&O admits that it is a California corporation and denies that its principal place of business is San Francisco, California.  B&O further admits that it manufactures and distributes steel products, and further admits that it has supplied Home Depot with safety netting for its stores.  B&O admits that Home Depot purported to terminate the relationship with respect to Home Depot stores in the United States, but denies that said termination was in accordance with the termination provisions of the parties' underlying contract.  B&O admits that it continues to supply other Home Depot entities with safety netting systems for Home Depot stores outside the United States.

3.   B&O admits the allegations of ¶ 3.

4. B&O admits the allegations of ¶ 4.

5. B&O admits the allegations of ¶ 5, without admitting that B&O's residence is the sole reason that venue is proper.

6. Answering ¶ 6, B&O admits that Home Depot purchased safety netting systems from it for its home improvement warehouse stores, but denies that said purchases took place for only several years. B&O admits the allegations of the second sentence of ¶ 6. B&O denies the remaining allegations of said paragraph

7. B&O denies the allegations of ¶ 7.

8. Answering ¶ 8, B&O admits only that Mr. Calleja signed the "Refund Agreement" on or about January 31, 2006, and denies the remaining allegations of said paragraph.

9. Answering ¶ 9, B&O admits only that it made three payments to Home Depot, and denies the remaining allegations of said paragraph.

10. Answering ¶10, B&O is without sufficient information or belief to respond substantively to said allegations, and therefore denies said allegations on that basis.

11. Answering ¶ 11, B&O admits the allegations of said paragraph.

12. Answering the first sentence of ¶ 12, B&O admits that it has supplied Home Depot with some, but not all, of the referenced safety netting systems. Answering the second sentence of ¶ 12, said sentence is sufficiently vague and ambiguous for B&O to respond substantively to said allegations, and therefore denies said allegations on information and belief.

13. Answering ¶ 13, B&O admits only that it filed a lawsuit against Home Depot in 2004, and denies the remaining allegations of said paragraph.

14. Answering the first sentence of ¶ 14, B&O admits that it and Home Depot attempted to resolve their differences with each other. Answering the second sentence of ¶14, B&O admits that said sentence is generally accurate, but states that the specific terms of the release are contained within the document entitled "Release", which is part of Counterclaims Exhibit 1. To the extent said sentence implies that agreement was reached in late 2004, B&O denies such. Answering the third sentence of ¶14, B&O admits only that purchase order No. 9000522338 for 12,000 safety netting systems was issued in December 2004, and denies the remainder of the allegations of said sentence.

RICE & BRONITSKY
350 Cambridge Avenue, Suite 225
Palo Alto, CA 94306
650/289-9088

15. Answering the first sentence of ¶15 B&O admits that the parties signed a document entitled Memorandum of Understanding In April 2005, which represented an agreement between the parties. As Plaintiff denies that an agreement existed prior to the execution of the MOU, Plaintiff denies the characterization of the MOU as a formalization. Answering the second sentence of ¶14, B&O admits the allegations of the second sentence of ¶15 B&O, except to the extent that said sentence implies that said systems may be ordered before execution of the MOU or after May 15, 2005, which B&O denies. B&O denies the allegations of the third sentence of ¶ 15. B&O admits the allegations of the fourth sentence of ¶ 15.

16. Answering the first sentence of ¶16, B&O admits the allegations thereof. B&O denies the allegations of the second sentence of ¶ 16.

17. B&O denies the allegations of ¶ 17.

18. B&O denies the allegations of the first sentence of ¶18. Answering the second sentence of ¶18, B&O denies that either the December 2004 or the June 2005 purchase orders were submitted pursuant to the MOU. B&O denies that the MOU required it to supply Home Depot with at least 50 percent of its safety netting systems for new and remodeled Home Depot Stores. B&O admits that Home Depot continued to purchase additional systems throughout 2005 and 2006. However, Home Depot's motivations for doing so are unknown to B&O, which therefore denies the remainder of the allegations of the third sentence of ¶ 18 on information and belief.

19. B&O denies the allegations of ¶ 19.

20. B&O denies the allegations of ¶ 20.

21. B&O denies the allegations of ¶ 21.

22. B&O admits the allegations of the first sentence of ¶ 22. Answering the second sentence of ¶ 22, B&O denies that the stated purpose of the meeting was to discuss and negotiate a resolution to Home Depot's claim for $1.8 million, and, without admitting that B&O owed Home Depot $1.8 million, admits that at the meeting this general topic was raised by Mr. Curley. B&O denies the allegations of the third sentence of ¶ 18, in that Mr. Calleja's signature was obtained by duress, as referenced in B&O's Third Amended Complaint, and further denies that B&O owes Home Depot $1.8 million. B&O admits the allegations of the fourth sentence of ¶22, without admitting

RICE & BRONITSKY
350 Cambridge Avenue, Suite 225
Palo Alto, CA 94306
650/289-9088

1  that B&O owes Home Depot $1.8 million. B&O denies the allegations of the fifth and sixth
2  sentences of ¶22.

