SEDGWICK, DETERT, MORAN & ARNOLD LLP
STEVEN ROLAND (Bar No. 108097)
AMBER RYE BRUMFIEL (Bar No. 215181)
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Telephone: (415) 781-7900
Facsimile: (415) 781-2635

BONDURANT, MIXSON & ELMORE, LLP
RONAN P. DOHERTY (*Pro Hac Vice*)
CHRISTOPHER T. GIOVINAZZO (*Pro Hac Vice*)
1201 West Peachtree Street NW, Suite 3900
Atlanta, Georgia 30309
Telephone: (404) 881-4100
Facsimile: (404) 881-4111

Attorneys for Defendant
HOME DEPOT U.S.A., INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| B&O MANUFACTURING, INC., <br><br> Plaintiff, <br><br> v. <br><br> HOME DEPOT U.S.A., INC., <br><br> Defendant. | CASE NO. C07 02864 JSW <br><br> **DEFENDANT HOME DEPOT U.S.A., INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS COUNTS I AND III OF PLAINTIFF'S THIRD AMENDED COMPLAINT** |

158495

**DEFENDANT HOME DEPOT U.S.A., INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS COUNTS I AND III OF PLAINTIFF'S THIRD AMENDED COMPLAINT**

BONDURANT, MIXSON
& ELMORE, LLP
3900 ONE ATLANTIC CENTER
1201 W. PEACHTREE ST., NW
ATLANTA, GA 30309
TELEPHONE (404) 881-4100

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ............................................................................................................. i

TABLE OF AUTHORITIES ...................................................................................................... ii

I.   SUMMARY OF ARGUMENT .......................................................................................1

II.  B&O's CLAIM FOR BREACH OF THE MOU IS TIME BARRED ...............................1

    A.   Home Depot's Motion to Dismiss Count One Was Not Waived ...........................1

    B.   The MOU's One-Year Limitations Period is Unambiguous .................................2

    C.   The MOU's One Year Time Limit is Enforceable .................................................3

III. COUNT THREE SHOULD BE DISMISSED BECAUSE HOME DEPOT
     HAD AN UNAMBIGUOUS RIGHT TO TERMINATE THE 2006 EBA ........................4

CONCLUSION ............................................................................................................................6

158495                                                                i

**DEFENDANT HOME DEPOT U.S.A., INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS
COUNTS I AND III OF PLAINTIFF'S THIRD AMENDED COMPLAINT**

BONDURANT, MIXSON
& ELMORE, LLP
3900 ONE ATLANTIC CENTER
1201 W. PEACHTREE ST., NW
ATLANTA, GA 30309
TELEPHONE (404) 881-4100

# TABLE OF AUTHORITIES

**Cases**

*Atlanta Dev., Inc. v. Emerald Capital Invs., LLC*, 258 Ga. App.
    472, 478, 574 S.E.2d 585, 590 (2002) ..................................................................................5

*Hambrecht & Quist Venture Partners v. American Medical Int'l, Inc.*,
    38 Cal. App. 4th 1532, 1548 (1995) ....................................................................................4

*Hays v. Mobil Oil Corp.*, 930 F.2d 96, 100 (1st Cir. 1991);  *NMP Corp.
    v. Parametric Tech. Corp,*, 958 F. Supp. 1536, 1548 (N.D. Okla.1997) ...........................4

*Lindsey v. United States*, 448 F. Supp. 2d 37, 54-55 (D.D.C. 2006) ...............................................2

*Moreno v. Sanchez*, 106 Cal. App. 4th 1415, 1440 (2003) ...............................................................4

*NMP Corp. v. Parametric Tech. Corp,*, 958 F. Supp. 1536, 1548 (N.D. Okla. 1997) ...................4

*Therma-Coustics Mfg., Inc. v. Borden, Inc.*, 167 Cal. App. 3d 282, 296 (1984) ............................4

*Waller v. Truck Ins. Exchange, Inc.*, 11 Cal. 4th 1, 18-19 (1995) ....................................................2

**Statutes**

O.C.G.A. § 13-2-2(4) .......................................................................................................................5

**Other**

Cal. Comm. Code § 2725(1) ............................................................................................................3

Fed. R. Civ. P. 12(g) and (h) ............................................................................................................2

Fed. R. Civ. P. 12(g)(2) ...................................................................................................................2

Fed. R. Civ. P. 12(h)(2) ...................................................................................................................2

Rule 7(a) .........................................................................................................................................2

Rule 12(b)(6) ...................................................................................................................................2

Rule 12(c) ........................................................................................................................................2

Rule 12(g)(2) ...................................................................................................................................2

