IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| B&O MANUFACTURING, INC., | |
| Plaintiff, | No. C 07-02864 JSW |
| v. | |
| HOME DEPOT U.S.A., INC., | **ORDER DENYING DEFENDANT'S MOTION TO MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT** |
| Defendant. | |

Now before the Court is defendant Home Depot U.S.A., Incorporated's ("Home Depot") motion to dismiss plaintiff B&O Manufacturing, Incorporated's ("B&O") Third Amended Complaint ("TAC"). The Court finds that these matters are appropriate for disposition without oral argument and they are hereby deemed submitted. *See* Civ. L.R. 7-1(b). Accordingly, the hearing set for July 18, 2008 is HEREBY VACATED. Having carefully reviewed the parties' papers and considered their arguments and relevant legal authority, the Court hereby denies Home Depot's motion to dismiss.

**BACKGROUND**

In essence, this action is a contract dispute between B&O and Home Depot. For approximately the last thirteen years, Home Depot has been B&O's largest customer. (TAC, ¶ 14.) B&O alleges that Home Depot and it executed a Memorandum of Understanding ("MOU"). (*Id.*, ¶ 6, Ex. 1.) Pursuant to the MOU, Home Depot agreed to: (1) purchase orders for 72,000 units of split curtain safety netting systems by May 15, 2005; (2) purchase all orange

1  netting then owned by B&O; and (3) advise B&O of the identity and location of suppliers of
2  safety netting products similar to B&O's products within California. (*Id.*, ¶¶ 6-10, Ex. 1.)
3  B&O alleges that Home Depot breached these provisions of the MOU.

4  The MOU further provides that any litigation between the parties arising out of the
5  MOU shall be brought in the Northern District of California and be governed by California law.
6  (*Id.*, Ex. 1.)

7  The MOU incorporates attached exhibits, which includes an Expense Buying
8  Agreement. (*Id.*, Ex. 1 at ¶ 3; Declaration of Christopher T. Giovinazzo ("Giovinazzo Decl."),
9  Ex. C to Ex. 1.) The Expense Buying Agreement provides that any dispute arising out of or
10 relating to the agreement shall be mediated by the parties as a condition precedent to any
11 litigation. (Giovinazzo Decl., Ex. C to Ex. 1 at ¶ 15.6.) The Expense Buying Agreement also
12 provides: "Notwithstanding any provision to the contrary, Supplier agrees to bring any claim or
13 dispute against The Home Depot (including payment disputes) within one year after the
14 occurrence of the event giving rise to such dispute." (*Id.*, Ex. C to Ex. 1 at ¶ 15.7.)

15 B&O also alleges that in June of 2006, the parties entered into a written contract, an
16 Expense Buying Agreement, with an effective date of April 1, 2006 ("2006 Expense Buying
17 Agreement"). (TAC., ¶ 22, Ex. 3.) According to B&O, because Home Depot terminated this
18 agreement, without cause, Home Depot breached this agreement by failing to purchase 75% of
19 all new store netting within the specified time period. (*Id.*, ¶¶ 23, 24.) Section 3.1(b) of the
20 2006 Expense Buying Agreement provides: "Home Depot may terminate this Agreement
21 without cause, upon sixty (60) days prior written notice to Contractor." (*Id.*, Ex. 3.) Attached
22 to the 2006 Expense Buying Agreement is an Exhibit A-1, which provides that it is an
23 addendum to and part of the agreement and that to the extent there is any conflict or discrepancy
24 between the terms of the 2006 Expense Buying Agreement and Exhibit A-1, Exhibit A-1
25 controls. (*Id.*, Ex. 3.) Exhibit A-1 also provides, in pertinent part: "Volume commitment only
26 applies to 75% of the new store safety netting within the dates specified above. ..." (*Id.*, Ex. 3.)
27 B&O alleges that Home Depot breached the Expense Buying Agreement by terminating it
28 before Home Depot had purchased seventy-five percent of new store netting from B&O within

2

1 the specified date. (*Id.*, ¶¶ 23-24.) The 2006 Expense Buying Agreement provides that it is
2 governed by Georgia law and that any lawsuits shall be filed in the Northern District of Geogia.
3 (*Id.*, Ex. 3.)

## ANALYSIS

**A.  Legal Standards Applicable to Motions to Dismiss.**

A motion to dismiss is proper under Federal Rule of Civil Procedure Rule 12(b)(6) ("Rule 12(b)(6)") where the pleadings fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Motions to dismiss are viewed with disfavor and are rarely granted. *Hall v. City of Santa Barbara*, 833 F.2d 1270 (9th Cir. 1986). "A complaint may be dismissed for one of two reasons: (1) lack of a cognizable theory or (2) insufficient facts under a cognizable legal claim." *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986).