3       23.    As the first sentence of ¶ 23 is compound, ambiguous, and unintelligible, B&O is not
4  able to respond substantively thereto, and accordingly denies the allegations of said sentence on
5  information and belief. As the second sentence of ¶ 23 is apparently dependent upon the first
6  sentence of ¶ 23 to lend it meaning, and as the first sentence is compound, ambiguous and
7  unintelligible, B&O is not able to respond substantively thereto, and accordingly denies the
8  allegations of said sentence on information and belief.

9       24.    Answering the first sentence of ¶24, B&O admits that Mr. Calleja signed the "Refund
10  Agreement" prior to it being signed by Home Depot, but denies that said agreement was "presented."
11  B&O admits the second and third sentences of ¶ 24, except to the extent that the wording of the
12  Refund Agreement is alleged to constitute an explicit acknowledgment, and further alleges that as
13  said Refund Agreement was obtained by Home Depot from B&O under duress, as referenced in
14  B&O's Third Amended Complaint, B&O denies the enforceability of the Refund Agreement.

15       25.    B&O admits the allegations of ¶ 25.

16       26.    B&O denies the first sentence of ¶ 26, to the extent that it references an "outstanding
17  debt" and admits the remaining allegations of the first sentence of ¶ 26. Defendant denies the
18  allegations of the second sentence of ¶26.

19       27.    B&O admits only that it filed suit against Home Depot on June 7, 2007, and denies the
20  remaining allegations of the first sentence of ¶ 27. B&O denies that it owes Home Depot $1.2
21  million or any lesser sum, as referenced in the second sentence of ¶ 27. As the third sentence of ¶ 27
22  is vague, unclear, and unintelligible, B&O is unable to substantively respond to said sentence, and
23  therefore denies the allegations of said sentence on information and belief.

24       28.    Answering ¶ 28, B&O incorporates its responses to ¶¶ 1-27, as though set forth in full.
25       29.    B&O admits the allegations of ¶ 29.
26       30.    B&O denies the allegations of ¶ 30.
27       31.    B&O denies the allegations of ¶ 31.
28       32.    B&O denies the allegations of ¶ 32.

RICE & BRONITSKY
350 Cambridge Avenue, Suite 225
Palo Alto, CA 94306
650/289-9088

33. As the first sentence of ¶ 33 is unintelligible, B&O is unable to substantively respond to said allegations and therefore denies said allegations on information and belief. B&O admits that Home Depot accurately quotes the language of MOU §15.2 but denies that Section 15.2 "provides that Home Depot shall be entitled to recover the costs of enforcing the agreement (sic)any (sic)the terms of any purchase orders from B&O.

34. B&O denies the allegations of ¶34.

35. Answering ¶35, B&O admits only that Home Depot apparently seeks the award referenced, but denies that Home Depot is entitled to such, or any portion thereof.

36. Answering ¶36, B&O incorporates its responses to ¶¶ 1-35, as though set forth in full.

37. Answering ¶37, B&O admits only that it signed the Refund Agreement. B&O denies that the Refund Agreement is a valid and binding contract.

38. Answering ¶38, B&O admits only that it made certain payments thereunder, but denies the remaining allegations of said paragraph.

39. B&O denies the allegations of ¶39.

40. Answering ¶40, B&O admits only that Home Depot apparently seeks the award referenced, but denies that Home Depot is entitled to such, or any portion thereof.

41. Answering ¶ 41, B&O incorporates its responses to ¶¶ 1-40, as though set forth in full.

42. Answering ¶¶42-45 B&O denies the allegations of said paragraphs.

43. Answering ¶46, B&O admits only that Home Depot apparently seeks the recovery referenced, but denies that Home Depot is entitled to such, or any portion thereof.

## AFFIRMATIVE DEFENSES

Counter-defendant B&O Manufacturing, Inc. asserts the following affirmative defenses to the Counterclaim of Counter-claimant Home Depot U.S.A. Inc.

1. Counter-claimant's claims are barred by its failure to state a claim upon which relief can be granted.

2. Counter-claimant's claims are barred by its failure to mitigate damages.

3. Counter-claimant's claims are barred by the doctrine of laches.

4. Counter-claimant's claims are barred by the doctrine of waiver.

RICE & BRONITSKY
350 Cambridge Avenue, Suite 225
Palo Alto, CA 94306
650/289-9088

5. Counter-claimant's claims are barred by the doctrine of estoppel.

6. Counter-claimant's claims are barred by the doctrine of unclean hands.

7. Counter-claimant's claims are barred by material breach of Counter-claimant's obligations to Counter-defendant.

**WHEREFORE**, Counter-defendant prays judgment on the counterclaim as follows:

1. That counter-claimant recover nothing on its counterclaim;

2. For interest;

3. For costs;

4. For attorneys' fees;

5. For such other and further relief as the court may deem proper.

Dated: April 27, 2008                                            RICE & BRONITSKY


By:   /s/ Paul E. Rice

Paul E. Rice
Attorneys for Plaintiff
B&O MANUFACTURING, INC.

RICE & BRONITSKY
350 Cambridge Avenue, Suite 225
Palo Alto, CA 94306
650/289-9088