Rule 12(h)(2) or (3) .........................................................................................................................2

158495  ii
**DEFENDANT HOME DEPOT U.S.A., INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS
COUNTS I AND III OF PLAINTIFF'S THIRD AMENDED COMPLAINT**

BONDURANT, MIXSON
& ELMORE, LLP
3900 ONE ATLANTIC CENTER
1201 W. PEACHTREE ST., NW
ATLANTA, GA 30309
TELEPHONE (404) 881-4100

## I. SUMMARY OF ARGUMENT

B&O Manufacturing, Inc. initiated this lawsuit in the summer of 2007. Three amended complaints later, the majority of B&O's claims still fail as a matter of law under the clear terms of the relevant contracts. B&O's Opposition Memorandum ("B&O Opp.") cites no relevant authority to support B&O's position. Instead, B&O is left to try to manufacture ambiguity through implausible constructions of the simple contract language at issue. The Court should reject B&O's arguments and grant Home Depot U.S.A., Inc.'s Motion to Dismiss Counts One and Three.

## II. B&O's Claim for Breach of the MOU is Time Barred.

As B&O does not dispute, the MOU states that "[B&O] agrees to bring any claim or dispute against The Home Depot (including payment disputes) within one year after the occurrence of the event giving rise to such dispute." 2005 Expense Buying Agreement, Exh. C to MOU, ¶ 15.7 at 8; B&O Opp. at 2-3. B&O also does not dispute that it did not bring its MOU claims within one year. Instead, B&O contends that: (1) Home Depot failed to raise timeliness in prior motions; (2) the MOU's one year limitation clause is ambiguous; and (3) a contractual one-year time bar is unenforceable. These arguments cannot save Count One.

### A. Home Depot's Motion to Dismiss Count One Was Not Waived.

The fact that Home Depot previously had not raised the MOU's one-year limitations period does not foreclose Home Depot's motion. As B&O concedes, there is no rule against sequential motions to dismiss—just as there is no rule against sequential complaints. *See* B&O Opp. at 1. To the contrary, the Federal Rules permit a defendant to raise a defense for failure to state a claim even if that defense was available and not raised in an earlier motion to dismiss. *See* Fed. R. Civ. P. 12(g) and (h). According to Rule 12(g)(2), "*(e)xcept as provided in Rule*

158495                                     1

**DEFENDANT HOME DEPOT U.S.A., INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS
COUNTS I AND III OF PLAINTIFF'S THIRD AMENDED COMPLAINT**

BONDURANT, MIXSON
& ELMORE, LLP
3900 ONE ATLANTIC CENTER
1201 W. PEACHTREE ST., NW
ATLANTA, GA 30309
TELEPHONE (404) 881-4100

*12(h)(2) or (3)*, a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2) (emphasis added). The Rule 12(h)(2) exception permits defendants to raise a defense of failure to state a claim "(A) in any pleading allowed or ordered under Rule 7(a); (B) by a motion under Rule 12(c); or (C) at trial." Fed. R. Civ. P. 12(h)(2). Thus, "a defendant does not waive its right to assert that the plaintiff has failed to state a claim upon which relief can be granted simply by not including that defense in its initial Rule 12(b) motion to dismiss." *Lindsey v. United States*, 448 F. Supp. 2d 37, 54-55 (D.D.C. 2006).

B&O has repeatedly revised and amended its claims, and Home Depot has already filed its Answer to B&O's current Complaint. Because Home Depot's motion to dismiss will not delay the litigation, it should be heard by the Court. *Id.* Even if the Court were to construe Home Depot's motion as a Rule 12(c) motion on the pleadings rather than under Rule 12(b)(6), the result must be the same because the MOU's clear language bars any B&O claim under the MOU. B&O offers no legal or practical reason that the Court should not consider the timeliness of Count One upon the instant motion.

**B.    The MOU's One-Year Limitations Period is Unambiguous**

B&O contends that the MOU's straightforward words "bring any claim or dispute" are ambiguous, and that they could encompass "something other than litigation." *See* B&O Opp. at 2. As the California Supreme Court has explained, "[c]ourts will not strain to create an ambiguity where none exists." *Waller v. Truck Ins. Exchange, Inc.*, 11 Cal. 4th 1, 18-19 (1995). There is nothing ambiguous about the common and straightforward phrase "bring any claim or dispute," which is widely used to refer to litigation.