**B.  Home Depot's Motion to Dismiss.**

**1.  B&O's First Claim for Breach of Contract.**

Home Depot moves to dismiss B&O's first claim for breach of contract under the MOU. Home Depot argues that this claim is barred by the one-year limitations period as stated in the Expense Buying Agreement incorporated into the MOU. The contract provision at issue provides: "Notwithstanding any provision to the contrary, Supplier agrees to bring any claim or dispute against The Home Depot (including payment disputes) within one year after the occurrence of the event giving rise to such dispute." (Giovinazzo Decl., Ex. C to Ex. 1 at ¶ 15.7.) B&O proffers several arguments in opposition, but the one the Court finds persuasive is that this contract language is ambiguous.

Under California law, "[t]he interpretation of contracts ... involves a complex interplay of questions of fact and questions of law." *City of Santa Clara v. Watkins*, 984 F.2d 1008, 1012 (9th Cir. 1993). Whether a contract term in a written agreement is ambiguous is a question of law for the Court to decide. *Id*. A contract term is ambiguous if it is reasonably susceptible to

3

more than one meaning. *ASP Properties Group v. Fard, Inc.*, 133 Cal. App. 4th 1257, 1270 (2005). In order to determine whether a contract term is ambiguous, "[e]ven if the written agreement is clear and unambiguous on its face, the trial judge must receive relevant extrinsic evidence that can prove a meaning to which the language of the contract is 'reasonably susceptible.'" *City of Santa Clara*, 984 F.2d at 1012.

As B&O argues, this language is not clear with respect to what method B&O would be required to bring a claim or dispute to Home Depot's attention. Perhaps writing a letter addressing the dispute would be sufficient, or as the proceeding contract provision states that mediation is a condition precedent to any litigation, perhaps initiating mediation would be sufficient. (*Id.*, Ex. C to Ex. 1 at ¶ 15.6.) Notably, the contract language in the case Home Depot relies on is distinctively clear that the plaintiff was required to initiate litigation within one year of the accrual of any cause of action. *Therma-coustics Mfg., Inc. v. Borden, Inc.*, 167 Cal. App. 3d 282, 287 (1985). The contract at issue in *Therma-coustics* provided: "<u>Claim Period.</u> ... In no event shall Buyer commence any action under this contract later than one year after the cause of action has accrued." *Id*. In contrast, the contract language at issue here does not reference "action," "cause of action," or "accrual," all of which are terms of art used in the litigation context.

At this procedural stage, the Court declines to hold as a matter of law that there is no evidence which may demonstrate that the provision at issue is not reasonably susceptible to more than one meaning, and thus unambiguous, with respect to whether B&O was required to file its lawsuit within one year of this claim arising. Therefore, the Court denies Home Depot's motion as to B&O's first claim.

**2. B&O's Third Claim for Breach of Contract**

B&O brings a claim for breach of contract against Home Depot, alleging that Home Depot breached the 2006 Expense Buying Agreement by: (1) failing to purchase seventy-five percent of the new store safety netting; (2) failing to pay for over $200,000 of product ordered by Home Depot; and (3) failing, despite demand by B&O, to purchase substantial quantities of completed product. (TAC, ¶¶ 23-27.) Home Depot moves to dismiss Plaintiff's third claim

4

based only on the grounds that it was not required to continue to purchase seventy-five percent of new store netting after Home Depot terminated the agreement pursuant to the terms of the 2006 Expense Buying Agreement. Home Depot's motion does not address B&O's other alleged breaches.[1]

Even if the Court were to find in Home Depot's favor in that Home Depot was no longer required to purchase seventy-five percent of new store netting after it terminated the agreement in accordance with the terms of the 2006 Expense Buying Agreement, B&O alleges another basis for the breach of contract claim - that Home Depot failed to pay for over $200,000 of product ordered by Home Depot and failed to purchase substantial quantities of completed product. (TAC, ¶¶ 26, 27.) Thus, regardless of whether the Court adopts Home Depot's or B&O's proposed constructions of the 2006 Expense Buying Agreement and attached exhibits regarding the right to terminate the agreement, B&O sufficiently states a breach of contract claim. Accordingly, the Court denies Home Depot's motion to dismiss B&O's third claim.

## CONCLUSION

For the foregoing reasons, the Court DENIES Home Depot's motion to dismiss.

**IT IS SO ORDERED.**

Dated: July 16, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[1] In its reply brief, Home Depot argues that its motion to dismiss, if granted, would resolve B&O's other alleged breaches, however, even if the Home Depot could expand its motion to dismiss through its reply brief, Home Depot still has not addressed B&O's alleged breach of failing to pay for over $200,000 of product ordered by Home Depot. (TAC, ¶ 26.)

5