Even if the Court were to accept B&O's tortured construction of "bring any claim,"

158495         2
**DEFENDANT HOME DEPOT U.S.A., INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS
COUNTS I AND III OF PLAINTIFF'S THIRD AMENDED COMPLAINT**

BONDURANT, MIXSON
& ELMORE, LLP
3900 ONE ATLANTIC CENTER
1201 W. PEACHTREE ST., NW
ATLANTA, GA 30309
TELEPHONE (404) 881-4100

1  nothing in B&O's complaint or its brief suggests that B&O did anything else to bring its MOU
2  claim within the relevant time period.  B&O offers two alternative meanings for the bringing a
3  claim or dispute: (1) initiating mediation or (2) informing Home Depot of the claim.  Neither
4  B&O's complaint nor its brief makes any suggestion that B&O took either of these steps during
5  the year after the events giving rise to B&O's claims for breach of the MOU took place.
6  Accordingly, B&O's claims under the MOU would still be time-barred even if the Court
7  accepted B&O's strained ambiguity argument.
8
9  Nor is B&O correct that the mention of a Reference Guide in section 15.7, second
10  sentence forecloses Home Depot's motion.  The first sentence of section 15.7 refers to "any
11  claim or dispute against The Home Depot (including payment disputes)."  *See* Exh. C to MOU.
12  The second sentence goes on to state that the Reference Manual governs payment disputes,
13  which plainly constitutes a subset of the larger category of "any disputes."  B&O's Count I
14  concerns the allegation that Home Depot failed to place orders for product.  *See* Third Am.
15  Compl. ¶¶ 6-12.  Because that claim cannot be characterized as a payment dispute, B&O's
16  argument is a non sequitur.

**C.    The MOU's One Year Time Limit is Enforceable.**

California Commercial Code Section 2725(1) explicitly allows contracts for the sale of
goods to "reduce the period of limitation to not less than one year."  Cal. Comm. Code §
2725(1).  As noted in Home Depot's opening brief, California courts have already held that a
contract clause setting a one-year limitation period is enforceable even if it applies to only one
party to the contract.  *See Therma-Coustics Mfg., Inc. v. Borden, Inc.*, 167 Cal. App. 3d 282, 296
(1984).  B&O contends that *Therma-Coustics* is not on point, but the very introduction to that
case states that it concerns the enforceability of a "limitation of one year within which *the buyer*

158495                                              3
**DEFENDANT HOME DEPOT U.S.A., INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS
COUNTS I AND III OF PLAINTIFF'S THIRD AMENDED COMPLAINT**

BONDURANT, MIXSON
& ELMORE, LLP
3900 ONE ATLANTIC CENTER
1201 W. PEACHTREE ST., NW
ATLANTA, GA 30309
TELEPHONE (404) 881-4100

1  could commence an action under this contract after such action had accrued." *Id.* at 284

2  (emphasis added).

3      B&O cites no law or any other authority that would give the Court any reason to doubt

4  the enforceability of the MOU's limitations clause. In fact, "California courts have uniformly

5  enforced provisions shortening the four-year statutory limitations period for breach of a written

6  contract to one year." *Moreno v. Sanchez*, 106 Cal. App. 4th 1415, 1440 (2003). "[E]xcept as

7  restricted by statute, California courts accord contracting parties substantial freedom to modify

8  the length of the statute of limitations." *Hambrecht & Quist Venture Partners v. American*

9  *Medical Int'l, Inc.*, 38 Cal. App. 4th 1532, 1548 (1995). In this case, a California statute

10 expressly authorizes the curtailed limitations on which Home Depot relies. Neither Section 2725

11 of the Commercial Code nor any other provision of law requires that a contractual clause

12 shortening the limitations period apply to both parties. Multiple courts outside of California

13 have also enforced one-year contractual limitations clauses that apply to only one party.

14 *See Hays v. Mobil Oil Corp.*, 930 F.2d 96, 100 (1st Cir. 1991); *NMP Corp. v. Parametric Tech.*

15 *Corp,*, 958 F. Supp. 1536, 1548 (N.D. Okla. 1997).

### III.  COUNT THREE SHOULD BE DISMISSED BECAUSE HOME DEPOT HAD AN UNAMBIGUOUS RIGHT TO TERMINATE THE 2006 EBA.

    B&O acknowledges that the 2006 EBA includes a clause entitled "Term and Termination" that permits Home Depot to terminate the agreement with 60-days notice. *See* EBA, ¶ 3.1; B&O Opp., at 6 ("B&O does not dispute that the printed form [EBA] contains a 60-day termination clause."). B&O nevertheless insists that this termination clause was subsumed and eliminated *by the EBA's pricing exhibit*, an attachment that says nothing at all about the parties' rights to terminate the agreement. *Id*. at 6-7. B&O reaches this conclusion even though

158495    4

**DEFENDANT HOME DEPOT U.S.A., INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**
**COUNTS I AND III OF PLAINTIFF'S THIRD AMENDED COMPLAINT**

BONDURANT, MIXSON
& ELMORE, LLP
3900 ONE ATLANTIC CENTER
1201 W. PEACHTREE ST., NW
ATLANTA, GA 30309
TELEPHONE (404) 881-4100

the pricing exhibit actually refers to and incorporates the EBA's term by setting pricing and volumes "within the dates specified above." *Id.*

According to B&O, the five words "within the dates specified above" in the EBA's pricing exhibit do not incorporate the EBA's Term and Termination clauses. Rather, B&O argues that these five words *revoke* these three paragraphs of the EBA ("Term," "Term and Termination," and "Effect of Termination," *see* EBA ¶¶ 3.0-3.2). In B&O's estimation, the words "within the dates specified above" force Home Depot to comply with the EBA for the dates mentioned only in the EBA's introductory paragraph. *See* B&O Opp. at 6-7.

B&O has not identified any conflict between the EBA and the pricing exhibit. Because a conflict presents the only grounds on which B&O could argue that the exhibit's language might control instead of the EBA, B&O cannot ignore the EBA's termination provisions. Moreover, B&O's strained construction of the EBA contradicts the principle that "[t]he construction which will uphold a contract in whole and in every part is to be preferred, and the whole contract should be looked to in arriving at the construction of any part." O.C.G.A. § 13-2-2(4).[1] "It is axiomatic that any construction that renders portions of the contract language meaningless should be avoided." *Atlanta Dev., Inc. v. Emerald Capital Invs., LLC*, 258 Ga. App. 472, 478, 574 S.E.2d 585, 590 (2002).

B&O's claims for wrongful termination should be dismissed with prejudice, including B&O's claims for "retroactive pricing damages" and for Home Depot's alleged failure to buy "substantial quantities of [] product." *See* B&O Opp. at 8; Third Am. Compl., ¶¶ 24, 27. The sole basis for either of these claims is Home Depot's supposedly wrongful termination of the

---

[1] The EBA is a Georgia contract. *See* EBA ¶ 16.0.

158495                                     5
**DEFENDANT HOME DEPOT U.S.A., INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS COUNTS I AND III OF PLAINTIFF'S THIRD AMENDED COMPLAINT**

BONDURANT, MIXSON & ELMORE, LLP
3900 ONE ATLANTIC CENTER
1201 W. PEACHTREE ST., NW
ATLANTA, GA 30309
TELEPHONE (404) 881-4100

EBA. *See* Third Am. Compl., ¶ 24 (alleging that "retroactive modification" of the EBA's pricing was warranted "[d]ue to HD's early termination."); *id.* at ¶ 27 (failing to identify any way in which Home Depot breached the EBA by failing "to purchase substantial quantities of completed product" other than the allegedly wrongful termination noted elsewhere in Count Three).

## CONCLUSION

For the reasons set forth above, the Court should dismiss Counts One and Three with prejudice for failure to state a claim.

DATED: May 5, 2008     BONDURANT, MIXSON & ELMORE, LLP


By: /s/Ronan P. Doherty
　　Ronan P. Doherty
　　Christopher T. Giovinazzo
　　Attorneys for Defendant
　　HOME DEPOT U.S.A., INC.

158495                                6
**DEFENDANT HOME DEPOT U.S.A., INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS
COUNTS I AND III OF PLAINTIFF'S THIRD AMENDED COMPLAINT**

BONDURANT, MIXSON
& ELMORE, LLP
3900 ONE ATLANTIC CENTER
1201 W. PEACHTREE ST., NW
ATLANTA, GA 30309
TELEPHONE (404) 881-4100

**CERTIFICATE OF SERVICE**

I hereby certify that on May 5, 2008 I have electronically filed the within and foregoing **DEFENDANT HOME DEPOT U.S.A., INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS COUNTS I AND III OF PLAINTIFF'S THIRD AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney of record, and by U.S. mail, postage prepaid thereon, addressed as follows:

> Paul E. Rice
> Rice & Bronitsky
> 350 Cambridge Ave., Suite 225
> Palo Alto, California  943006

/s/Ronan P. Doherty
Ronan P. Doherty

158495

DEFENDANT HOME DEPOT U.S.A., INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS
COUNTS I AND III OF PLAINTIFF'S THIRD AMENDED COMPLAINT — 7

BONDURANT, MIXSON
& ELMORE, LLP
3900 ONE ATLANTIC CENTER
1201 W. PEACHTREE ST., NW
ATLANTA, GA 30309
TELEPHONE (404) 881-4100